1  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Richard M. Heimann (State Bar No. 063607)
2  Joy A. Kruse (Motion for *Pro hac vice* to be filed)
   Sharon M. Lee (Motion for *Pro hac vice* to be filed)
3  275 Battery Street, 29th Floor
   San Francisco, CA  94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5
   *Proposed Lead Counsel*
6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>    Defendants. | Case No. 3:10-CV-1959-BTM-BLM<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE ARENA INVESTORS GROUP'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Date:  January 14, 2011<br>Time:  11:00 a.m.<br>Ctrm:  15<br>Judge:  Barry T. Moskowitz<br><br>*Per Chambers, no oral argument unless requested by the Court.* |

(*captions continued on following page*)

| | |
|---|---|
| WILLIAM SUTLIFF and JEAN SUTLIFF, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF and WILLIAM SHANAHAN, JR.,<br><br>                    Defendants. | Case No. 3:10-CV-1961-JLS-NLS |
| WILLIAM PRATT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>                    Defendants. | Case No. 3:10-CV-01977-BTM-BLM |
| CRAIG RUBENSTEIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>                    Defendants. | Case No. 3:10-CV-1984-BTM-BLM |

(*captions continued on following page*)

| | |
|---|---|
| RODNEY VELASQUEZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>    Defendants. | Case No. 3:10-CV-2026-BTM-BLM |
| THONG VU, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>    Defendants. | Case No. 3:10-CV-2086-BTM-BLM |
| ARIC D. JACOBSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>    Defendants. | Case No. 3:10-CV-2335-BTM-BLM |

## I. INTRODUCTION

Class members Michael J. Corbi, Serge and Sebouh Serabian, Mark Finkelstein, and Guztavo Soto (collectively, the "Arena Investors Group" or "Movant") respectfully submit this memorandum of law in support of their motion for an Order: (1) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Arena Investors Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving the Arena Investors Group's selection of the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel pursuant to the PSLRA.

Presently pending in this district are seven different securities class action lawsuits (the "Related Actions") brought on behalf of purchasers of the securities of Arena Pharmaceuticals, Inc. ("Arena") between December 8, 2008 and September 16, 2010 against Arena and certain of its officers and directors for violations of federal securities laws.[1] The Related Actions are as follows:

| Case Name | Case Number | Dated Filed |
|---|---|---|
| *Schueneman v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-01959 | September 20, 2010 |
| *Sutliff v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-01961 | September 21, 2010 |
| *Pratt v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-01977 | September 22, 2010 |
| *Rubenstein v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-01984 | September 22, 2010 |
| *Velasquez v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-02026 | September 29, 2010 |

---

[1] The above-captioned actions allege different class periods – either a) May 11, 2009 to September 16, 2010, b) March 30, 2009 to September 17, 2010, or c) December 8, 2008 to September 16, 2010. For the purpose of this motion, the Arena Investors Group has used the longest pleaded class period (*i.e.*, December 8, 2008 to September 16, 2010) (the "Class Period") to calculate its financial interest. The difference between class periods, however, does not affect consolidation of the related actions because the issue can be resolved when the appointed lead plaintiff(s) files a consolidated amended complaint. *See, e.g., Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating actions alleging different class periods).

1

| | | |
|---|---|---|
| *Vu v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-02086 | October 7, 2010 |
| *Jacobson v. Arena Pharmaceuticals, Inc., et al.* | 3:10-cv-0233 | November 12, 2010 |

The Related Actions assert claims against Arena and certain of its officers and directors for violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77l, and/or Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

Pursuant to the PSLRA, the Court shall decide whether to consolidate the related actions prior to selecting a Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, as discussed below, the Related Actions should be consolidated because they each allege substantially the same wrongdoing against the same defendants and assert similar claims of relief.

As soon as practicable after consolidation, the Court is to appoint as Lead Plaintiff the movant or group of movants that has demonstrated the "largest financial interest in the litigation" and that also meets the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* § 15 U.S.C. § 77z-1(a)(3)(B)(iii) and § 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Arena Investors Group is the most adequate plaintiff because: (1) by submitting its motion and supporting papers, it has fulfilled the PSLRA's procedural requirements; (2) the Arena Investors Group, during the Class Period, (i) purchased 201,342 shares of Arena common stock, (ii) was a net purchaser of 46,560 shares of Arena common stock, (iii) expended a net amount of approximately $416,761 on purchases of shares of Arena common stock, and (iv) suffered an approximate loss of $337,037; therefore, to the best of its knowledge, has the largest financial interest in the relief sought by the Class; and (3) it satisfies the typicality and adequacy requirements of Rule 23 (a)(3) and (4) of the Federal Rules of Civil Procedure. Accordingly, the Court should appoint the Arena Investors Group as Lead Plaintiff.

The Court should also approve the Arena Investors Group's selection of Lieff Cabraser as Lead Counsel. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v). Lieff

2

Cabraser has extensive experience in representing shareholders in securities class actions involving financial fraud and has recovered millions of dollars on behalf of class members. For the reasons set forth below, the Arena Investors Group's motion should be approved in its entirety.

In support of its motion, the Arena Investors Group relies on this memorandum, the Declaration of Richard M. Heimann and exhibits thereto, and a [Proposed] Order, submitted herewith.

## II.    SUMMARY OF FACTUAL ALLEGATIONS

Arena is a clinical-stage biopharmaceutical company headquartered in San Diego, California that focuses on discovering, developing, and commercializing oral drugs that target G protein-coupled receptors. Arena's principal drug under development is lorcaserin hydrochloride ("Lorcaserin"), an experimental weight loss drug. In December 2009, after completing certain pre-clinical and clinical trials, Arena submitted a New Drug Application ("NDA") for Lorcaserin to the Food and Drug Administration ("FDA").

During the Class Period, defendants made materially false statements regarding Lorcaserin. Specifically, during the Class Period, defendants touted Lorcaserin's purported efficacy, safety, and tolerability and its potential for success but failed to disclose that certain pre-clinical studies found that the drug caused certain cancer in rats.

On September 14, 2010, the FDA issued a briefing document in advance of its advisory panel meeting in which the FDA questioned the safety and efficacy of Lorcaserin. The briefing document revealed, among other things, that Lorcaserin produced minimal weight loss results and raised certain cardiovascular and cancer risk in patients treated with the drug. In addition, the briefing document disclosed that Lorcaserin was associated with the development of malignant tumors in rats treated with the drug. On this news, the price of Arena common stock fell $2.72 per share, or nearly 40 percent, from its closing price on September 13, 2010 to close at $4.13 per share.

On September 16, 2010, trading of Arena stock was halted, pending the outcome of the

advisory panel hearing. On the same day, *The Wall Street Journal* reported that the FDA advisory panel voted 9 to 5 against approval of Lorcaserin due to concerns with the drug's efficacy and potential safety problems, including the development of tumors in rats. On the following day, September 17, 2010, Arena's stock fell another $1.75 per share, or approximately 47 percent, to close at $1.99 per share.

## III.  ARGUMENT

### A.  The Actions Should Be Consolidated

The PSLRA requires that prior to the appointment of a lead plaintiff, a court should consolidate securities class actions brought "on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 77z-1(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions "if [the] actions before the court involve a common question of law or fact."

Here, the Related Actions involve the same operative facts, assert violations of the Securities Act and/or Exchange Act, and name the same defendants. In the interests of judicial efficiency and economy, the Related Actions should be consolidated for all purposes.

### B.  The Arena Investors Group Should Be Appointed Lead Plaintiff

The PSLRA sets forth a procedure that governs the appointment of a lead plaintiff in a private action arising under the Securities Act and Exchange Act brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B)(i) and 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have

4

previously filed a complaint in the action. 15 U.S.C. §§ 77z-1(a)(3)(A) and (B) and 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d at 729-30.

### 1. The Arena Investors Group Timely Moved For Appointment as Lead Plaintiff

In this case, the plaintiff in the first-filed action published a notice on *Marketwire* on September 20, 2010.[2] The notice advised all Class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by November 19, 2010. *See* Heimann Decl. at Exhibit A. The Arena Investors Group's motion, filed on November 19, 2010, is therefore timely.

---

[2] *See* Declaration of Richard M. Heimann In Support Of The Arena Investors Group For Consolidation Of Actions, Appointment As Lead Plaintiff And Approval of Selection of Lead Counsel ("Heimann Decl.") at Exhibit A (attaching a copy of notice).

### 2. The Arena Investors Group Has The Largest Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff begins with identifying the movant with the largest financial interest in the litigation. *In re Cavanaugh*, 306 F. 3d at 732. During the Class Period, the Arena Investors Group (i) purchased 201,342 shares of Arena common stock, (ii) was a net purchaser of 46,560 shares of Arena common stock, (iii) expended a net amount of approximately $416,761 on purchases of shares of Arena common stock, and (iv) suffered an approximate loss of $337,037. *See* Heimann Decl., at Exhibits B and Exhibit C (attaching copies of the Certification of Proposed Lead Plaintiff of each member of the Arena Investors Group and a chart analyzing their financial interest, respectively). To the best of its knowledge, the Arena Investors Group has the largest financial interest in the relief sought in this litigation by all plaintiffs and movants.

### 3. The Arena Investors Group Satisfies The Requirements of Fed. R. Civ. P. 23

In addition to satisfying the requirement set forth above, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In assessing which movant should be appointed as lead plaintiff, however, the inquiry should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy. *See In re Cavanaugh*, 306 F.3d at 730.

#### a. The Arena Investors Group's Claims Are Typical Of the Claims of the Class

The typicality requirement of Fed. R. Civ. P. 23 is satisfied "if the representative's claims are 'reasonably coextensive with those of absent class members; they need not be substantially identical.'" *Backe v. Novatel Wireless, Inc.*, No. 08-CV-01689-H, 2008 U.S. Dist. LEXIS 100622, at *10 (S.D. Cal. Dec. 10, 2008) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Generally, in securities fraud class actions, typicality can be demonstrated by a showing that the movant's claims arise out of the same course of conduct and same legal

6

theories that give rise to the claims of class members. *See Backe,* 2008 U.S. Dist. LEXIS at *11; *Ruland v. Infosonics Corp.*, No. 06-cv-1231, 2006 U.S. Dist. LEXIS 79144, at *17 (Oct. 23, 2006 S.D. Cal.).

The Arena Investors Group satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, it: (1) purchased Arena securities during the Class Period; (2) purchased such securities at prices that were artificially inflated by defendants' wrongful conduct; and (3) suffered damages thereby. The Arena Investors Group's claims are therefore typical of the claims of other class members because they all arise out of the same course of events and are based on the same legal theories.

### b. The Arena Investors Group Will Fairly And Adequately Represent The Interests Of The Class

Rule 23(a)(4) of the Federal Rules of Civil Procedure requires that a representative party also demonstrate that it will "fairly and adequately protect the interests of the class." A representative party is "adequate" if its interests "are not antagonistic to those of absent class members, the action does not appear to be collusive, and counsel for the class is qualified and competent." *In re Northern Dist. of California, Dalkon Shield IUD Liab. Prod. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982).

The Arena Investors Group has made a sufficient showing that it is adequate under Rule 23. The Arena Investors Group and its counsel believe that their interests do not conflict with the interests of other Class members. In fact, the interest of the Arena Investors Group and other class members are aligned because each class members purchased Arena securities in reliance on the defendants' misrepresentations or omissions. There is also no evidence that the Arena Investors Group's action is collusive. Moreover, the Arena Investors Group's selection of proposed Lead Counsel, Lieff Cabraser, is qualified and competent, as demonstrated herein.

In addition, the Arena Investors Group has demonstrated that it is a small and cohesive group of investors that is more than capable of spearheading this litigation as Lead Plaintiff. As a group comprised of five investors, the Arena Investors Group complies with the SEC's

recommendation that lead plaintiff groups consist of no more than "three to five persons." *See In re Baan Co. Sec. Litig.*, 186 F.R.D 214, 217 (D.D.C. 1999). To further demonstrate its adequacy, the Arena Investors Group provides herewith a Joint Declaration in which each of its members attest that they have conferred with each other and have agreed to work together in prosecuting the litigation as lead plaintiffs.[3] The members of the Arena Investors Group have also agreed to, among other things, keep fully informed of the status of the litigation and the potential for any resolution; to confer regularly amongst themselves and Lead Counsel for status updates; to supervise and direct Lead Counsel to ensure that the case is litigated efficiently; to take a pro-active role in the prosecution of the case; and to reach decisions regarding the litigation jointly and by a majority vote. *See* Joint Declaration. All members of the Arena Investors Group have expressed their desire in representing the class and directing counsel, and have demonstrated that they can and do intend to work together in realizing their goals. *See id.*

### C. The Arena Investors Group's Selection Of Lead Counsel Should Be Approved

The PSLRA directs that once a court designates a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's selection of lead counsel, however, shall not be disturbed unless it is necessary to protect the interests of the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d at 732, n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

The Arena Investors Group has selected Lieff Cabraser to serve as Lead Counsel. Lieff Cabraser has extensive experience in securities litigation involving financial fraud and has successfully prosecuted numerous securities fraud class actions on behalf of investors. The firm's experience and qualifications are set forth in its firm resume, submitted herewith. *See* Heimann

---

[3] *See* Joint Declaration of Michael Corbi, Serge Serabian, Sebouh Serabian, Mark Finkelstein, and Guztavo Soto In Support of Their Motion For Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Joint Declaration"), attached as Exhibit D to the Heimann Decl.

8

1  Decl., Exhibit E. Accordingly, the Court should approve the Arena Investors Group's selection
2  of Lieff Cabraser as Lead Counsel.

**IV.  CONCLUSION**

For the foregoing reasons, the Arena Investors Group respectfully requests that this Court: (1) consolidated the Related Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint the Arena Investors Group as Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve its selection of Lieff Cabraser as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v).

Dated:  November 19, 2010    Respectfully submitted,

LIEFF, CABRASER, HEIMANN
    & BERNSTEIN, LLP


By:     s/ Richard M. Heimann
          Richard M. Heimann

Richard M. Heimann (State Bar No. 063607)
Joy A. Kruse (Motion for *Pro hac vice* to be filed)
Sharon M. Lee (Motion for *Pro hac vice* to be filed)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Proposed Lead Counsel*