ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
TOR GRONBORG (179109)
BRIAN O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
torg@rgrdlaw.com
bomara@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>ARENA PHARMACEUTICALS, INC., et al.,<br><br>                  Defendants. | No. 3:10-cv-01959-BTM(BLM)<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BABAK GHAYOUR'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL<br><br>DATE:     January 14, 2011<br>TIME:     11:00 a.m.<br>CTRM:   15<br><br>**PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

587402_1

## I. INTRODUCTION

Class member Babak Ghayour respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1 and 15 U.S.C. §78u-4; and (iii) approval of his selection of Brower Piven, A Professional Corporation ("Brower Piven") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller")  as lead counsel for the class.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Presently pending in this district are seven securities class action lawsuits (the "Related Actions") brought on behalf of persons who purchased or otherwise acquired securities of Arena Pharmaceuticals, Inc. ("Arena" or the "Company") between December 8, 2008 and September 17, 2010 (the "Class Period"):[1]

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Schueneman v. Arena Pharms., Inc., et al.* | 10-cv-01959 | 9/20/2010 |
| *Sutliff v. Arena Pharms., Inc., et al.* | 10-cv-01961 | 9/21/2010 |
| *Pratt v. Arena Pharms., Inc., et al.* | 10-cv-01977 | 9/22/2010 |
| *Rubenstein v. Arena Pharms., Inc., et al.* | 10-cv-01984 | 9/22/2010 |
| *Velasquez v. Arena Pharms., Inc., et al.* | 10-cv-02026 | 9/29/2010 |
| *Vu v. Arena Pharms., Inc., et al.* | 10-cv-02086 | 10/07/2010 |
| *Jacobson v. Arena Pharms., Inc., et al.* | 10-cv-02335 | 11/12/2010 |

The Related Actions assert claims against Arena and certain of its officers and/or directors for violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the

---

[1] On October 8, 2010, *Sharp v. Arena Pharmaceuticals, Inc., et al.*, Case No. 37-2010-00101086-CU-FR-CTL (Sept. 27, 2010) was removed to this Court. *See* 10-cv-02111-BTM-BLM, Docket #1.  While the *Sharp* action does not allege violations of the federal securities laws, to the extent it is found to be grounded upon a violation of the Securities Exchange Act of 1934 ("Exchange Act") and deemed related to the other pending federal securities class action, the *Sharp* action too should be consolidated.

PSLRA, 15 U.S.C. §77z-1(a)(3)(B) and 15 U.S.C. §78u-4(a)(3)(B)), and Rule 10b-5, 17 C.F.R. §240.10b-5.[2]

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated because they each involve similar issues of law and fact.

As soon as practicable after consolidation, the Court is to appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23 ("Rule 23"). Here, Mr. Ghayour should be appointed as lead plaintiff because: (1) he timely filed a motion for appointment as lead plaintiff; (2) to his knowledge, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); Declaration of Brian O. O'Mara in Support of Babak Ghayour's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("O'Mara Decl."), Ex. A. The Court should also approve lead plaintiff's selection of lead counsel. *See infra* §III.C.

## II. STATEMENT OF FACTS

This is a class action for violations of the anti-fraud provisions of the federal securities laws on behalf of all purchasers of Arena securities during the Class Period, who were damaged thereby.

Arena is a clinical-stage biopharmaceutical company focused on discovering, developing and commercializing oral drugs that target G protein-coupled receptors ("GPCRs") in four major therapeutic areas: cardiovascular, central nervous system, inflammatory and metabolic diseases. The Company's principal drug in development is lorcaserin hydrochloride ("Lorcaserin"), an experimental weight loss drug that has completed a pivotal Phase III clinical trial program. In

---

[2] The lead plaintiff provisions of the Securities Act and the Exchange Act, as amended by the PSLRA, are identical. *Compare* 15 U.S.C. §77z-1 *with* 15 U.S.C. §78u-4. Only the Exchange Act's lead plaintiff provisions are cited herein.

1  December 2009, Arena submitted a New Drug Application ("NDA") to the Food and Drug
2  Administration ("FDA") regarding Lorcaserin.
3     Throughout the Class Period, defendants issued materially false and misleading statements
4  regarding Lorcaserin.  Defendants continuously hyped Lorcaserin's combination of efficacy, safety
5  and tolerability and its potential for success without disclosing certain health risks associated with
6  the drug.  As a result of defendants' false statements, Arena's stock traded at artificially inflated
7  prices during the Class Period, reaching a high of $7.95 per share on July 30, 2010.
8     On September 14, 2010, the FDA issued a briefing document in advance of its advisory panel
9  meeting in which the agency questioned both the safety and efficacy of Lorcaserin.  According to the
10 FDA staff scientist's analysis, Lorcaserin produced minimal weight loss results, barely meeting the
11 agency's threshold for weight loss effectiveness, while at the same time raising certain
12 cardiovascular and cancer safety risks.  Most notably, the briefing document disclosed that the drug
13 was associated with malignant tumors in rats.  Investors were not aware of the results of rat
14 carcinogenicity studies prior to the release of the FDA briefing document.
15    The market price of Arena common stock plummeted upon this news, collapsing $2.72 per
16 share to close at $4.13 per share on September 14, 2010 – a one-day decline of 40% on high volume.
17    Then, on September 16, 2010, the FDA advisory panel voted 9 to 5 against approval of
18 Lorcaserin, in large part because of the results of the rat carcinogenicity studies and the modest
19 therapeutic benefits associated with Lorcaserin.  On this news, Arena's stock fell another $1.75 per
20 share to close at $1.99 per share on September 17, 2010 – a one-day decline of over 46% on high
21 volume.
22    The true facts, which were known by the defendants, but concealed from the investing public
23 during the Class Period, were as follows:
24         (a)   Defendants failed to disclose the truth concerning the potential for increased
25 cardiovascular and cancer safety risks association with Lorcaserin, including the results of the rat
26 carcinogenicity studies; and
27
28

(b)      Defendants failed to disclose the truth concerning the efficacy of Lorcaserin for weight loss.

As a result of defendants' false statements, Arena's stock traded at inflated levels during the Class Period. However, after the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down nearly 75% from their Class Period high.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995). Courts recognize that class action shareholder suits, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication and minimizes the expenditure of time and money by all persons concerned. *See Serafimov v. Netopia, Inc.*, No. C-04-03364 RMW, 2004 U.S. Dist. LEXIS 25184, at *4-*5 (N.D. Cal. Dec. 3, 2004).

Here, the Related Actions present virtually identical factual and legal issues – each alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 and each names the same defendants. Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. *See Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *7-*13 (N.D. Cal. Aug. 19, 2002). Thus, consolidation is appropriate.

#### B.   Mr. Ghayour Should Be Appointed Lead Plaintiff

##### 1.   Notice Was Properly Published

The PSLRA requires plaintiffs in securities class actions to promptly publish notice advising class members of the pendency of the action and of their right to move within 60 days of publication

of the notice to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Where, like here, multiple actions are brought on behalf of a class asserting substantially the same claims, only the plaintiff in the first-filed action must publish notice. 15 U.S.C. §78u-4(a)(3)(A)(ii).

On September 20, 2010, the plaintiff in the first-filed action caused notice to be published over *Marketwire*. O'Mara Decl., Ex. C. That notice advised class members of the existence of a securities class action lawsuit against Arena, the claims asserted therein, the Class Period and their right to move for lead plaintiff. This Motion is timely filed within 60 days from the publication of that notice, and, hence, 15 U.S.C. §78u-4(a)(3)(A)(i) is satisfied.

### 2. Mr. Ghayour Possesses the Largest Financial Interest in the Relief Sought by the Class

No later than 60 days after the notice is published, any class member may move the Court to serve as lead plaintiff of the class. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). The PSLRA's "most adequate plaintiff" provision instructs the Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> \*   \*   \*
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). To the best of his knowledge, Mr. Ghayour has the largest financial interest in the relief sought in this case – losses of approximately $1.6 million in connection with his purchase of over 357,000 shares of Arena stock.[3] *See* O'Mara Decl., Exs. A-B; *see Cavanaugh*, 306 F.3d at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.").

---

[3] Mr. Ghayour has communicated directly with class members Shawn Kohan and John M. Ingram, Arena investors who, collectively, have losses of approximately $550,000 as a result of their purchases of Arena call options and common stock. If appointed lead plaintiff, Mr. Ghayour and Messrs. Kohan and Ingram, who it is anticipated will be named as plaintiffs in a future pleading, have agreed to work together in the prosecution of this litigation under Mr. Ghayour's leadership. *See* O'Mara Decl., Exs. D-E. Mr. Ghayour's efforts in this regard demonstrate his intention to ensure that the interests of all class members will be protected. *See Gold v. Morrice*, No. CV 07-00931 DDP (JTLx), slip op. at 17 (C.D. Cal. June 26, 2007) (requiring the inclusion of representatives for all the claims as named plaintiffs or class representatives) (O'Mara Decl., Ex. F).

### 3. Mr. Ghayour Meets the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, in addition to possessing a significant financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23. As detailed below, Mr. Ghayour satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed lead plaintiff.

### 4. Mr. Ghayour's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998). The threshold typicality and commonality requirements are not high. Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include the following:

(a) whether the defendants' acts or omissions violated the federal securities laws;

(b) whether defendants omitted and/or misrepresented material facts;

(c) whether defendants knew, had reason to know or recklessly disregarded that their statements were false and misleading;

(d) whether the price of Arena securities was artificially affected during the Class Period; and

(e) the extent of damage sustained by class members, and the appropriate measure of damages.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which Mr. Ghayour is a part. Mr. Ghayour, as well as other members of the class, alleges that defendants violated the Exchange Act and Rule 10b-5 by publicly disseminating materially false and misleading statements, as well as statements which omitted material facts, about Arena during the Class Period. As a result of defendants' fraudulent representations and omissions, Mr. Ghayour, as well as all other members of the class, purchased Arena securities at artificially affected prices and were damaged thereby. Because Mr. Ghayour's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class' claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *17-*20 (S.D. Cal. Jan. 5, 2004).

### 5. Mr. Ghayour Will Fairly and Adequately Represent the Interests of the Class

Mr. Ghayour's interests are clearly aligned with the members of the class and there is no antagonism between his interests and the class members' interests. Mr. Ghayour has amply demonstrated his adequacy as class representative by signing a sworn certification affirming his willingness to serve as, and to assume the responsibilities of, a class representative. O'Mara Decl., Ex. A. In addition, Mr. Ghayour has selected counsel experienced in prosecuting securities class actions to represent him and the class. *See infra* §III.C. Accordingly, Mr. Ghayour satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, and, accordingly, should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### C.    This Court Should Approve Mr. Ghayour's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see Cavanaugh*, 306 F.3d at 733 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class"); *Advanced Tissue Scis.*, 184 F.R.D. at 353 ("plain language" of the PSLRA "vests authority in the lead plaintiffs to select and retain their choice of legal

representation"). Here, Mr. Ghayour has selected Brower Piven and Robbins Geller as lead counsel for the class.

Brower Piven focuses its practice in complex class action and other representative litigation. Brower Piven and its attorneys are currently prosecuting, and have prosecuted successfully in the past, numerous complex securities fraud and other types of complex class actions as lead and/or class counsel. *See* O'Mara Decl., Ex. G. Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation emphasizing securities, consumer and antitrust class actions. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* O'Mara Decl., Ex. H. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Brower Piven and Robbins Geller. *See* O'Mara Decl., Exs. G-H.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Ghayour respectfully requests that the Court: (1) consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint him as Lead Plaintiff pursuant to the PSLRA; and (3) approve his selection of Brower Piven and Robbins Geller as Lead Counsel for the class.

DATED: November 19, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG
BRIAN O. O'MARA

       s/ BRIAN O. O'MARA
        BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

```
 1                                          DAVID A.P. BROWER
                                            BROWER PIVEN
 2                                            A Professional Corporation
                                            488 Madison Avenue, 8th Floor
 3                                          New York, NY  10022
                                            Telephone:  212/501-9000
 4                                          212/501-0300 (fax)

 5

 6                                          [Proposed] Lead Counsel for Plaintiffs

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 19, 2010.

    s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:briano@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-01959-BTM -BLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter M Adams**
  padams@cooley.com,smiyajima@cooley.com

- **Ryan E Blair**
  rblair@cooley.com,chourani@cooley.com

- **William E Grauer**
  wgrauer@cooley.com,hannummc@cooley.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com

- **Laurence D King**
  lking@kaplanfox.com,kweiland@kaplanfox.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`