UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARENA PHARMACEUTICALS, INC. et al., <br><br> Defendants. | Case No.: 3:10-CV-1959-CAB-BLM <br><br> **ORDER DENYING MOTION TO DISMISS** <br> [Doc. No. 95] |

On October 26, 2016, the Ninth Circuit issued an opinion holding that the Second Amended Complaint ("SAC") "alleged scienter with sufficient particularity to survive a motion to dismiss." *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 707 (9th Cir. 2016). The case is now back before the undersigned after remand, and Defendants' have filed another motion to dismiss. This time, Defendants argue that the SAC does not adequately allege any representations that were false or misleading when made. The Court is not persuaded.[1]

---

[1] This motion was suitable for submission on the briefs. Accordingly, Defendants' request for oral argument is denied.

Defendants base their arguments primarily on the Supreme Court's recent decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S.Ct. 1318 (2015), and the Second Circuit's opinion in *Tongue v. Sanofi*, 816 F.3d 199 (2d Cir. 2016). Defendants, however, made these same arguments to the Ninth Circuit to no avail. Moreover, it would be difficult to reconcile the Ninth Circuit's holding that Plaintiffs have adequately alleged scienter with a holding that Plaintiffs did not adequately allege any false or misleading statements. "[T]he ultimate question [with scienter] is whether the defendant knew his or her statements were false, or was consciously reckless as to their truth or falsity." *Gebhart v. S.E.C.*, 595 F.3d 1034, 1042 (9th Cir. 2010). Defendants never explain how a complaint could adequately allege that a defendant knew statements were false if it did not adequately allege false statements in the first instance.[2]

"To adequately plead scienter, the complaint must now 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (quoting 15 U.S.C. § 78u–4(b)(2)). "To adequately demonstrate that the 'defendant acted with the required state of mind,' a complaint must 'allege that the defendants *made false or misleading statements* either intentionally or with deliberate recklessness.'" *Id.* (quoting *In re Daou Systems, Inc. Sec. Litig.*, 411 F.3d 1006, 1014-15 (9th Cir. 2005)) (*emphasis* added); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1066 (9th Cir. 2008) ("To meet this pleading requirement [for scienter], the complaint must contain allegations of specific contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made.") (citation omitted). As a result, "falsity and scienter in private securities fraud cases are generally strongly inferred from the same set of facts, and the two requirements may be combined into a unitary inquiry under the PSLRA." *Daou*, 411 F.3d at 1015. Thus, in

---

[2] Notably, Defendants do not cite to any cases where a court found that scienter had been adequately pled but falsity had not.

finding that the SAC adequately alleged scienter, the Ninth Circuit implicitly found that the SAC adequately alleged that Defendants *made false or misleading statements*. To hold otherwise would result in a nonsensical outcome that the SAC adequately alleged that Defendants acted intentionally or with deliberate recklessness in making false or misleading statements (as the Ninth Circuit held), but did not adequately allege any false and misleading statements (as Defendants ask this Court to hold with the instant motion).

Accordingly, the motion to dismiss is **DENIED**.

It is **SO ORDERED**.

Dated: April 28, 2017

Hon. Cathy Ann Bencivengo
United States District Judge