UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARENA PHARMACEUTICALS, INC. et al.,<br><br>Defendants. | Case No.: 3:10-CV-1959-CAB-BLM<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S JULY 21, 2017 ORDER**<br><br>[Doc. No. 123] |

This matter is before the Court on Plaintiffs' objections to Magistrate Judge Major's July 21, 2017 discovery order. That order denied a motion to compel documents filed by Plaintiffs and granted Defendants' motion to compel the names, addresses and phone numbers of the confidential informants cited in the complaint. Judge Major's order was well-reasoned and correct. Accordingly, Plaintiff's objections are overruled.

### I. Plaintiffs' Objections

District court review of magistrate judge orders on non-dispositive motions is limited. A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P 72(a). "A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard." *Meeks v. Nunez,* Case No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." *Computer Econ., Inc. v. Gartner Grp., Inc.,* 50 F. Supp. 2d 980, 983 (S.D. Cal. May 25, 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

"The 'contrary to law' standard 'allows independent, plenary review of purely legal determinations by the Magistrate Judge.'" *Jadwin v. Cnty of Kern,* 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md,* 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000)); *see also Computer Econ.,* 50 F. Supp. 2d at 983. A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin*, 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y Oct. 17, 2006)).

Here, Judge Major's order was both factually and legally correct with respect to its decision on both motions to compel. As explained in the discovery order, Plaintiffs' document requests sought irrelevant information that was disproportional to the needs of the case. Meanwhile, the names and contact information for confidential informants who were specifically identified by number and cited as a source for the allegations in the complaint are not work product. Accordingly, because the order was neither clearly erroneous nor contrary to law, Plaintiffs' objections to the July 21, 2017 order are without merit.

## II. Defendants' Request for Fees

Defendants seek their fees in connection with their motion to compel the names and contact information of Plaintiffs' confidential informants. Plaintiffs argue that fees and costs are not warranted because they have a good faith basis for arguing that the information sought by Defendants is work product. Federal Rule of Civil Procedure 37(a)(5) specifies the circumstances under which a court is required to award fees and costs in connection with a motion to compel:

> (5) Payment of Expenses; Protective Orders.
>
>> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>
>>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>>
>>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>>
>>> (iii) other circumstances make an award of expenses unjust.

Because both parties concede that there is no binding authority on the issue of whether the names of confidential informants are work product, Plaintiffs' initial opposition to Defendants' motion to compel before Judge Major was substantially justified. *Cf. Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.,* No. 2:11-CV-03471-KJM-AC, 2017 WL 3116818, at *5 (E.D. Cal. July 21, 2017) ("A request for discovery is substantially justified under Rule 37 if reasonable people could differ on the matter in dispute.") (internal quotation marks and citation omitted). Accordingly, Defendants are not entitled to their fees for filing their motion to compel before Judge Major.

On the other hand, the lack of controlling authority makes Plaintiffs' objections to Judge Major's order frivolous. "[A] magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Kinkeade v. Beard*, No. 215CV01375TLNCDK, 2017 WL 2813037, at *1 (E.D. Cal. June 29, 2017) (quoting *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)); *see also In re Bofi Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2017 WL 3118769, at *5 (S.D. Cal. July 21, 2017) ("Lead Plaintiff does not stand on solid ground when it asserts that the magistrate judge committed legal error by declining to follow non-binding precedent in this circuit."). Thus, although

Plaintiffs may have had a good faith basis to try to convince Judge Major of the merits of their position as to the applicability of work product protection to the names of confidential informants, they could not have had a good faith basis to argue that Judge Major's rejection of their argument was contrary to the law. Accordingly, because Plaintiffs do not argue that any of the other exceptions listed at Rule 37(a)(5)(A)(i)-(iii) apply, Defendants are entitled to their fees and costs in connection with their opposition to Plaintiffs' objections to Judge Major's order concerning Defendants' motion to compel.

### III. Conclusion

In light of foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' objections [Doc. No. 123] to Magistrate Judge Major's July 21, 2017 Order are **OVERRULED**;

2. Plaintiffs shall provide Defendants with the names, addresses, and phone numbers of their confidential informants as ordered by Judge Major no later than **August 24, 2017**;

3. On or before **August 28, 2017**, Defendants shall file a declaration and/or any other evidence concerning the amount of attorneys' fees and costs incurred in connection with the portions of their opposition to Plaintiffs' objections [Doc. No. 125] that relate to Plaintiffs' objections to Judge Major's order that Plaintiffs identify their confidential witnesses. Plaintiffs may file a response objecting to the reasonableness of the requested fees on or before **September 5, 2017**. Upon receipt of Plaintiffs' response or notice of non-opposition to the amount of the fees, the Court will issue an order requiring Plaintiffs' counsel to pay Defendants' reasonable fees in connection with their opposition brief.

It is **SO ORDERED**.

Dated: August 21, 2017

Hon. Cathy Ann Bencivengo
United States District Judge