1  Laurence D. King (SBN 206423)
2  Mario M. Choi (SBN 243409)
   KAPLAN FOX & KILSHEIMER LLP
3  350 Sansome Street, Suite 400
   San Francisco, CA 94104
4  Telephone: 415-772-4700
   Facsimile:  415-772-4707
5  lking@kaplanfox.com
   mchoi@kaplanfox.com
6
   Robert N. Kaplan (*pro hac vice*)
7  Jeffrey P. Campisi (*pro hac vice*)
   KAPLAN FOX & KILSHEIMER LLP
8  850 Third Avenue
   New York, NY 10022
9  Telephone:  212-687-1980
   Facsimile:  212-687-7714
10 rkaplan@kaplanfox.com
   jcampisi@kaplanfox.com
11
   *Lead Counsel for Lead Plaintiff*
12 *Carl Schwartz and the Proposed Class*

Michael A. Attanasio (SBN 151529)
Koji F. Fukumura (SBN 189719)
Ryan E. Blair (SBN 246724)
Mary Kathryn Kelley (SBN 170259)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858-550-6000
Facsimile: 858-550-6420
mattanasio@cooley.com
kfukumura@cooley.com
rblair@cooley.com
mkkelley@cooley.com

*Attorneys for Defendants Arena Pharmaceuticals, Inc., Jack Lief, Robert E. Hoffman, Dominic, P. Behan, William R. Shanahan, and Christy Anderson*

13
14                 **UNITED STATES DISTRICT COURT**
                   **SOUTHERN DISTRICT OF CALIFORNIA**
15

16 TODD SCHUENEMAN, on behalf of
   himself and all others similarly situated,

17             Plaintiff,

18        v.                                      Case No. 3:10-cv-01959-CAB (BLM)

19 ARENA PHARMACEUTICALS, INC.,                   **STIPULATION AND**
   JACK LIEF, ROBERT E. HOFFMAN,                  **AGREEMENT OF SETTLEMENT**
20 DOMINIC P. BEHAN, WILLIAM R.
   SHANAHAN, and CHRISTY
21 ANDERSON,

22             Defendants.

23

24 [*Additional Captions on Following Pages*]
25
26
27
28

| | |
|---|---|
| WILLIAM SUTLIFF and JEAN SUTLIFF, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF and WILLIAM SHANAHAN, JR.,<br><br>        Defendants. | Case No. 3:10-cv-01961-CAB (BLM) |
| WILLIAM PRATT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>        Defendants. | Case No. 3:10-cv-01977-CAB (BLM) |
| CRAIG RUBENSTEIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>        Defendants. | Case No. 3:10-cv-01984-CAB (BLM) |

*[Additional Captions on Following Pages]*

- ii -                    Case No. 3:10-cv-01959-CAB (BLM)
STIP. & AGREEMENT OF SETTLEMENT

| | | |
|---|---|---|
| 1 | | |
| 2 | RODNEY VELASQUEZ, on behalf of himself and all others similarly situated, | Case No. 3:10-cv-02026-CAB (BLM) |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, | |
| 6 | DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY | |
| 7 | ANDERSON, | |
| 8 | Defendants. | |
| 9 | | |
| 10 | THONG VU, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02086-CAB (BLM) |
| 11 | Plaintiff, | |
| 12 | v. | |
| 13 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, | |
| 14 | DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY | |
| 15 | ANDERSON, | |
| 16 | Defendants. | |
| 17 | | |
| 18 | ARIC D. JACOBSON, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02355-CAB (BLM) |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, | |
| 22 | DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY | |
| 23 | ANDERSON, | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

This Stipulation of Settlement in the above captioned consolidated action (the "Action") is dated as of November 3, 2017.  Subject to the approval of the Court, it is entered into by and between (i) Carl Schwartz ("Lead Plaintiff"), and the other members of the Settlement Class (as defined herein), and (ii) Arena Pharmaceuticals, Inc. ("Arena" or the "Company"), Jack Lief, Robert E. Hoffman, Dominic P. Behan, William R. Shanahan, Jr., and Christen Anderson (collectively, the "Defendants"), each by and through his, her, or its undersigned attorneys.  This Stipulation is intended by the parties hereto to fully, finally and forever resolve, discharge, release and settle the Released Claims and the Released Parties' Claims, upon and subject to the terms and conditions hereof.

## RECITALS

WHEREAS, the following cases were commenced in the United States District Court for the Southern District of California, on or after September 20, 2010:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Schueneman v. Arena Pharmaceuticals, Inc., et al.* | 10-cv-01959 | 9/20/2010 |
| *Sutliff, et al. v. Arena Pharmaceuticals, Inc., et al.* | 10-cv-01961 | 9/21/2010 |
| *Pratt v. Arena Pharmaceuticals, Inc., et al.* | 10-cv-01977 | 9/22/2010 |
| *Rubenstein v. Arena Pharmaceuticals, Inc., et al.* | 10-cv-01984 | 9/22/2010 |
| *Velasquez v. Arena Pharmaceuticals, Inc., et al.* | 10-cv-02026 | 09/29/2010 |
| *Vu v. Arena Pharmaceuticals, Inc., et al.* | 10-cv-02086 | 10/7/2010 |

WHEREAS, on November 19, 2010, Carl Schwartz and certain other parties moved pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to: 1) consolidate the cases; 2) appoint Lead Plaintiff; and 3) appoint lead counsel [ECF Nos. 12-20.]

1    WHEREAS, by an Order dated August 8, 2011, the above-captioned cases
2   were consolidated for all purposes, and the Court appointed Carl Schwartz as Lead
3   Plaintiff, and appointed the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan
4   Fox") as Lead Counsel [ECF No. 33.]

5    WHEREAS, on November 1, 2011, Lead Plaintiff filed a Consolidated
6   Amended Class Action Complaint for Violations of the Federal Securities Laws
7   ("FAC") [ECF No. 43.]  The FAC was brought under Sections 10(b) and 20(a) of
8   the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), and
9   78t(a), and the rules and regulations promulgated thereunder by the SEC, including
10   Rule 10b-5, 17 C.F.R. § 240.10b-5.  The FAC alleged that during the Class Period
11   (March 17, 2008 through January 27, 2011) (the "Class Period"), Defendants made
12   false and misleading statements and failed to disclose material information.  Lead
13   Plaintiff further alleged that when the truth was eventually disclosed, the proposed
14   Class suffered damages.

15    WHEREAS, on December 20, 2011, Defendants moved to dismiss the FAC
16   [ECF Nos. 44-46] and Lead Plaintiff opposed Defendants' motion to dismiss [ECF
17   No. 48.]

18    WHEREAS, on March 28, 2013, the district court dismissed without
19   prejudice the FAC for failure to adequately allege scienter [ECF No. 56.]

20    WHEREAS, on May 13, 2013, Lead Plaintiff filed the Second Consolidated
21   Amended Class Action Complaint (the "Complaint") [ECF No. 59.]  On June 14,
22   2013, Defendants filed a motion to dismiss the Complaint, arguing that Lead
23   Plaintiff failed to allege particularized facts sufficient to show that any challenged
24   statement was false or misleading when it was made, that Arena's forward-looking
25   statements were protected by the Safe Harbor provisions of the PSLRA, and that
26   the Complaint failed to plead specific facts establishing a strong inference of
27   scienter [ECF No. 60.]  Lead Plaintiff opposed Defendants' motion to dismiss,
28   arguing that the Complaint adequately alleged each element of the claims asserted

1   [ECF No. 61.]

2   WHEREAS, the Court held oral argument on Defendants' motion to dismiss
3   the Complaint on October 25, 2013 [ECF No. 69.]

4   WHEREAS, on November 4, 2013, the District Court dismissed the
5   Complaint, again finding that it "fail[ed] to meet the Ninth Circuit's pleading
6   requirements for scienter" [ECF No. 71.]   The Court invited a proposed Third
7   Amended Complaint ("TAC") to give Lead Plaintiff the opportunity to plead facts
8   to "show this case to be about more than a difference of scientific opinion."
9   Plaintiff moved for leave to amend and submitted the TAC [ECF No. 73].

10   WHEREAS, on March 20, 2014, the Court denied leave to amend, finding
11   that amendment would be futile [ECF No. 77.]   Final judgment was entered on
12   March 20, 2014.  Lead Plaintiff appealed.

13   WHEREAS, on October 26, 2016, the Ninth Circuit reversed the dismissal
14   and remanded the matter to the District Court.  *Schueneman v. Arena Pharms.,*
15   *Inc.,* 840 F.3d 698 (9th Cir. 2016).  After the Ninth Circuit reversed the dismissal
16   of the Complaint, Defendants filed a Petition for Panel Rehearing and a suggestion
17   for Rehearing *En Banc.  See Schueneman v. Arena Pharms, et al.,* No. 14-55633
18   (9th Cir.) (filed Nov. 23, 2016) [ECF No. 48.]  On January 10, 2017, the Ninth
19   Circuit denied Defendants' motion for rehearing and rehearing *en banc.*
20   *Schueneman v. Arena Pharms, et al.,* No. 14-55633 (9th Cir.) [ECF No. 49.]

21   WHEREAS, after remand to this Court, on February 2, 2017, Defendants
22   filed a Renewed Motion to Dismiss the Complaint that asserted that the Complaint
23   failed to adequately allege falsity [ECF No. 95.]  On February 23, 2017, Lead
24   Plaintiff filed an opposition to Defendants' renewed motion to dismiss [ECF No.
25   101.] On April 28, 2017, the Court denied Defendants' motion in its entirety [ECF
26   No. 105.]

27   WHEREAS, on May 2, 2017, the Court entered a Scheduling Order
28   Regulating Discovery and Other Pre-Trial Proceedings [ECF No. 106.]

1    WHEREAS, on May 12, 2017, Defendants answered the Complaint,
2    asserting 18 affirmative defenses [ECF No. 107.]

3    WHEREAS, Lead Plaintiff served a comprehensive set of requests for
4    production of documents ("RFPs"), and two sets of interrogatories.  On May 26,
5    2017, Defendants responded to Lead Plaintiff's RFPs and on June 7 and 19, 2017,
6    Defendants objected to and answered certain of Lead Plaintiff's interrogatories.

7    WHEREAS, since May 2017, the parties have engaged in extensive
8    discovery, including the production or review of millions of pages of documents,
9    including Arena's New Drug Application, Investigational New Drug Application,
10   Arena's correspondence file with the U.S. Food and Drug Administration, Arena's
11   minutes and materials from the Company's board of director's meetings, as well as
12   Documents and Electronically Stored Information from 16 Arena custodians.  Lead
13   Plaintiff also served non-party subpoenas for documents on approximately 40 non-
14   parties who collectively produced thousands of documents.

15   WHEREAS, during the Action, the parties engaged the services of retired
16   U.S. District Judge Layn R. Phillips to assist them in mediation.   The parties
17   engaged in a face-to-face mediation session on August 1, 2017.  The parties were
18   unable to settle the case.

19   WHEREAS, following further arms-length negotiations by telephone and in
20   writing with the assistance of Judge Phillips, Lead Plaintiff and the Defendants
21   accepted the mediator's proposal and agreed to a settlement (the "Settlement") of
22   the Action;

23   WHEREAS, Lead Counsel, on behalf of Lead Plaintiff, recognize the
24   expense, risks and uncertain outcome of any litigation and subsequent appeals,
25   especially for a complex action such as this with its inherent difficulties and delays.
26   Lead Plaintiff, on behalf of himself and all other members of the Settlement Class,
27   desires to settle the claims against the Defendants in the Action on the terms and
28   conditions set forth in this Stipulation.   Furthermore, Lead Plaintiff and Lead

1    Counsel deem the Settlement to be fair, reasonable, adequate and in the best
2    interests of the members of the Settlement Class; have agreed that the Released
3    Parties should be released from the Released Claims pursuant to the terms and
4    provisions of this Stipulation; and have agreed, subject to Court approval, to the
5    dismissal of the Action with prejudice, after considering the substantial benefits that
6    Lead Plaintiff and all members of the Settlement Class will receive from the
7    settlement of the Action; and

8         WHEREAS, the Defendants, while continuing to deny all allegations of
9    wrongdoing or liability whatsoever arising out of any of the conduct, statements,
10   acts or omissions alleged, or that could have been alleged, in the Action, also
11   recognize the expense, risks and uncertain outcome of any litigation, especially a
12   complex action such as this, and the Defendants desire to settle the claims against
13   them so as to avoid lengthy, distracting and time-consuming litigation and the
14   burden, inconvenience and expense connected therewith, without in any way
15   acknowledging any fault or liability, such that this Stipulation and all related
16   documents are not, and shall not in any event be construed or deemed to be
17   evidence of or an admission or concession on the part of the Defendants with
18   respect to any claim or of any fault or liability or wrongdoing or damage
19   whatsoever, or any infirmity in the defenses that the Defendants have asserted, of or
20   by any of them or of any other person, and

21        NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO
22   AND AGREED, between Lead Plaintiff, and the Defendants, by and through their
23   respective attorneys, that, subject to the approval of the Court pursuant to Rule
24   23(e) of the Federal Rules of Civil Procedure, the Action and the Released Claims
25   as against the Released Parties shall be settled, compromised, and dismissed with
26   prejudice, subject to the approval of the Court, in the manner and upon the terms
27   and conditions hereafter set forth:

28

1   **1.     Definitions**

2          As used in this Stipulation the following terms have the meanings specified

3   below:

4          1.1   "Authorized Claimant" means any Settlement Class Member who

5   submits a timely and valid Proof of Claim and Release form (in accordance with the

6   requirements established by the Court) and whose claim for recovery has been

7   allowed pursuant to the terms of the Stipulation or any order of the Court.

8          1.2   "Claims Administrator" means the claims and notice administrator

9   selected by Lead Plaintiff, subject to Court approval, to provide all notices

10  approved by the Court to potential Settlement Class Members, to process the Proof

11  of Claim and Release forms, to review and to recommend approval or denial of

12  claims, and to administer the Settlement.

13         1.3   "Class Notice and Administration Expenses" means the fees and

14  expenses reasonably and actually incurred by Lead Counsel and Lead Plaintiff for

15  providing notice to Settlement Class Members, locating Settlement Class Members,

16  assisting with the filing of claims, administering and distributing the Net Settlement

17  Fund to Authorized Claimants, processing Proof of Claim and Release forms, and

18  paying escrow fees and costs, if any.

19         1.4   "Class Period" means the period from March 17, 2008, through and

20  including January 27, 2011.

21         1.5   "Court" means the United States District Court for the Southern

22  District of California.

23         1.6   "Effective Date" means the first date by which all of the events and

24  conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

25         1.7   "Escrow Account" means the account controlled by the Escrow Agent

26  into which the sum of $12,025,000.00 shall be deposited by or on behalf of

27  Defendants as described in ¶3.1 below.

28         1.8   "Escrow Agent" means Lead Counsel or their successor(s).

1      1.9    "Fee and Expense Award" is defined in ¶7.1 below.

2      1.10  "Final" means when the last of the following with respect to the

3  Judgment approving the Settlement shall occur: (i) the Judgment has been entered

4  and the expiration of the time to file a motion to alter or amend the Judgment under

5  Federal Rule of Civil Procedure 59(e) has passed without any such motion having

6  been filed; (ii) the expiration of the time in which to appeal the Judgment has

7  passed without any appeal having been taken, which date shall be deemed to be

8  thirty (30) days following the entry of the Judgment, unless the date to take such an

9  appeal shall have been extended by Court order or otherwise, or unless the 30th day

10  falls on a weekend or a Court holiday, in which case the date for purposes of this

11  Stipulation shall be deemed to be the next business day after such 30th day; and

12  (iii) if a motion to alter or amend is filed under Federal Rule of Civil Procedure

13  59(e) or if an appeal is taken, immediately after the determination of that motion or

14  appeal so that it is no longer subject to any further judicial review or appeal

15  whatsoever, whether by reason of affirmance by a court of last resort, lapse of time,

16  voluntary dismissal of the appeal or otherwise, and in such a manner as to permit

17  the consummation of the Settlement substantially in accordance with the terms and

18  conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall

19  include any petition for a writ of certiorari or other writ that may be filed in

20  connection with approval or disapproval of this Settlement, but shall not include

21  any appeal that concerns only the issue of attorneys' fees and expenses, any award

22  to Lead Plaintiff, or any Plan of Allocation of the Settlement Fund.

23      1.11  "Final Settlement Approval Hearing" means the final hearing to be

24  held by the Court to determine whether the proposed Settlement should be

25  approved as fair, reasonable and adequate; whether all Released Claims should be

26  dismissed with prejudice; whether an order approving the Settlement should be

27  entered thereon; whether the allocation of the Settlement Fund should be approved;

28

1  and whether and in what amounts to award attorneys' fees and expenses to Lead

2  Counsel, and any award to Lead Plaintiff.

3      1.12  "Judgment" means the judgment and order of dismissal with prejudice

4  to be rendered by the Court upon approval of the Settlement and shall include an

5  appropriate bar order, consistent with the PSLRA, barring contribution claims

6  against Defendants.

7      1.13  "Lead Counsel" means Kaplan Fox & Kilsheimer LLP.

8      1.14  "Lead Plaintiff" means Carl Schwartz.

9      1.15  "Net Settlement Fund" means the Settlement Fund less: (i) the amount

10  of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the

11  PSLRA, if and to the extent allowed by the Court; (ii) Class Notice and

12  Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or

13  expenses approved by the Court.

14      1.16  "Notice" means the Notice of Pendency and Proposed Settlement of

15  Class Action to be sent to Settlement Class Members.

16      1.17  "Notice Order" is defined in ¶4.1 below.

17      1.18  "Person" means any natural person, individual, corporation,

18  partnership, limited partnership, association, joint stock company, estate, legal

19  representative, trust, unincorporated association, government or any political

20  subdivision or agency thereof, and any business or legal entity and his, her or its

21  spouses, heirs, predecessors, successors, representatives, or assignees.

22      1.19  "Plaintiff's Counsel" means Lead Counsel and any counsel who

23  appeared on behalf of the Lead Plaintiff in the Action.

24      1.20  "Plan of Allocation" means a plan or formula of allocation of the Net

25  Settlement Fund whereby the Net Settlement Fund shall be distributed to

26  Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and the

27  Released Persons shall have no responsibility or liability with respect to the Plan of

28  Allocation.

1    1.21  "Related Persons" means each of the Released Persons' and their legal
2    affiliates' past or present directors, officers, employees, partners, insurers, co-
3    insurers, reinsurers, principals, controlling shareholders, attorneys, accountants,
4    auditors, investment advisors, personal or legal representatives, predecessors,
5    successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs,
6    estates, related or affiliated entities, any entity in which a Released Person has a
7    controlling interest, any members of an Individual Defendant's immediate family,
8    any trust of which an Individual Defendant is the settlor or which is for the benefit
9    of an Individual Defendant and/or any member of an Individual Defendant's
10    immediate family, and any entity in which a Defendant and/or any member of an
11    Individual Defendant's immediate family has or have a controlling interest (directly
12    or indirectly).

13    1.22  "Released Claims" means any and all claims, demands, rights, causes
14    of action or liabilities of every nature and description whatsoever (including, but
15    not limited to, any claims for damages, interest, attorneys' fees, expert or consulting
16    fees, and any other costs, expenses or liabilities whatsoever), whether based on
17    federal, state, local, foreign, statutory or common law or any other law, rule,
18    ordinance, administrative provision or regulation, including Unknown Claims as
19    defined in ¶1.30 hereof, whether class or individual in nature, whether fixed or
20    contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity,
21    matured or unmatured, concealed or hidden, suspected or unsuspected, which now
22    exist or heretofore have existed, that were asserted or could have been asserted by
23    Lead Plaintiff or any Settlement Class Member against the Released Persons based
24    on, arising from or relating to both: (i) the purchase, acquisition, holding,
25    disposition, or sale of Arena common stock during the Class Period; and (ii) the
26    allegations, transactions, facts, matters, events, disclosures, registration statements,
27    public filings, acts, occurrences, representations, statements, omissions or failures
28    to act that occurred during the Class Period and that were or could have been

1    alleged by Lead Plaintiff in the Action against the Released Persons based upon the

2    facts alleged in the Complaint.  Released Claims does not include claims to enforce

3    the Settlement.

4         1.23   "Released Persons" means each and all of the Defendants and each and

5    all of their Related Persons.

6         1.24   "Settlement Amount" means Twelve Million, Twenty Five Thousand

7    U.S. Dollars ($12,025,000.00) in cash, and Arena common stock to be issued with a

8    value of Eleven Million, Nine Hundred Seventy Five Thousand U.S. Dollars

9    ($11,975,000.00)).

10        1.25   "Settlement Fund" means the Settlement Amount, together with all

11   interest and income earned thereon after being transferred to the Escrow Account.

12        1.26   "Settlement Class" or "Class" means all Persons who purchased Arena

13   common stock between March 17, 2008 to January 27, 2011, inclusive, and were

14   damaged thereby, excluding anyone named as a defendant in the Action including

15   the Company; members of the immediate family of the Individual Defendants;

16   Arena's directors and officers; any entity in which any Defendant has a controlling

17   interest; and the legal representatives, heirs, successor, and assigns of such

18   excluded parties.  Also excluded are those Persons who timely and validly request

19   exclusion from the Class pursuant to the Notice.

20        1.27   "Settlement Class Member" or "Settlement Class Members" means a

21   Person or Persons falling within the definition of the Class as set forth in ¶1.26.

22        1.28   "Settling Parties" means, collectively, Lead Plaintiff on behalf of

23   himself and the Settlement Class Members, and Defendants.

24        1.29   "Summary Notice" means the Summary Notice to Settlement Class

25   Members.

26        1.30   "Unknown Claims" means collectively any Released Claims which

27   Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in

28   his, her or its favor at the time of the release of the Released Persons which, if

known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, each Settlement Class Member, and Lead Plaintiff expressly, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Lead

Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

**2.     CAFA Notice**

2.1     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Settlement Agreement is executed, Defendants shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.   Defendants shall bear the cost of serving the CAFA Notice.

**3.     Settlement Consideration**

        **a.          The Settlement Fund**

3.1     Within twenty (20) business days following preliminary approval of the Settlement by the Court and upon provision by Lead Counsel of all required funding information and a tax identification number, Arena or its insurers shall pay or cause to be paid $12,025,000.00 million (Twelve Million, Twenty Five Thousand U.S. Dollars) in cash into a separate, interest-bearing escrow account maintained by the Escrow Agent on behalf of the Settlement Class.

3.2     Within two business days after the Final Settlement Approval Hearing, Arena will issue (as set forth in ¶3.5) shares ("Settlement Shares") valued at $11,975,000.00 (Eleven Million, Nine Hundred Seventy Five Thousand U.S. Dollars) to be calculated by dividing $11.975 million by the volume weighted average daily adjusted closing price over the immediate 20 trading days before the Final Settlement Approval Hearing, unless the number of shares needed to reach that value exceeds 19.9% of the issued and outstanding common stock of Arena as of the date of the Final Settlement Approval Hearing, in which case the Settlement

Shares shall be 19.9% of the issued and outstanding common stock of Arena as of the date of the Final Settlement Approval Hearing.  All Settlement Shares shall be duly and validly issued, fully-paid, non-assessable, free from all liens and encumbrances and either registered under the Securities Act of 1933 ("Securities Act") or exempt from registration pursuant to Section 3(a)(10) of the Securities Act. The Parties understand that no Settlement Shares shall be distributed until after the Effective Date.

3.3    For purposes of any corporate transaction involving shares of the company (including without limitation, stock splits, dividends, mergers, reorganizations, sale of the company or any part thereof, or any change or conversion of Arena common stock into other securities prior to the issuance of stock in the Settlement, etc.) any and all Settlement Shares shall be treated as if they are issued and outstanding as of the Execution Date of this Stipulation.

3.4    Arena has the option to pay all or part of the Settlement Shares in cash at the time Arena is to issue the Settlement Shares as set forth in ¶¶3.2 and 3.5.

3.5    The Settlement Shares will be issued to an escrow account controlled by Arena or an escrow agent, pending Final court orders providing for distribution of the shares as attorneys' fees, or to Authorized Claimants, and instructions from Lead Counsel as set forth in ¶3.6.

3.6    There will be two dates of distribution for Arena common stock: (i) the date of the distribution of attorneys' fees awarded by the Court to Lead Plaintiff's counsel; and (ii) the date of the distribution to Authorized Claimants.  If the court awards a number of shares for attorneys' fees, Lead Counsel shall provide instructions to Arena or the escrow agent regarding the number of shares to be distributed to particular Plaintiff's counsel.  With respect to the issuance of shares to Authorized Claimants, after court approval of distribution of the settlement proceeds to Authorized Claimants, Lead Counsel shall provide instructions to Arena's transfer agent or the escrow agent regarding each Authorized Claimant and

the number of shares to be distributed to each Authorized Claimant.  Upon receipt of instructions for each particular distribution, Arena or the escrow agent shall distribute the Settlement Shares within two business days to the authorized recipients.

3.7    During the period in which the Settlement Shares are held in escrow by Arena or its escrow agent, the shares shall be treated identically to the existing Arena common stock, and shall receive all benefits, except for voting rights, that accrue to the existing Arena common stock (including but not limited to stock or cash dividends), and further, the number of shares would be adjusted if, prior to the distribution, the Company: 1) declares a dividend in Arena common stock on any class of its capital stock; 2) issues generally to it stockholders, rights, options, or warrants to purchase Arena common stock at less than the current market price of the common stock; 3) subdivides, combines or reclassifies its outstanding Arena common stock; or 4) distributions generally to its stockholders evidences of debt, shares of capital stock, cash or other assets.

### b.          The Escrow Agent

3.8    The Escrow Agent shall invest the cash portion of the Settlement Amount deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.9    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.10   Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.11   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.12   Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $250,000.00 in Class Notice and Administration Expenses associated with providing notice to the Class and the administration of the Settlement. Prior to the Effective Date, payment of any Class Notice and Administration Expenses exceeding $250,000.00 shall require notice to, and agreement from, the Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused.   Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Expenses.

> **c.**        **Taxes**

**Qualified Settlement Fund**

3.13   (a)   The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.13, including the "relation-back election" (as defined in Treasury Regulation §1.468B-

1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶3.13(a) hereof) shall be consistent with this ¶3.13 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned on the Settlement Amount shall be paid out of the Settlement Fund as provided in ¶3.13(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.13 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.13) ("Tax Expenses"), shall be paid out of the Settlement Amount; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.   The Escrow Agent shall indemnify and hold each of the

1  Released Persons and their counsel harmless for Taxes and Tax Expenses
2  (including, without limitation, Taxes payable by reason of any such
3  indemnification).  Further, Taxes and Tax Expenses shall be treated as, and
4  considered to be, a cost of administration of the Settlement Fund and shall be
5  timely paid by the Escrow Agent out of the Escrow Account without prior order
6  from the Court or approval of Defendants, and the Escrow Agent shall be obligated
7  (notwithstanding anything herein to the contrary) to withhold from distribution to
8  Authorized Claimants any funds necessary to pay such amounts, including the
9  establishment of adequate reserves for any Taxes and Tax Expenses (as well as any
10  amounts that may be required to be withheld under Treasury Regulation §1.468B-
11  2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall
12  they have any liability therefor.  The Settling Parties hereto agree to cooperate with
13  the Escrow Agent, each other, and their tax attorneys and accountants to the extent
14  reasonably necessary to carry out the provisions of this ¶3.13.

15  (d)  Except as required by ¶3.1 concerning payment of the
16  Settlement Amount, neither Defendants nor their Related Persons are responsible
17  for Taxes, Tax Expenses, Class Notice and Administration Expenses, nor shall they
18  be liable for any claims with respect thereto.

19  **d.  Termination of Settlement**

20  3.14  In the event the Settlement: (i) is not approved by the Court; (ii) is
21  terminated, canceled, or fails to become effective for any reason, including, without
22  limitation, in the event the Judgment is reversed or vacated following any appeal
23  taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund
24  (including accrued interest) less expenses actually incurred or due and owing for
25  Class Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶
26  3.12 or 3.13 shall be refunded to such Persons that paid the Settlement Amount

- 17 -
Case No. 3:10-cv-01959-CAB (BLM)

1  pursuant to written instructions from Defendants' counsel, and the parties will
2  revert to their prior positions in this litigation.

3             e.           **Certification of Settlement Class**

4  3.15   The Settling Parties agree that certification of a class, for settlement
5  purposes only, is appropriate in the Action.  For purposes of this Stipulation and the
6  Settlement only, the Settling Parties stipulate, subject to Court approval, to: (i) the
7  certification, for settlement purposes only, of a Settlement Class, pursuant to Rules
8  23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of
9  Lead Plaintiff as the class representative for the Settlement Class; and (iii) the
10 appointment of Lead Counsel as counsel to the Settlement Class.
11

12 3.16   The Settling Parties agree that certification of a class, for settlement
13 purposes only, is appropriate in the Action.  For purposes of this Stipulation and the
14 Settlement only, the Settling Parties stipulate, subject to Court approval, to: (i) the
15 certification, for settlement purposes only, of a Settlement Class, pursuant to Rules
16 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of
17 Lead Plaintiff as the class representative for the Settlement Class; and (iii) the
18 appointment of Lead Counsel as counsel to the Settlement Class.

19 3.17   The certification of the Settlement Class shall be binding only with
20 respect to the Settlement of the Action and only if the Judgment contemplated by
21 this Stipulation becomes Final and the Effective Date occurs.  Nothing in this
22 Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or
23 support for certification of a class other than for settlement purposes, and the
24 Settling Parties intend that the provisions herein concerning certification of the
25 Settlement Class shall have no effect whatsoever in the event the Settlement does
26 not become Final.   Defendants expressly reserve the right to contest class
27 certification in the event the Settlement is terminated or the Effective Date does not
28 occur for any other reason.

4.      **Notice Order and Settlement Hearing**

4.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation and shall apply for entry of an order (the "Notice Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval of the mailing of the Notice and publication of the Summary Notice.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the application for the Fee and Expense Award, and the date of the Settlement Hearing (defined in ¶4.3 below).

4.2     As part of the Preliminary Approval Order, Lead Plaintiff shall seek the appointment of a Claims Administrator.  It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

4.3     Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a Final Settlement Approval Hearing and approve the Settlement of the Action as set forth herein.  At or after the Final Settlement Approval Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Awards.

5.      **Releases**

5.1     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members (on behalf of themselves and each of their respective heirs, agents, executors, administrators, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Claims (or to obtain the proceeds

of any recovery therefrom)) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of this Stipulation are not released. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of §1542 of the California Civil Code, was bargained for and is a material element of the Settlement of which the release in this paragraph is a part.

5.2 Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Person of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

5.3 The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Persons. All Settlement Class Members shall be bound by the releases set forth in this stipulation whether or not they submit a valid and timely Proof of Claim.

5.4 Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

5.5   The Settling Parties shall request that the Court, as part of the Judgement, enter an appropriate bar order, consistent with the Securities Exchange Act of 1934, the PSLRA and/or applicable common law, barring contribution claims against the Defendants.

**6.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1   The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2   Within ten (10) business days after execution of this Stipulation, Arena shall provide or cause to be provided to the Claims Administrator a list of names and addresses of record holders of Arena common stock during the period March 17, 2008 through April 1, 2011 on the transfer agent's books or from Cede & Company. This information shall be provided in an electronic format acceptable to the Claims Administrator.   Arena shall be responsible for any costs or expenses related to providing this information.

6.3   In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Claims Administrator to mail to all shareholders of record, identified on the list provided by Arena to the Claims Administrator, the Notice, and a Proof of Claim and Release.   The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Final Settlement Approval Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement Class.   The Notice and Proof of Claim and Release form shall also be posted on the Claims

1   Administrator's website.  In accordance with the schedule set forth in the Notice
2   Order, the Summary Notice, will also be published once in the national edition of
3   the *Wall Street Journal* and once over a national newswire service.  The cost of
4   providing such notice shall be paid out of the Settlement Fund.

5         6.4    The Settlement Fund shall be applied as follows:

6                (a)    to pay all Class Notice and Administration Expenses;

7                (b)    to pay the Taxes and Tax Expenses described in ¶3.13 hereof;

8                (c)    to pay the Fee and Expense Award;

9                (d)    to pay any award to Lead Plaintiff as allowed under the PSLRA,
10   subject to the approval of the Court; and

11                (e)    after the Effective Date, to distribute the Net Settlement Fund to
12   Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the
13   Court.

14         6.5    Upon the Effective Date and thereafter, and in accordance with the
15   terms of the Stipulation, the Plan of Allocation, or such further approval and further
16   order(s) of the Court as may be necessary or as circumstances may require, the Net
17   Settlement Fund shall be distributed to Authorized Claimants, subject to and in
18   accordance with the following.

19         6.6    Each Person claiming to be an Authorized Claimant shall be required
20   to submit to the Claims Administrator a completed Proof of Claim and Release,
21   postmarked or submitted electronically by no later than 120 calendar days after the
22   Notice Date, or such other time as may be set by the Court (the "Bar Date"), signed
23   under penalty of perjury and supported by such documents as are specified in the
24   Proof of Claim and Release and as are reasonably available to such Person.

25         6.7    Except as otherwise ordered by the Court, all Settlement Class
26   Members who fail to submit a Proof of Claim and Release by the Bar Date, or such
27   other period as may be ordered by the Court, or who submit a Proof of Claim and
28   Release that is rejected, shall be forever barred from receiving any payments

pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, including the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.

6.9     Lead Counsel will apply to the Court, with reasonable advance notice to Defendants, for a Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

6.10    Other than in the event of the termination of the Settlement pursuant to ¶3.14, Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Legal Aid Society of San Diego, Inc.

6.11    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the

1    Plan of Allocation, the determination, administration, or calculation of claims, the

2    payment or withholding of Taxes, or any losses incurred in connection therewith.

3          6.12   Defendants shall take no position with respect to the Plan of Allocation

4    or any other such plan as may be approved by the Court.

5          6.13   It is understood and agreed by the Settling Parties that any proposed

6    Plan of Allocation of the Net Settlement Fund, including, but not limited to, any

7    adjustments to an Authorized Claimant's claim set forth therein, is not a part of the

8    Stipulation and is to be considered by the Court separately from the Court's

9    consideration of the fairness, reasonableness, and adequacy of the Settlement set

10   forth in the Stipulation, and any order or proceeding relating to the Plan of

11   Allocation shall not operate to terminate or cancel the Stipulation or affect the

12   finality of the Court's Judgment approving the Stipulation and the Settlement set

13   forth therein, or any other orders entered pursuant to the Stipulation.   Settlement

14   Class Members and Defendants shall be bound by the terms of this Stipulation,

15   irrespective of whether the Court disapproves or modifies the Plan of Allocation.

16          6.14   No Person shall have any claim against Lead Plaintiff, Plaintiff's

17   Counsel, Released Persons, Defendants' counsel, or the Claims Administrator

18   based on distributions made substantially in accordance with the Stipulation and the

19   Settlement contained herein, the Plan of Allocation, or otherwise as further ordered

20   by the Court.   This does not include any claim by any party for breach of this

21   Stipulation.

22      **7.**     **Plaintiff's Counsel's Attorneys' Fees, Costs, Charges and**

23            **Expenses**

24          7.1   Lead Counsel may submit an application (the "Fee and Expense

25   Application") for distributions to them from the Settlement Fund for:  (a) an award

26   of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the

27   Action; plus (c) interest on both amounts as earned by the Settlement Fund (until

28   paid) as may be awarded by the Court.   Any and all such fees, expenses, charges,

1   and costs awarded by the Court (the "Fee and Expense Award") shall be payable
2   solely out of the Settlement Fund.  Lead Plaintiff may submit an application for an
3   award of his time and expense in representing the Settlement Class as allowed
4   under the PSLRA.  Any amounts awarded to Lead Plaintiff shall be paid from the
5   Settlement Fund.
6          7.2    The Fee and Expense Award shall be paid to Lead Counsel from the
7   Settlement Fund, as ordered, immediately following entry of an order by the Court
8   granting such award.  Lead Counsel shall thereafter allocate the attorneys' fees
9   amongst Plaintiff's Counsel in a manner that Lead Counsel in good faith believe
10  reflects the contributions of such counsel to the prosecution and settlement of the
11  Action.  In the event that the Effective Date does not occur, or the order making the
12  Fee and Expense Award pursuant to ¶7.1 is reversed or modified by final non-
13  appealable order, or if this Stipulation is cancelled or terminated for any reason, and
14  in the event any part of the Fee and Expense Award has been paid, then Plaintiff's
15  Counsel shall, in an amount consistent with such reversal, modification,
16  cancellation or termination, refund such fees or expenses to the Settlement Fund,
17  plus interest earned thereon at the same rate as earned on the Settlement Fund,
18  within thirty (30) days from receiving notice from Defendants' counsel or from a
19  court of competent jurisdiction.  Any refunds required pursuant to this paragraph
20  shall be the several obligation of each Plaintiff's Counsel receiving fees or expenses
21  to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiff's
22  Counsel, as a condition of receiving such fees and/or expenses on behalf of itself
23  and each partner and/or shareholder of it, agrees that its law firm and its partners
24  and/or shareholders are subject to the jurisdiction of the Court for the purpose of
25  enforcing the provisions of this paragraph.
26         7.3    The procedure for and the allowance or disallowance by the Court of
27  the Fee and Expense Award, or the expenses of the Lead Plaintiff, to be paid out of
28  the Settlement Fund, are not part of the Settlement, and any order or proceeding

1  relating to the Fee and Expense Application, or relating to an award to the Lead
2  Plaintiff, or any appeal from any order relating thereto or reversal or modification
3  thereof, shall not operate to terminate or cancel the Settlement, or affect or delay
4  the finality of the Judgment approving the Stipulation and the Settlement of the
5  Action (including the releases contained herein).

6       7.4    The Released Persons shall have no responsibility for nor any liability
7  with respect to the payment of any Fee and Expense Award to any Plaintiff's
8  Counsel, nor with respect to the allocation among Plaintiff's Counsel and/or any
9  other Person who may assert some claim thereto, of any Fee and Expense Award
10 that the Court may make in the Action.

11 **8.    Conditions of Settlement, Effect of Disapproval,**
   **Cancellation, or Termination**
12

13      8.1    The Effective Date of the Stipulation shall be conditioned on the
14 occurrence of all of the following events:

15          (a)    execution of this Stipulation and such other documents as may
16 be required to obtain final Court approval of the Stipulation in a form satisfactory to
17 the Settling Parties;

18          (b)    the cash portion of Settlement Amount has been deposited into
19 the Escrow Account as provided by ¶3.1 hereof, and the Settlement Shares have
20 been issued as provided by ¶3.2;

21          (c)    Defendants have not exercised their option to terminate the
22 Stipulation pursuant to ¶8.3 hereof;

23          (d)    the Court has entered the Notice Order, as required by ¶4.1
24 hereof;

25          (e)    the Court has entered the Judgment that, *inter alia*, dismisses
26 with prejudice the Action, as to the Settling Parties, as set forth above; and

27          (f)    the Judgment has become Final, as defined in ¶1.10 hereof.

28

8.2    This is not a claims-made settlement.   As of the Effective Date, Defendants, insurance carriers, and/or any other such persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶3.14 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3    If, prior to the Settlement Hearing, Persons who otherwise would be members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Arena common stock during the Class Period in an amount or percentage greater than the amount or percentage specified (the "Opt-Out Threshold") in a separate side letter regarding requests for exclusion ("Side Letter") executed between Lead Plaintiff and Arena, Arena shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Side Letter.  The Side Letter is incorporated by reference into this Stipulation.  The Side Letter will not be filed with the Court unless and until a dispute between Lead Plaintiff and Arena concerning its interpretation or application arises.  The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential. Copies of all requests for exclusion received, together with copies of all written

1   revocations of requests for exclusion, shall be promptly delivered to Arena's

2   counsel by Lead Counsel.

3        8.4   In the event that the Stipulation is not approved by the Court or the

4   Settlement set forth in the Stipulation is terminated or fails to become effective in

5   accordance with its terms, the Settling Parties shall not forfeit or waive any factual

6   or legal defense or contention in the Action and shall be restored to their respective

7   positions in the Action as of October 13, 2017.  In such event, the terms and

8   provisions of the Stipulation, with the exception of ¶¶1.1-1.30, 3.12-3.14, 7.2, 8.4,

9   9.2, 9.4, and 9.5 hereof, shall have no further force and effect with respect to the

10   Settling Parties and shall not be used in the Action or in any other proceeding for

11   any purpose, and any judgment or order entered by the Court in accordance with the

12   terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling

13   Parties shall be deemed to return to their status as of October 13, 2017, and shall be

14   required to present an amended pre-trial schedule to the Court.  No order of the

15   Court or modification or reversal on appeal of any such order of the Court

16   concerning the Plan of Allocation, the Fee and Expense Award, or any award to the

17   Lead Plaintiff shall constitute grounds for cancellation or termination of the

18   Stipulation.

19      **9.**    **Miscellaneous Provisions**

20

21        9.1   The Settling Parties: (a) acknowledge that it is their intent to

22   consummate this Settlement; and (b) agree to cooperate to the extent reasonably

23   necessary to effectuate and implement all terms and conditions of the Stipulation

24   and to exercise their best efforts to accomplish the foregoing terms and conditions

25   of the Stipulation expeditiously.

26        9.2   The Settling Parties intend this Settlement to be a final and complete

27   resolution of all disputes between them with respect to the Action. The Settlement

28   and all negotiations, discussions, and proceedings leading up to and in connection

herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Persons of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

9.3    The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.4    Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings or act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons, Lead Plaintiff, Settlement Class Members, and Plaintiff's Counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

9.5   The Protective Order so ordered on May 15, 2017 [ECF No. 110] shall survive this Stipulation, pursuant to its terms.

9.6   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.7   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8   No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.   No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.9   The Stipulation together with the Side Letter referred to in ¶8.3 constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.   Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.10   This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would

1 | permit its enforcement, but in no event shall such provision affect, impair, or
2 | invalidate any other provision hereof.

3 |     9.11   Neither the Settlement Class Members nor Defendants shall be bound
4 | by the Stipulation if the Court modifies material terms thereof, provided, however,
5 | that it shall not be a basis for Settlement Class Members to terminate the Settlement
6 | if the Court modifies any proposed Plan of Allocation or criteria for allocation of
7 | the Net Settlement Fund amongst Settlement Class Members, or the Plan of
8 | Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation
9 | if the Court disapproves of or modifies the terms of this Stipulation with respect to
10 | attorneys' fees or expenses (or any award to the Lead Plaintiff) or the distribution
11 | of the Net Settlement Fund.  Notwithstanding any such modification of the terms or
12 | Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses (or
13 | any award to the Lead Plaintiff), Defendants shall be entitled to all benefits of the
14 | Settlement and shall not, under any circumstances, be called upon to contribute
15 | additional funds to the Settlement Amount.

16 |     9.12   Lead Counsel, on behalf of the Class, are expressly authorized by Lead
17 | Plaintiff to take all appropriate action required or permitted to be taken by the
18 | Settlement Class pursuant to the Stipulation to effectuate its terms and also are
19 | expressly authorized to enter into any modifications or amendments to the
20 | Stipulation on behalf of the Settlement Class which they deem appropriate.

21 |     9.13   Each counsel or other Person executing the Stipulation on behalf of
22 | any Settling Party hereby warrants that such Person has the full authority to do so.

23 |     9.14   All notices, requests, demands, claims, and other communications
24 | hereunder shall be in writing and shall be deemed duly given (i) when delivered
25 | personally to the recipient, (ii) one (1) business day after being sent to the recipient
26 | by reputable overnight courier service (charges prepaid), or (iii) five (5) business
27 | days after being mailed to the recipient by certified or registered mail, return receipt
28 |

1   requested and postage prepaid, and addressed to the intended recipient as set forth
2   below:

3       *If to Lead Plaintiff or to Lead Counsel:*
        Jeffrey P. Campisi
4       KAPLAN FOX & KILSHEIMER LLP
        850 Third Avenue; 14ᵗʰ Floor
5       NY, NY 10022

6
        *If to Defendants or to Defendants' counsel:*
7       Ryan E. Blair
        COOLEY LLP
8       4401 Eastgate Mall
        San Diego, CA 92121
9

10       9.15   The Stipulation may be executed in one or more counterparts.   All
11   executed counterparts and each of them shall be deemed to be one and the same
12   instrument.  A complete set of executed counterparts shall be filed with the Court.
13   Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

14       9.16   The Stipulation shall be binding upon, and inure to the benefit of, the
15   heirs, successors, and assigns of the Settling Parties hereto.

16       9.17   With the exception of matters expressly declared subject to arbitration
17   in ¶9.18, Lead Plaintiff, each member of the Settlement Class and Defendants
18   hereby submit to the exclusive jurisdiction of the United States District Court for
19   the Southern District of California.

20       9.18   Any claim or dispute among the parties arising out of, relating to, or in
21   connection with the interpretation or implementation of the terms of this Agreement
22   shall be finally determined in arbitration before Former U.S. District Judge Layn R.
23   Phillips as arbitrator, or such other arbitrator upon whom the parties shall mutually
24   agree.   Subject to the award of the arbitrator, the parties participating in an
25   arbitration shall pay an equal share of the arbitrator's fees.  The arbitrator may
26   award recovery of all costs (including administrative fees, arbitrator's fees, and
27   court costs, but excluding attorneys' fees) to the prevailing party).  Judgment upon
28

1    any award by the arbitrator may be entered in the United States District Court for

2    the Southern District of California.

3          9.19    Pending approval of the Court of the Stipulation, all proceedings in the

4    Action shall be stayed and all members of the Settlement Class shall be barred and

5    enjoined from commencing any action to prosecute or prosecuting any of the

6    Released Claims against any of the Released Persons.

7          9.20    This Stipulation shall be considered to have been negotiated, executed,

8    and delivered, and to be wholly performed, in the State of California, and the rights

9    and obligations of the parties to the Stipulation shall be construed and enforced in

10   accordance with, and governed by, the internal, substantive laws of the State of

11   California, without giving effect to that State's choice-of-law principles.

12         IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to

13   be executed, by their duly authorized attorneys.

14

15   DATED: November 3, 2017

16                                   By:   _____
                                            JEFFREY P. CAMPISI

17                                         Robert N. Kaplan (*pro hac vice*)
                                           Jeffrey P. Campisi (*pro hac vice*)
18                                         KAPLAN FOX & KILSHEIMER LLP
                                           850 Third Avenue, 14th Floor
19                                         New York, NY 10022
                                           Telephone:  212-687-1980
20                                         Facsimile:  212-687-7714

21                                         Laurence D. King
                                           Mario M. Choi
22                                         KAPLAN FOX & KILSHEIMER LLP
                                           350 Sansome Street, Suite 400
23                                         San Francisco, CA 94104
                                           Telephone:  415-772-4700
24                                         Facsimile:  415-772-4707

25

26

27

28

1

2

3

4

5

6

7

8

9   DATED: November 3, 2017      By:

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lead Counsel for Lead Plaintiff
Carl Schwartz*

Betsy C. Manifold
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:   619/239-4599
Facsimile:   619/234-4599

*Additional Counsel for Lead Plaintiff
Carl Schwartz and the Proposed Class*

Michael A. Attanasio (SBN 151529)
Koji F. Fukumura (SBN 189719)
Ryan E. Blair (SBN 246724)
Mary Kathryn Kelley (SBN 170259)
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858-550-6000
Facsimile: 858-550-6420
mattanasio@cooley.com
kfukumura@cooley.com
rblair@cooley.com
mkkelley@cooley.com

*Attorneys for Defendants Arena
Pharmaceuticals, Inc., Jack Lief, Robert
E. Hoffman, Dominic, P. Behan, William
R. Shanahan, and Christy Anderson*