Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Robert N. Kaplan (*pro hac vice*)
Jeffrey P. Campisi (*pro hac vice*)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com

*Lead Counsel for Lead Plaintiff Carl
Schwartz and the Proposed Settlement Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON,<br><br>                    Defendants. | Case No. 3:10-cv-01959-CAB (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 4C<br>Hearing Date: December 12, 2017<br>Hearing Time: [None Set]<br><br>**[No oral argument unless separately ordered by the Court]** |

[*Additional Captions on Following Pages*]

| | |
|---|---|
| WILLIAM SUTLIFF and JEAN SUTLIFF, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF and WILLIAM SHANAHAN, JR.<br><br>Defendants. | Case No. 3:10-cv-01961-CAB (BLM) |
| WILLIAM PRATT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>Defendants. | Case No. 3:10-cv-01977-CAB (BLM) |
| CRAIG RUBENSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>Defendants. | Case No. 3:10-cv-01984-CAB (BLM) |

[*Additional Captions on Following Page*]

| | |
|---|---|
| RODNEY VELASQUEZ, on behalf of himself and all others similarly situated, | Case No. 3:10-cv-02026-CAB (BLM) |
| Plaintiff, | |
| vs. | |
| ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON, | |
| Defendants. | |
| THONG VU, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02086-CAB (BLM) |
| Plaintiff, | |
| vs. | |
| ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON, | |
| Defendants. | |
| ARIC D. JACOBSON, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02335-CAB (BLM) |
| Plaintiff, | |
| vs. | |
| ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR., and CHRISTY ANDERSON, | |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................... 1

II.     SUMMARY OF THE LITIGATION ........................................ 3

III.    SUMMARY AND REASONS FOR THE SETTLEMENT ....................... 6

IV.     ARGUMENT ............................................................................. 6

        A.    The Law Favors And Encourages Settlements ..................... 6

        B.    The Proposed Settlement Should Be Preliminarily Approved ............ 7

              1.    The Proposed Settlement, the Product of a Mediator's Proposal, was Vigorously Negotiated and is Supported by Experienced Counsel .............................. 8

              2.    The Proposed Settlement Provides a Favorable Recovery for the Settlement Class ............................................ 10

              3.    The Proposed Settlement Does Not Unjustly Favor Any Settlement Class Members, Including Plaintiff ...................... 11

              4.    The Stage of the Proceedings and the Discovery Completed ....................................................... 12

        C.    The Settlement Class Meets The Requisites For Class Certification Under Rule 23 ..................................... 13

              1.    Numerosity ............................................................... 14

              2.    Commonality ............................................................ 14

              3.    Typicality ................................................................. 15

              4.    Adequacy .................................................................. 16

              5.    Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication ...................... 17

        D.    The Proposed Notice To The Settlement Class Is Adequate ............. 19

        E.    The Plan Of Allocation Should Be Preliminarily Approved ............. 22

        F.    The Proposed Claims Administrator ..................................... 22

V.      PROPOSED SCHEDULE OF EVENTS AND FINAL APPROVAL PROCEEDINGS ................................................... 23

VI.     CONCLUSION ......................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................... 15, 18

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
  568 U.S. 455 (2013) ...................................................................... 17, 18

*Butler v. Sears, Roebuck and Co.*,
  727 F.3d 796 (7th Cir. 2013) .............................................................. 18

*Carter v. Anderson Merchandisers*, *LP*,
  No. EDCV 08-0025-VAP (OPx), 2010 U.S. Dist. LEXIS 55581
  (C.D. Cal. May 11, 2010) ..................................................................... 9

*Cifuentes v. Ceva Logistics U.S., Inc.*,
  No. 16-CV-01957-H-DHB, 2017 U.S. Dist. LEXIS 90080 (S.D.
  Cal. June 12, 2017) ............................................................................. 9

*Ebarle v. Lifelock, Inc.*,
  No. 15-cv-00258-HSG, 2016 U.S. Dist. LEXIS 6698 (N.D. Cal.
  Jan. 20, 2016) ..................................................................................... 9

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ..................... 8

*Harris v. Vector Mktg. Corp.*,
  No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878 (N.D. Cal.
  Apr 29, 2011) ...................................................................................... 9

*In re Adobe Sys., Inc. Sec. Litig.*,
  139 F.R.D. 150 (N.D. Cal. 1991) .......................................................... 13

*In re Alco Int'l Grp., Inc., Sec. Litig.*,
  158 F.R.D. 152 (S.D. Cal. 1994) ........................................................... 15

*In re Am. Apparel S'holder Litig.*,
  No. CV 10-06352 MMM (JCGx), 2014 U.S. Dist. LEXIS 184548
  (C.D. Cal. July 28, 2014) .................................................................... 10

*In re Applied Micro Circuits Corp. Sec. Litig.*,
  No. 01CV0649 K (AJB), 2003 U.S. Dist. LEXIS 14492 (S.D. Cal.
  July 10, 2003) .................................................................................... 14

*In re Biolase, Inc. Sec. Litig.*,
  No. SACV 13-1300-JLS, 2015 U.S. Dist. LEXIS 189232 (C.D.
  Cal. June 5, 2015) ..................................................................... 15, 16, 18, 19

**TABLE OF AUTHORITIES**
**(continued)**

Page

*In re Charles Schwab Corp. Sec. Litig.*,
No. C 08-01510 WHA, 2011 U.S. Dist. LEXIS 44547 (N.D. Cal.
Apr. 19, 2011) ......................................................................................... 10

*In re Cooper Cos. Inc. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009) ...................................................... passim

*In re Emulex Corp.*,
210 F.R.D. 717 (C.D. Cal. 2002) ............................................................. 18

*In re Heritage Bond Litig. v. U.S. Trust Corp.*,
546 F.3d 667 (9th Cir. 2008) ................................................................... 13

*In re Heritage Bond Litig.*,
No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal.
June 10, 2005) ....................................................................................... 6, 7

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................... 8, 10, 11, 19

*In re Initial Pub. Offering Sec. Litig.*,
260 F.R.D. 81 (S.D.N.Y. 2009) .............................................................. 18

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ................................................................... 11

*In re Omnivision Techs.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2007) ................................................. 21

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ....................................................................... 7

*In re Portal Software Sec. Litig.*,
No. C-03-5138 VRW, 2007 U.S. Dist. LEXIS 51794 (N.D. Cal.
June 30, 2007) ......................................................................................... 12

*In re Portal Software, Inc. Sec. Litig.*,
No. C-03-5138 VRW, 2007 U.S. Dist. LEXIS 88886 (N.D. Cal.
Nov. 26, 2007) ......................................................................................... 12

*In re Silver Wheaton Corp. Sec. Litig.*,
No. 2:15-cv-05146-CAS (JEMx), 2017 U.S. Dist. LEXIS 72787
(C.D. Cal. May 11, 2017) ................................................................... 14, 16

*In re Surebeam Corp. Sec. Litig.*,
No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D.
Cal. Dec. 31, 2003) ................................................................................. 16

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 148374 (N.D. Cal.
Oct. 25, 2016) .......................................................................................... 12

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Wireless Facilities, Inc.*,
 253 F.R.D. 607 (S.D. Cal. 2008)...................................................................6, 7

*In re Zynga Sec. Litig.*,
 No. 12-cv-04007-JSC, 2015 U.S. Dist. LEXIS 145728 (N.D. Cal.
 Oct. 27, 2015).............................................................................................22

*Katz v. China Century Dragon Media, Inc.*,
 287 F.R.D. 575 (C.D. Cal. 2012) ..................................................................14

*Lane v. Facebook, Inc.*,
 696 F.3d 811 (9th Cir. 2012)..........................................................................19

*Livingston v. Toyota Motor Sales USA, Inc.*,
 No. C-94-1377-MHP, 1995 U.S. Dist. LEXIS 21757 (N.D. Cal.
 May 30, 1995) .................................................................................................9

*Morales v. Stevco, Inc.*,
 No. 1:09-cv-00704 AWI JLT, 2011 U.S. Dist. LEXIS 130604 (E.D.
 Cal. Nov. 10, 2011) .........................................................................................9

*Murillo v. Pac. Gas & Elec. Co.*,
 266 F.R.D. 468 (E.D. Cal. 2010) ...............................................................7, 17

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
 238 F.R.D. 482 (C.D. Cal. 2006) ..................................................................14

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982)............................................................................6

*Patel v. Axesstel, Inc.*,
 No. 3:14-CV-1037-CAB-BGS, 2015 U.S. Dist. LEXIS 146949
 (S.D. Cal. Oct. 23, 2015)....................................................................13, 14, 17

*Rafton v. Rydex Series Funds*,
 No. CV 10-01171 LHK, 2011 U.S. Dist. LEXIS 103141 (N.D.
 Cal. Sept. 13, 2011)..........................................................................................6

*Rivera v. Bio Engineered Supplements & Nutrition, Inc.*,
 No. SACV 07-1306 JVS (RNBx), 2008 U.S. Dist. LEXIS 95083
 (C.D. Cal. Nov. 13, 2008) ..............................................................................16

*Sandoval v. Tharaldson Emple. Mgmt.*,
 No. EDCV 08-482-VAP (OPx), 2010 U.S. Dist. LEXIS 69799
 (C.D. Cal. June 15, 2010)................................................................................19

*Satchell v. Fed. Exp. Corp.*,
 No. C03-2659 SI, 2007 U.S. Dist. LEXIS 99066 (N.D. Cal.
 Apr. 13, 2007) ..................................................................................................8

*Schleicher v. Wendt*,
 618 F.3d 679 (7th Cir. 2010)...........................................................................18

# TABLE OF AUTHORITIES
## (continued)

Page

*Schueneman v. Arena Pharms., Inc.*,
840 F.3d 698 (9th Cir. 2016)..................................................................4

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003)..................................................................6

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993)....................................................................8

*Van Bronkhorst v. Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976)..................................................................6

*Williams v. Costco Wholesale Corp.*,
No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674 (S.D.
Cal. Mar. 4, 2010)............................................................................7, 8

*Ybarrondo v. NCO Fin. Sys., Inc.*,
No. 05cv2057-L(JMA), 2009 U.S. Dist. LEXIS 100502 (S.D. Cal.
Oct. 28, 2009)....................................................................................17

*Young v. Polo Retail, LLC*,
No C-02-4546 VRW, 2006 U.S. Dist. LEXIS 81077 (N.D. Cal.
Oct. 25, 2006)......................................................................................8

## RULES

Federal Rules of Civil Procedure
Rule 23 ........................................................................3, 6, 13, 21
Rule 23(a)................................................................13, 14, 16, 19
Rule 23(a)(1)........................................................................14
Rule 23(a)(2)........................................................................14
Rule 23(a)(3)........................................................................15
Rule 23(a)(4)....................................................................16, 17
Rule 23(b)........................................................................13, 19
Rule 23(b)(3)................................................................14, 17, 18
Rule 23(c)(2)(B)....................................................................19
Rule 23(e)(1)........................................................................19
Rule 23(h)(1)........................................................................20

## STATUTES

15 U.S.C.
§ 78u-4(a)(4) ................................................................passim
§ 78u-4(a)(7) ........................................................................20

## TREATISE

Manual for Complex Litigation (Fourth)
§ 21.311 (2004) ....................................................................21

Lead Plaintiff Carl Schwartz ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of his unopposed motion for preliminary approval of the settlement in the above-captioned actions (the "Action"), and entry of the proposed Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order").[1]  The Preliminary Approval Order will: (i) grant preliminary approval of the proposed class action settlement on the terms set forth in the Stipulation of Settlement, dated November 3, 2017 ("Stipulation" or "Settlement")  [ECF No. 152];[2]  (ii) certify the proposed Settlement Class;[3] (iii) approve the form and manner of notice of the proposed Settlement to the Settlement Class; and (iv) schedule a fairness hearing date for final approval of the proposed Settlement ("Final Settlement Approval Hearing") and a schedule for various deadlines in connection with the Settlement.

Defendants have represented that they support preliminary approval and do not oppose Plaintiff's motion.

## I.    INTRODUCTION

The parties have reached an agreement to resolve the proposed Settlement Class' claims against Defendants pursuant to the accompanying Stipulation.  The Settlement provides for the payment $24 million, consisting of $12,025,000.00 in cash, and Arena common stock to be issued with a value of $11,975,000.00 ("Settlement Shares"),[4] for the benefit of the Settlement Class.

The Settlement is the product of efficient but contentious litigation, well-informed and extensive arm's-length negotiations between experienced and

---

[1]     *See* Declaration of Jeffrey P. Campisi in Support of Unopposed Motion for Preliminary Approval of Settlement, dated November 7, 2017 ("Campisi Decl."), at Ex. 1.

[2]     All capitalized terms not defined herein have the meanings ascribed to them in the Stipulation.

[3]     The proposed Settlement Class is defined in the Stipulation at ¶ 1.26.  *See also* Section IV.C, *infra*, and Notice of Pendency and Proposed Settlement of Class Action ("Notice"), attached to the Preliminary Approval Order as Exhibit A-1.

[4]     Arena has the option to pay all or part of the Settlement Shares in cash at the time Arena is to issue the Settlement Shares.  *See* Stipulation, ¶ 3.4.

knowledgeable counsel, and is based upon a mediator's proposal by former federal district judge Layn Phillips, which the parties accepted.  At the time the Settlement was reached, over the course of seven years Kaplan Fox & Kilsheimer LLP ("Lead Counsel"): (1) conducted an extensive investigation, including review of filings with the Securities and Exchange Commission ("SEC"), press releases, news reports, filings in related litigation, analyst reports, and other publicly available information; (2) consulted with experts concerning economic loss, causation, market efficiency, FDA policies and procedures, and toxicology and nonclinical carcinogenicity studies; (3) conducted exhaustive research of the applicable law for claims in the Action and the potential defenses; (4) filed an initial complaint, two amended complaints, and drafted and filed a proposed third amended complaint; (5) opposed Defendants' motions to dismiss, which included multiple rounds of extensive briefing and oral argument; (6) successfully achieved in the United States Court of Appeals for the Ninth Circuit a reversal of district court's dismissal with prejudice of the Action; (7) after the case was remanded to the district court, successfully opposed Defendants' renewed motion to dismiss; (8) conducted in person and telephonic interviews with numerous witnesses; (9) participated in an initial case management conference before the magistrate judge and negotiated a protective order and protocol for the production of electronically stored information; (10) served  a comprehensive set of Requests for Production of Documents and two sets of interrogatories; (11) engaged in multiple meet and confers with Defendants concerning discovery and engaged in motion practice concerning the timing, nature, and scope of discovery; (12) obtained substantial discovery from Defendants, including Defendants' Investigational New Drug Application and New Drug Application for lorcaserin, Arena's nonpublic Food and Drug Administration ("FDA") correspondence file, Arena's board minutes and materials, and over 1.2 million documents from 16 Arena custodians; (13) obtained thousands of documents from nonparties, including the FDA; (14) conducted a review and analysis of hundreds of

thousands of documents and prepared for several witness depositions; (15) worked with Plaintiff to respond to Defendants' requests for documents and interrogatories, collect and produce responsive documents, and prepared for his deposition; and (16) participated in an arm's-length mediation process, which included preparation of extensive mediation briefing, a full-day mediation, and additional negotiations by phone and email.

Based on an informed evaluation of the facts and governing legal principles, and the recognition of the substantial risk and expense of continued litigation, Plaintiff and Lead Counsel believe that the Settlement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff moves for preliminary approval and submits this Memorandum of Points and Authorities in support thereof.

## II.   SUMMARY OF THE LITIGATION

The initial complaint was filed by Todd Schueneman, on September 20, 2010. ECF No. 1. On August 8, 2011, the Court consolidated seven class actions under the caption *Schueneman v. Arena Pharmaceuticals, Inc., et al.*, No. 10-cv-01959 (S.D. Cal.), and appointed Carl Schwartz lead plaintiff and approved his choice of Kaplan Fox & Kilsheimer LLP lead counsel. ECF No. 33.

On November 1, 2011, Plaintiff filed the Consolidated Amended Class Action Complaint (the "Consolidated Complaint") for violations of the federal securities laws. *See* ECF No. 43. On December 30, 2011, Defendants moved to dismiss the allegations in the Consolidated Complaint. *See* ECF Nos. 44-46. Plaintiff opposed the motion, ECF Nos. 47-48, and Defendants replied. ECF Nos. 51-52. On March 28, 2013, the Court granted Defendants' motion without prejudice. *See* ECF No. 56.

On May 13, 2013, Plaintiff filed his Second Consolidated Amended Class Action Complaint (the "Complaint"). ECF No. 59. On June 14, 2013, Defendants moved to dismiss, arguing that Plaintiff failed to allege particularized facts sufficient

1    to show that any challenged statement was false or misleading when it was made,

2    that Arena's forward-looking statements were protected by the Safe Harbor

3    provisions of the PSLRA, and that the Complaint failed to plead specific facts

4    establishing a strong inference of scienter.  *See* ECF No. 60.  Plaintiff opposed,

5    arguing that the Complaint adequately alleged each element of the claims asserted.

6    *See* ECF Nos. 61, 62.  Defendants replied.  ECF Nos. 63, 64.  The Court held oral

7    argument on October 25, 2013 (ECF No. 69), and thereafter dismissed the Complaint,

8    stating that Plaintiff failed to adequately allege scienter.  ECF No. 71.  The Court also

9    dismissed Defendant Hoffman with prejudice.  *Id.* at 13.

10       The Court allowed Plaintiff to seek to move to amend for a more limited class

11   period and "limited to addressing whether the amended complaint sufficiently pleads

12   a strong inference of scienter."  *Id.* at 12-13.  Based upon the Court's order, Plaintiff

13   moved to amend the Complaint on November 27, 2013 and sought permission to file

14   a third amended complaint.  ECF No. 73.  Defendants opposed the motion, ECF

15   No. 74, and Plaintiff replied.  ECF No. 75.  On March 20, 2014, the Court denied the

16   motion to amend, finding that Plaintiff failed to allege facts that would give rise to a

17   strong inference of scienter, and dismissed the case with prejudice.  ECF No. 77, 78.

18   Plaintiff filed his notice of appeal on April 18, 2014.  ECF No. 79.

19       After extensive briefing in the Ninth Circuit and oral argument, on October 26,

20   2016, the Ninth Circuit reversed the dismissal, finding that Plaintiff adequately

21   alleged facts that gave rise to a strong inference of scienter, and remanded the case

22   for further proceedings.  *See Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698 (9th

23   Cir. 2016).   On November 23, 2016, Defendants petitioned for a rehearing or

24   rehearing *en banc*, but on January 10, 2017, rehearing was denied.  ECF No. 85.

25       After remand to the Court, on February 2, 2017, Defendants again sought to

26   dismiss the case, this time on grounds that the Complaint failed to adequately state

27   falsity.  ECF Nos. 90-93, 95.  Plaintiff opposed the motion, and Defendants replied.

28

1   ECF Nos. 101-104.  On April 28, 2017, the Court denied the motion in its entirety.

2   ECF No. 105.  Defendants answered the Complaint on May 12, 2017.  ECF No. 107.

3        In response to Plaintiff's document requests, Plaintiff obtained substantial

4   discovery from Defendants, and non-parties as set forth above.  At the time the

5   settlement was reached, Plaintiff had reviewed hundreds of thousands of documents

6   and Plaintiff was also preparing for the depositions of several former Arena

7   employees and two FDA representatives.  Plaintiff also conducted multiple discovery

8   conferences with Defendants, and filed or opposed motions concerning the timing,

9   nature, and scope of discovery.  *See* ECF Nos. 112, 113, 115-123, 125-129, 131-149.

10  Plaintiff likewise conducted multiple meet and confers with the subpoenaed non-

11  parties, yielding thousands of additional pages of documents.

12       Plaintiff and Defendants mediated their claims with Judge Phillips during an

13  in-person session on August 1, 2017.  No agreement was reached, but good-faith,

14  arm's-length negotiations continued.   Meanwhile, Plaintiff continued pursuing

15  discovery by reviewing documents produced by Defendants, issuing additional

16  subpoenas, and briefing various discovery matters.

17       Judge Phillips continued to assist the parties in reaching a resolution, and

18  provided a mediator's proposal, which the parties accepted, culminating in an

19  agreement-in-principle on October 13, 2017.  The parties thereafter informed the

20  Court, and, on October 17, 2017, Plaintiff withdrew any motions then pending.  *See*

21  ECF No. 150.

22       Based upon their investigation and discovery, Plaintiff and Lead Counsel have

23  concluded that the terms and conditions of this Stipulation are fair, reasonable, and

24  adequate to the Settlement Class and in their best interests.  The parties have agreed

25  to settle the Action pursuant to the terms and provisions of the Stipulation, after

26  considering: (i) the substantial benefits that Settlement Class members will receive

27  from resolution of the Action; (ii) the risks of continued litigation; and (iii) the

28

desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

## III.  SUMMARY AND REASONS FOR THE SETTLEMENT

The parties accepted the mediator's proposal and settled the claims with an understanding of the strengths and weaknesses of their claims and defenses.  While Plaintiff believes that the claims have merit, Plaintiff concluded that a risk existed that the proposed Settlement Class could recover less than the Settlement, or nothing at all, if the Action continued.  The Settlement falls within the range of possible approval and therefore the Court should grant preliminary approval of the Settlement.[5]

## IV.  ARGUMENT

### A.    The Law Favors And Encourages Settlements

Rule 23 requires judicial approval of any compromise of claims brought on a class-wide basis.  "In deciding whether to approve a proposed settlement, the Ninth Circuit has a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"[6]  *In re Heritage Bond Litig*., No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555, at *9 (C.D. Cal. June 10, 2005); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits."  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Staton v. Boeing Co.*, 327 F.3d 938, 989 (9th Cir. 2003).  Moreover, the Ninth Circuit expressly recognizes that:

> [I]n making its assessment pursuant to Rule 23(e), the Court's[] "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the

---

[5]    *See generally Rafton v. Rydex Series Funds*, No. CV 10-01171 LHK, 2011 U.S. Dist. LEXIS 103141 (N.D. Cal. Sept. 13, 2011); *In re Wireless Facilities*, *Inc.*, 253 F.R.D. 607 (S.D. Cal. 2008).

[6]    Here, as elsewhere, citations and footnotes have been omitted and emphasis has been added unless otherwise indicated.

negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."

*Heritage Bond*, 2005 U.S. Dist. LEXIS 13555, at \*10 (quoting *Officers for Justice*, 688 F.2d at 625). Recognizing that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in [the] litigation," courts favor approval of settlements. *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

## B.    The Proposed Settlement Should Be Preliminarily Approved

"In the first stage of the approval process, 'the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the Class . . . and authorize[s] notice to be given to the Class.'" *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 473 (E.D. Cal. 2010). Here, the "Court need only determine whether the proposed settlement appears on its face to be fair" and "falls within the range of possible approval." *Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674, \*15-16 (S.D. Cal. Mar. 4, 2010); *see also Wireless Facilities*, 253 F.R.D. at 612. The Court is not presently required to make a final determination as to whether the proposed Settlement will ultimately be found to be fair, reasonable, and adequate. That evaluation is made at the final approval stage, after notice of the proposed Settlement has been given to the members of the Settlement Class and Settlement Class Members have had an opportunity both to voice their views of the proposed Settlement and to exclude themselves from the Settlement Class. *See Williams*, 2010 U.S. Dist. LEXIS 19674, at \*14-15 ("Given that some [] factors cannot be fully assessed until the Court conducts a Final Approval Hearing, 'a full fairness analysis is unnecessary at this stage.'").[7]

---

[7]     In connection with final approval of the proposed Settlement, the Court will be asked to review the following factors: (1) the amount offered in Settlement; (2) the reaction of the Settlement Class Members to the proposed Settlement; (3) the strength of Plaintiff's case; (4) the risk, expense, complexity, and likely duration of further litigation; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of Lead Counsel; (7) the risk of maintaining class action status throughout the trial; and (8) the absence of collusion. *Williams*, 2010 U.S.

This motion requests that the Court take the first step as "[p]reliminary approval of a settlement and notice to the proposed class is appropriate: '[i]f [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval. . . .'" *Williams*, 2010 U.S. Dist. LEXIS 19674, at *15.[8]  As demonstrated below, the proposed Settlement is a fair and just result. Given the complexity of the Action, the potential difficulty of proving certain elements of the alleged claims, and the continued risks if the parties proceeded to trial, the Settlement represents a favorable resolution of the Action and eliminates the risk that the Settlement Class might otherwise recover nothing.   The proposed Settlement satisfies the criteria for assessing preliminary approval of a proposed settlement, and the proposed Settlement is well within the range of possible approval.

### 1.   The Proposed Settlement, the Product of a Mediator's Proposal, was Vigorously Negotiated and is Supported by Experienced Counsel

Courts recognize that the opinion of experienced counsel supporting settlement after vigorous arm's-length negotiation is entitled to considerable weight. *See, e.g.*, *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007) (same); *Satchell v. Fed. Exp. Corp.*, No. C03-2659 SI, 2007 U.S. Dist. LEXIS

---

Dist. LEXIS 19674, at *14-15; *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375-76 (9th Cir. 1993).

[8]    *See also Young v. Polo Retail, LLC*, No C-02-4546 VRW, 2006 U.S. Dist. LEXIS 81077, at *12-13 (N.D. Cal. Oct. 25, 2006) ("If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no[] obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing").

99066, at *17 (N.D. Cal. Apr. 13, 2007) (same).[9]  Courts have also recognized that agreements based upon a mediator's proposal demonstrate non-collusive conduct. *See, e.g.*, *Ebarle v. Lifelock, Inc.*, No. 15-cv-00258-HSG, 2016 U.S. Dist. LEXIS 6698, at *18 (N.D. Cal. Jan. 20, 2016) (finding that acceptance of a mediator's proposal following mediation sessions "strongly suggests the absence of collusion or bad faith"); *Morales v. Stevco, Inc.*, No. 1:09-cv-00704 AWI JLT, 2011 U.S. Dist. LEXIS 130604, at *32 (E.D. Cal. Nov. 10, 2011) (same).

Here, the parties have been actively litigating the Action, and Lead Counsel has conducted an extensive investigation into the alleged claims.  Lead Counsel also engaged in a rigorous negotiation process with Defense Counsel, and fully considered and evaluated the fairness of the Settlement to the Settlement Class.  The parties' settlement negotiations were hard-fought, and included the determined assistance of an experienced mediator.  At Judge Phillips' direction, the parties submitted comprehensive mediation statements.  After submitting their statements, counsel for all parties attended an in-person mediation before Judge Phillips on August 1, 2017, and gave aggressive, detailed, and thoughtful presentations on the perceived strengths and weaknesses of their respective cases.  It was only after several additional months of intense discussions and a meditator's proposal by Judge Phillips that the parties were ultimately able to reach an agreement-in-principle.

Additionally, throughout the Action and settlement negotiations, Defendants have been vigorously represented by Cooley LLP.  Defense Counsel's representation of Defendants was no less rigorous than Lead Counsel's representation of the Settlement Class.  *See Livingston v. Toyota Motor Sales USA, Inc.*, No. C-94-1377-MHP, 1995 U.S. Dist. LEXIS 21757, at *16-17 (N.D. Cal. May 30, 1995).  Because the Settlement is the product of serious, informed, and non-collusive negotiations

---

[9]      *See also Cifuentes v. Ceva Logistics U.S., Inc.*, No. 16-CV-01957-H-DHB, 2017 U.S. Dist. LEXIS 90080, at *12 (S.D. Cal. June 12, 2017); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *25 (N.D. Cal. Apr 29, 2011); *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP (OPx), 2010 U.S. Dist. LEXIS 55581, at *22 (C.D. Cal. May 11, 2010).

1   among experienced counsel and the product of a mediator's proposal, it deserves

2   preliminary approval.

### 2.   The Proposed Settlement Provides a Favorable Recovery for the Settlement Class

5   The Settlement provides for the recovery of $12,025,000.00 in cash, and Arena

6   common stock to be issued with a value of $11,975,000.00, to be allocated among

7   Settlement Class Members following deduction of Court-approved fees and

8   expenses.  As in their motions to dismiss (*see, generally*, ECF Nos. 40, 60), at oral

9   argument (ECF No. 69), and at appeal, Defendants were prepared to make a multi-

10   pronged defense at trial.  Plaintiff anticipates that Defendants would have argued

11   that: (i) the statements were not made with scienter; (ii) the statements were not false

12   or misleading when made; (iii) the statements are protected by the PSLRA's safe

13   harbor for forward-looking statements and are not actionable as statements of

14   corporate optimism or of historical fact; (iv) the statements were but a temporary

15   difference of scientific opinion about an interpretation of animal testing results;

16   (v) Defendants' actions did not cause any of the Settlement Class's alleged losses;

17   and (vi) the fact that the FDA ultimately approved lorcaserin demonstrates their

18   scientific interpretation was reasonable.  *See Immune Response*, 497 F. Supp. 2d at

19   1171-72 (noting difficulty in establishing Section 10b claim at trial); *In re Am.*

20   *Apparel S'holder Litig.*, No. CV 10-06352 MMM (JCGx), 2014 U.S. Dist. LEXIS

21   184548, at *28-31 (C.D. Cal. July 28, 2014) (same).

22   "Prosecuting these claims through trial and subsequent appeals would have

23   involved significant risk, expense, and delay to any potential recovery. . . ."  *In re*

24   *Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2011 U.S. Dist. LEXIS

25   44547, at *19 (N.D. Cal. Apr. 19, 2011).  Preliminary approval of the Settlement is

26   warranted.

27

28

### 3.   The Proposed Settlement Does Not Unjustly Favor Any Settlement Class Members, Including Plaintiff

The Plan of Allocation described in the proposed Notice to the Settlement Class (*see* Exhibit A-1 to the Preliminary Approval Order) provides for distribution of the Settlement Fund (after deduction of Court-approved fees and expenses) to potential Settlement Class Members.  The formula to apportion the Net Settlement Fund among Settlement Class Members is based on when members purchased and/or sold shares of common stock, as developed by Plaintiff's damages consultant.  This method ensures that Settlement Class Members' recoveries are based upon the relative losses sustained.  All Settlement Class Members, including Plaintiff, will receive a *pro rata* distribution from the Net Settlement Fund calculated in the same manner.

The Notice further discloses that Plaintiff may apply to the Court for reimbursement of reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class; a request permitted by the PSLRA and subject to Court approval. 15 U.S.C. § 78u-4(a)(4).[10]  Although Plaintiff will share in the Net Settlement Fund in the same proportion as all Settlement Class Members, he may seek to recover reasonable costs and expenses incurred as a result of activities undertaken on behalf, and directly related to his representation, of the Settlement Class.[11]  *See id.*

---

[10]   *See also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming reimbursement award to class representative in securities class action); *Immune Response*, 497 F. Supp. 2d at 1173 (approving $40,000 reimbursement to lead plaintiff).

[11]   The PSLRA specifically provides for reimbursement to representative plaintiffs in securities fraud class actions. Pursuant to 15 U.S.C. § 78u-4(a)(4): "The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class."

1    Thus, the Settlement does not improperly grant preferential treatment to
2    Plaintiff or segments of the Settlement Class.  *In re Portal Software Sec. Litig.*, No.
3    C-03-5138 VRW, 2007 U.S. Dist. LEXIS 51794, at *14-15 (N.D. Cal. June 30,
4    2007).

5              **4.      The Stage of the Proceedings and the Discovery Completed**
6         The action has been pending for over seven years and, as discussed in detail
7    above, Lead Counsel engaged in extensive investigation, research, and analysis of
8    the Settlement Class' claims, engaged in extensive motion practice and obtained
9    voluminous discovery.  Discovery helped Plaintiff evaluate the merits of his claims—
10   namely, what and when Defendants knew concerning the adverse results of the Rat
11   Study, its relevance to humans, and whether those results should have been disclosed
12   to investors.  The parties presented their best arguments to an objective audience in
13   the form of the mediator, Judge Phillips.  Judge Phillips gave the parties a reasonable
14   assessment of the strengths and weaknesses of their case, and further, provided a
15   proposal, which the parties accepted.  Considering this, the litigants had sufficient
16   bases to make informed decisions about the relative merits of the case and the fairness
17   of the Settlement.

18        In a class action setting, courts look for indications that the parties carefully
19   investigated the claims before reaching a resolution and significant document
20   discovery weighs in favor of approving the settlement.  *In re Volkswagen "Clean*
21   *Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2016
22   U.S. Dist. LEXIS 148374, at *758-59 (N.D. Cal. Oct. 25, 2016) ("extensive review
23   of discovery materials indicates [Lead Plaintiffs have] sufficient information to make
24   an informed decision about the Settlement. As such, this factor favors approving the
25   Settlement."); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 U.S.
26   Dist. LEXIS 88886, at *10-11 (N.D. Cal. Nov. 26, 2007).

27        In light of these considerations, the Settlement is reasonable and within the
28   range of possible approval.

**C.    The Settlement Class Meets The Requisites For Class Certification Under Rule 23**

The Ninth Circuit has long recognized that class actions may be certified solely for the purpose of settlement. *In re Heritage Bond Litig. v. U.S. Trust Corp.*, 546 F.3d 667, 674-75 (9th Cir. 2008) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Rule 23(a) sets forth the following four prerequisites: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. In addition, the class must meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 U.S. Dist. LEXIS 146949, at *4 (S.D. Cal. Oct. 23, 2015). The Settlement Class is defined as follows:

> [A]ll Persons who purchased Arena common stock between March 17, 2008 and January 27, 2011, inclusive, and were damaged thereby, excluding anyone named as a defendant including the Company; members of the immediate family of the Individual Defendant; Arena's directors and officers; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of such excluded parties. Also excluded are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

*See* Stipulation at ¶ 1.26. Courts routinely endorse the use of the class action device to resolve claims brought under the federal securities laws. *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009). "[C]lass actions commonly arise in securities fraud cases as the claims of separate investors are often too small to justify individual lawsuits, making class actions the only efficient deterrent against securities fraud [and,] [a]ccordingly, the Ninth Circuit and courts in this district hold a liberal view of class actions in securities litigation." *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 152-53 (N.D. Cal. 1991); *see Cooper*, 254 F.R.D. at 642 ("The availability of the class action to redress such frauds has been consistently upheld, in large part because of the substantial role that the deterrent effect of class actions plays in accomplishing the objectives of the securities laws.").

1    The Action is no exception and the parties submit that the Settlement Class satisfies

2    each of the requirements of Rules 23(a) and 23(b)(3).

3                         **1.      Numerosity**

4          Rule 23(a)(1) requires that the class be so numerous that joinder of all class

5    members is impracticable. "'[I]mpracticability' does not mean 'impossibility,' but

6    only the difficulty or inconvenience of joining all members of the class." *Katz v.*

7    *China Century Dragon Media, Inc.*, 287 F.R.D. 575, 582-83 (C.D. Cal. 2012).

8    "Where the exact size of the proposed class is unknown, but general knowledge and

9    common sense indicate it is large, the numerosity requirement is satisfied." *In re*

10   *Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv-05146-CAS (JEMx), 2017 U.S. Dist.

11   LEXIS 72787, at *17 (C.D. Cal. May 11, 2017).  Arena trades on the NASDAQ.  It

12   had over 112 million shares of stock outstanding during the Class Period.  "The Court

13   certainly may infer that, when a corporation has millions of shares trading on a

14   national exchange, more than 40 individuals purchased stock over the course of more

15   than a year.  It is likely that thousands of people made such purchases." *See Cooper*,

16   254 F.R.D. at 634.  A class of this size is sufficiently numerous to make joinder

17   impracticable.  *Id.*; *see In re Applied Micro Circuits Corp. Sec. Litig.*, No. 01CV0649

18   K (AJB), 2003 U.S. Dist. LEXIS 14492, at *7-8 (S.D. Cal. July 10, 2003) (finding

19   numerosity where the company issued millions of shares and the class is presumed

20   to have thousands of members).

21                        **2.      Commonality**

22         The commonality requirement is generally construed "liberally." *Negrete v.*

23   *Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 488 (C.D. Cal. 2006).  Rule 23(a)(2)

24   is satisfied where class members share at least one common question of fact or law.

25   *Patel*, 2015 U.S. Dist. LEXIS 146949, at *5.  A "few factual variations among the

26   class grievances will not defeat commonality so long as class members' claims arise

27   from 'shared legal issues' or 'a common core of salient facts.'" *Cooper*, 254 F.R.D.

28   at 634 (citing *Staton*, 327 F.3d at 953).  Here, the common questions of fact and law

include: (i) whether Defendants violated the Exchange Act; (ii) whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; (iii) whether Defendants knew or were deliberately reckless in disregarding that their statements were false and misleading; (iv) whether the price of Arena's common stock was artificially inflated; and (v) the extent of damage sustained by Settlement Class Members and the appropriate measure of damages. *See Cooper*, 254 F.R.D. at 635 (finding common questions of law and fact as to "whether Defendants falsely represented material facts," "whether Defendants knew that their statements were false and misleading," and "whether the price of [defendant company's] publicly traded securities was artificially inflated").

Defendants' alleged misconduct affected all members of the Settlement Class in the same manner, *i.e.*, Defendants' alleged false and misleading statements and omissions artificially inflated the price of Arena's common stock during the Class Period. *See, e.g.*, *In re Alco Int'l Grp., Inc., Sec. Litig.*, 158 F.R.D. 152, 154 (S.D. Cal. 1994) ("Classic securities fraud cases involving a class of purchasers allegedly defrauded over a period of time by similar misrepresentations satisfy the common question requirement."); *In re Biolase, Inc. Sec. Litig.*, No. SACV 13-1300-JLS, 2015 U.S. Dist. LEXIS 189232, at *9-10 (C.D. Cal. June 5, 2015) (finding that "[r]epeated misrepresentations by a company to its stockholders satisfy the commonality requirement of Rule 23(a)(2)").

Securities actions containing common questions, such as the ones listed above, have repeatedly been held out as prime candidates for class certification. Class certification for the purposes of settlement is appropriate.

### 3.    Typicality

The typicality requirement of Rule 23(a)(3) is satisfied when the claims or defenses of the proposed class representative are typical of the claims or defenses of other class members. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997);

*Rivera v. Bio Engineered Supplements & Nutrition, Inc.*, No. SACV 07-1306 JVS (RNBx), 2008 U.S. Dist. LEXIS 95083, *18 (C.D. Cal. Nov. 13, 2008). "[D]ifferences in the amount of damages, the size or manner of [stock] purchaser, the nature of the purchaser, and even the specific document influencing the purchase will not render a claim atypical in most securities cases." *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *18 (S.D. Cal. Dec. 31, 2003).

In other words, "a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences" between the claims of the named representative and other class members. *Rivera*, 2008 U.S. Dist. LEXIS 95083, at *19. Here, Plaintiff's claims arise from the same events or course of conduct that give rise to claims of other Settlement Class Members and are based on the same legal theory. Plaintiff, like other Settlement Class Members, purchased Arena common stock during the Class Period at artificially inflated prices and suffered damages when Defendants' alleged misstatements and omissions were disclosed to investors.

Settlement Class Members were victims of this alleged common course of conduct throughout the Class Period, and, as Plaintiff alleged, sustained damages as a result. Thus, the proof that Plaintiff would present to establish his claims would prove the claims of the rest of the Settlement Class. Additionally, Plaintiff is not subject to any unique defenses that could render him an atypical member of the Settlement Class. Therefore, the Court should find typicality satisfied. *See Silver Wheaton*, 2017 U.S. Dist. LEXIS 72787, at *20; *Biolase*, 2015 U.S. Dist. LEXIS 189232, at *11.

### 4.    Adequacy

The representative parties must satisfy Rule 23(a)'s adequacy requirement by showing that they will fairly and adequately protect the interests of the Settlement Class. The Ninth Circuit sets forth a two-prong test for Rule 23(a)(4)'s adequacy

requirement: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Patel*, 2015 U.S. Dist. LEXIS 146949, at \*7 (quoting *Mego Fin. Corp.*, 213 F.3d at 462).

As described above, Plaintiff has claims that are typical of and coextensive with those of the Settlement Class. Plaintiff, like all Settlement Class Members, purchased Arena commons stock at artificially inflated prices as a result of Defendants' alleged misleading statements and/or omissions.[12] Further, Plaintiff retained counsel highly experienced in securities class action litigation and who have successfully prosecuted many securities and other complex class actions throughout the United States. *See* Campisi Decl., Ex. 2. As detailed in Sections I and II above, Plaintiff and his counsel have vigorously litigated the Action. Thus, Plaintiff is an adequate representative of the Settlement Class, and his counsel is qualified, experienced and capable of prosecuting the Action, in satisfaction of Rule 23(a)(4).

### 5. Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication

This case also satisfies Rule 23(b)(3), which requires that the proposed class representative establish that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods of adjudication. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013). When certifying a class for settlement purposes, the standards for satisfying "superiority" under Rule 23(b)(3) may be relaxed as the Court need not consider the difficulties of managing the class in any future litigation or at trial. *See, e.g.*, *Ybarrondo v. NCO Fin. Sys., Inc.*, No. 05cv2057-L(JMA), 2009 U.S. Dist. LEXIS 100502, at \*17 n.3 (S.D. Cal. Oct. 28, 2009); *Murillo*, 266 F.R.D. at 477. Courts

---

[12]   *See* Decl. of Laurence D. King in Supp. of Mot. of Carl Schwartz to (1) Consolidate the Related Actions; (2) Appoint Carl Schwartz as Lead Pltf.; and (3) Approve Carl Schwartz's Choice of Lead Counsel, dated Nov. 19, 2010 [ECF Nos. 18-2, 18-3], Ex. A (Certification of Carl Schwartz, dated Nov. 18, 2010); Ex. B (loss chart).

have certified class actions for settlement purposes even where certification was, or likely would have been, denied for litigation purposes. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 260 F.R.D. 81, 116 & n.308 (S.D.N.Y. 2009) (citing *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 194-95 (S.D.N.Y. 2005) (reasoning that the "predominance" and "manageability" concerns under Rule 23(b)(3) were intertwined and "because the litigation was no longer going to trial, manageability was no longer an issue, and the 'predominance defect [] no longer fatal'")).

"[C]ommon issues need only predominate, not outnumber individual issues." *Butler v. Sears, Roebuck and Co.*, 727 F.3d 796, 801 (7th Cir. 2013). Further, the superiority of class actions in large securities cases is well recognized. *See Amchem Prods.*, 521 U.S. at 625 (common questions predominated in securities class action certified for settlement). As discussed above, there are common questions of law and fact that warrant class certification here. These questions predominate as Defendants' alleged conduct affected all Settlement Class Members in the same manner. "The common questions of whether misrepresentations were made and whether Defendants had the requisite scienter predominate over any individual questions of reliance and damages." *Cooper*, 254 F.R.D. at 632. Issues relating to Defendants' liability are common to all Settlement Class Members. *Id.*[13]

Falsity, materiality, scienter, and loss causation are also issues that "affect investors alike," and whose proof "can be made on a class-wide basis" because they "affect[] investors in common." *Schleicher v. Wendt*, 618 F.3d 679, 682, 685, 687 (7th Cir. 2010); *Cooper*, 254 F.R.D. at 640-41.[14] Here, Defendants' alleged misstatements during the Class Period "affect[ed] [all] investors alike" and proof of falsity, materiality, scienter, and causation will "be made on a class-wide basis." *Id.*

---

[13]    *See also Biolase*, 2015 U.S. Dist. LEXIS 189232, at *15; *In re Emulex Corp.*, 210 F.R.D. 717, 721 (C.D. Cal. 2002) ("The predominant questions of law or fact at issue in this case are the alleged misrepresentation [sic] Defendants made during the Class Period and are common to the class.").

[14]    *See also Amgen*, 568 U.S. at 459 ("[T]he materiality of [defendants'] alleged misrepresentations and omissions is a question common to all members of the class.").

at 685, 687; *Cooper*, 254 F.R.D. at 641. As a result, common questions of law and fact predominate. In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied, and there are no issues that would prevent the Court from certifying this Settlement Class for settlement purposes, appointing Plaintiff as class representative, and appointing Lead Counsel as counsel for the Settlement Class. *See, e.g.*, *Biolase*, 2015 U.S. Dist. LEXIS 189232, at *17 (class certified for settlement purposes).

### D. The Proposed Notice To The Settlement Class Is Adequate

Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See also* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement]."). Notice "must generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).[15]

The parties negotiated the form of Notice to be disseminated to all persons and entities falling within the Settlement Class definition, and whose names and addresses have been or can be identified from or through Arena's transfer agent. In addition, the Claims Administrator will mail copies of the Notice to entities which commonly hold securities in "street name" as nominees for the benefit of their clients who are the beneficial purchasers of the securities. Plaintiff proposes to supplement the mailed Notice with the Summary Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Settlement

---

[15]   *See also Sandoval v. Tharaldson Emple. Mgmt.*, No. EDCV 08-482-VAP (OPx), 2010 U.S. Dist. LEXIS 69799, at *29 (C.D. Cal. June 15, 2010) ("The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and binding nature of a class judgment."); *Immune Response*, 497 F. Supp. 2d at 1170 (same).

Fairness Hearing ("Summary Notice")—an additional description of the Action and proposed Settlement, to be published in *Wall Street Journal* and transmitted over a national newswire service (such as *PR Newswire*).[16]   Lead Counsel will also make copies of the Notice, Summary Notice, and Proof of Claim, and other important court filings available for download via the website maintained by the Claims Administrator and on Lead Counsel's website.   The website addresses will be set forth in the Notice and Summary Notice.

Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner."   The proposed Notice satisfies the requirements of Rule 23(h)(1), as it notifies Settlement Class Members that Lead Counsel will apply to the Court for attorneys' fees not to exceed a particular percentage of the Settlement Amount, and reimbursement of out-of-pocket expenses not to exceed a certain amount to be paid from the Settlement Fund, subject to Court approval.   The proposed Notice includes the information required by the PSLRA, as well as additional information.[17]   The proposed Notice describes the proposed Settlement and sets forth, among other things: (1) the nature, history, and status of the Action; (2) the definition of the Settlement Class and who is excluded from the Settlement Class; (3) the reasons the parties have proposed the Settlement; (4) the Settlement amount; (5) the

---

[16]   The proposed Notice and Summary Notice are attached to the Preliminary Approval Order as Exhibits A-1 and A-3, respectively.

[17]   With respect to cases filed under the PSLRA, notices of settlements must state: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis;" (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter [], a statement from each settling party concerning the issue or issues on which the parties disagree;" (3) "a statement indicating which parties or counsel intend to make [] an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought;" (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members;" and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement."  15 U.S.C. § 78u-4(a)(7).

estimated average recovery per damaged share; (6) the Settlement Class' claims and issues; (7) the parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Lead Counsel intends to seek in connection with final settlement approval; (9) the $25,000.00 maximum amount of Plaintiff's request for reimbursement of costs and expenses (including lost wages) in connection with representation of the Settlement Class; (10) the plan for allocating the Settlement proceeds to the Settlement Class; and (11) the date, time, and place of the Final Settlement Approval Hearing.

The proposed Notice discusses the rights Settlement Class Members have concerning the Settlement, including to: (1) request exclusion and the manner for submitting such a request; (2) object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (3) participate in the Settlement and instructions on how to complete and submit a Proof of Claim to the Claims Administrator. The Notice also provides contact information for Lead Counsel and counsel for Defendants, as well as the postal address for the Court. *See* Preliminary Approval Order, Ex. A-1. Summary notice will also be published. *See id.*, Ex. A-3.

The notice program proposed in connection with the Settlement and the form and content of the Notice, Summary Notice, and Proof of Claim therefore satisfy the requirements of Rule 23 and the PSLRA. Indeed, courts routinely find that comparable notice procedures meet the requirements of due process, Rule 23, and the PSLRA. *See, e.g.*, *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1040 (N.D. Cal. 2007) (disseminating notice to all reasonably identifiable class members with summary notice published in the *Wall Street Journal*); *see* Manual for Complex Litigation (Fourth) § 21.311 (2004) ("Publication in magazines, newspapers, or trade journals may be necessary if individual class members are not identifiable after reasonable effort.")). Accordingly, in granting preliminary approval of the Settlement, the parties similarly request that the Court approve the proposed form and method of giving notice to the Settlement Class.

### E.     The Plan Of Allocation Should Be Preliminarily Approved

The Plan of Allocation[18] also warrants preliminary approval as it establishes specific formulae to compute each participating Settlement Class Member's "Recognized Loss" as described in the Notice.  It was created with the assistance of a consulting damages expert and reflects the assumption that the price of Arena common stock was artificially inflated during the Class Period (from March 17, 2008 through September 16, 2010, and from December 22, 2010 through January 27, 2011), and then was corrected as a reaction to the disclosures.  Claims will be computed using the method described in the Notice, which is incorporated herein by reference.  The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.

The Plan of Allocation complies with the requirements of case law governing the approval of such allocation.  It has a "reasonable" and "rational basis," makes intra-class allocations based upon the "relative strengths and weaknesses of class members' individual claims and the timing of purchases and sales of the securities at issue," and was formulated by Plaintiff and Lead Counsel, with the assistance of an expert.  *In re Zynga Sec. Litig.*, No. 12-cv-04007-JSC, 2015 U.S. Dist. LEXIS 145728, *43-44 (N.D. Cal. Oct. 27, 2015) ("Courts recognize that an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel.").

### F.     The Proposed Claims Administrator

In connection with this motion, Plaintiff also requests that the Court authorize the retention of Garden City Group, LLC ("GCG") as Claims Administrator for the Settlement.  GCG has extensive experience and is a nationally recognized notice and claims administration firm.  *See* Campisi Decl., Ex. 3.

---

[18]     *See* Preliminary Approval Order, Ex. A-1 at 18-25.

## V.   PROPOSED SCHEDULE OF EVENTS AND FINAL APPROVAL PROCEEDINGS

In connection with preliminary approval of the Settlement, the Court must also set dates for certain events.   Therefore, Plaintiff proposes a schedule based on the following intervals:

| Event: | Proposed Time for Compliance: |
|---|---|
| Deadline for mailing Notice and Proof of Claim and Release[19] to all Settlement Class Members who can be identified with reasonable effort, and for posting same on a public access website (the "Notice Date"). | Not later than fourteen (14) calendar days after the Court's signing of the Preliminary Approval Order (*See* Preliminary Approval Order, ¶ 7). |
| Deadline for the Claims Administrator to publish the Summary Notice[20] in the national edition of *Wall Street Journal* and once over a national newswire service. | Not later than fourteen (14) calendar days after the Notice Date (*See* Preliminary Approval Order, ¶ 8). |
| Deadline for Plaintiff to serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication. | At least seven (7) calendar days prior to the Settlement Hearing (*See* Preliminary Approval Order, ¶ 9). |
| Deadline for nominees that purchased stock for the beneficial ownership of Settlement Class Members to either: (i) send Notice and Proof of Claim forms to beneficial owners; or (ii) send a list of names and addresses of beneficial owners to the Claims Administrator. | Within ten (10) days after receipt of the Notice and Proof of Claim forms (*See* Preliminary Approval Order, ¶ 10). |
| Deadline for Settlement Class Members to submit Proof of Claim and Release forms. | Postmarked or submitted electronically no later than one hundred and twenty (120) days after the Notice Date (*See* Preliminary Approval Order, ¶ 12). |
| Deadline for Settlement Class Members to submit a Request for Exclusion, if desired. | Postmarked no later than sixty (60) days after the Notice Date (*See* Preliminary Approval Order, ¶ 14). |

---

[19]      *See* Preliminary Approval Order, Exs. A-1, A-2.

[20]      *See id.*, Ex. A-3.

| Event: | Proposed Time for Compliance: |
| --- | --- |
| Deadline for objectors to either deliver written objections by hand or postmarked/sent by First Class mail. | Postmarked no later than twenty-one calendar (21) days before the Final Settlement Approval Hearing (*See* Preliminary Approval Order, ¶ 16). |
| Deadline to submit opening briefs and supporting documents in favor of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses. | Not later than thirty (30) calendar days before the Final Settlement Approval Hearing (*See* Preliminary Approval Order, ¶ 18). |
| Deadline to submit replies to any objections to the Settlement, Plan of Allocation, or award of attorneys' fees and expenses. | Not later than seven (7) calendar days before the Final Settlement Approval Hearing (*See* Preliminary Approval Order, ¶ 18). |
| Final Settlement Approval Hearing. | At least one hundred and twenty (120) days after the Court's entry of the Preliminary Approval Order (*See* Preliminary Approval Order, ¶ 4). |

## VI.   CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that the proposed Settlement is a fair and reasonable resolution and warrants this Court's preliminary approval.  Plaintiff requests that the Court enter the proposed Order Preliminarily Approving Settlement and Providing for Notice, which will: (i) preliminarily approve the proposed Settlement; (ii) certify the Settlement Class for settlement purposes; (iii) approve the form and manner of Notice; and (iv) schedule a hearing to consider final approval of the Settlement and related matters.

KAPLAN FOX & KILSHEIMER LLP

DATED: November 7, 2017      By: /s/   *Laurence D. King*
                                                    Laurence D. King

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, California 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Case No. 3:10-cv-01959-CAB (BLM)
MPA ISO UNOPPOSED MOT. FOR PRELIMINARY APPROVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert N. Kaplan (*pro hac vice*)
Jeffrey P. Campisi (*pro hac vice*)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com

*Lead Counsel for Lead Plaintiff Carl Schwartz
and the Proposed Settlement Class*