# Exhibit 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD SCHUENEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON,<br><br>Defendants. | Case No. 3:10-cv-01959-CAB (BLM)<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

*[Additional Captions on Following Pages]*

1

2   WILLIAM SUTLIFF and JEAN          Case No. 3:10-cv-01961-CAB (BLM)
    SUTLIFF, on behalf of themselves and
3   all others similarly situated,

4                      Plaintiffs,

5           v.

6   ARENA PHARMACEUTICALS, INC.,
    JACK LIEF and WILLIAM
7   SHANAHAN, JR.,

8                      Defendants.

9   WILLIAM PRATT, individually and on   Case No. 3:10-cv-01977-CAB (BLM)
    behalf of all others similarly situated,
10

11                     Plaintiff,

12          v.

13  ARENA PHARMACEUTICALS, INC.,
    JACK LIEF, ROBERT E. HOFFMAN,
14  DOMINIC P. BEHAN, WILLIAM R.
    SHANAHAN, JR. and CHRISTY
15  ANDERSON,

16                     Defendants.

17  CRAIG RUBENSTEIN, individually      Case No. 3:10-cv-01984-CAB (BLM)
    and on behalf of all others similarly
18  situated,

19                     Plaintiff,

20          v.

21  ARENA PHARMACEUTICALS, INC.,
    JACK LIEF, ROBERT E. HOFFMAN,
22  DOMINIC P. BEHAN, WILLIAM R.
    SHANAHAN, JR. and CHRISTY
23  ANDERSON,

24                     Defendants.

25

26  [*Additional Captions on Following Pages*]

27

28
                              - ii -          Case No. 3:10-cv-01959-CAB (BLM)

| | | |
|---|---|---|
| 1 | | |
| 2 | RODNEY VELASQUEZ, on behalf of himself and all others similarly situated, | Case No. 3:10-cv-02026-CAB (BLM) |
| 3 | | |
| 4 | Plaintiff, | |
| 5 | v. | |
| 6 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON, | |
| 7 | | |
| 8 | Defendants. | |
| 9 | | |
| 10 | THONG VU, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02086-CAB (BLM) |
| 11 | | |
| 12 | Plaintiff, | |
| 13 | v. | |
| 14 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON, | |
| 15 | | |
| 16 | Defendants. | |
| 17 | | |
| 18 | ARIC D. JACOBSON, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02355-CAB (BLM) |
| 19 | | |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON, | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

[PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the above captioned consolidated actions are pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated November 3, 2017 (the "Stipulation"), which sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation, and the defined terms in the Stipulation are incorporated herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement embodied therein, subject to further consideration at the Final Settlement Approval Hearing described below.

2.      This Action is certified for settlement purposes only as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Settlement Class" or "Class") consisting of all Persons who purchased Arena Pharmaceuticals, Inc. ("Arena") common stock between March 17, 2008 to January 27, 2011 ("Class Period"), inclusive, and were damaged thereby, excluding anyone named as a defendant in the Action including the Company; members of the immediate family of the Individual Defendants; Arena's directors and officers; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successor, and assigns of such excluded parties.  Also excluded are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

3.     The Court has determined preliminarily and for the purpose of settlement that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class; and (d) Lead Plaintiff will fairly and adequately protect the interests of the Class, and appoints him class representative for the Settlement Class, and appoints Kaplan Fox & Kilsheimer LLP Lead Counsel for the Settlement Class.  The Court further preliminarily finds that the questions of law or fact common to Settlement Class Members ("Class Members") predominate over any questions affecting individual members, including but not limited to whether Defendants made false or misleading statements in violation of the federal securities laws, whether any Defendant acted with scienter, and whether the alleged false or misleading statements caused economic damage to the Class.  The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4.     A hearing (the "Final Settlement Approval Hearing") shall be held before this Court on _____, 2018, at __:00 _.m. [at least 120 days from the entry of this Order], at the United States District Court for the Southern District of California, Courtroom 4C, 221 West Broadway, San Diego, CA 92101, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.12 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine the award to Lead Plaintiff. The Court may adjourn the Final Settlement Approval Hearing without further notice to the Class Members.

5.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 6-8 and ¶ 10 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.      The firm of Garden City Group, LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7.      Not later than fourteen (14) days after entry of this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort.  The Claims Administrator and Lead Counsel shall post the Notice and Proof of Claim on their respective websites.

8.      Not later than fourteen (14) days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of the *Wall Street Journal* and once over a national newswire service.

9.      At least seven (7) days prior to the Final Settlement Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     Nominees who purchased Arena common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Arena common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which

event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such expenses.

11.    All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

12.    Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or submitted electronically no later than one hundred twenty (120) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, recommend acceptance of late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13.    Any Class Members may enter appearances in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

14.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than no later than sixty days (60) days from the Notice Date.  A Request for

Exclusion must:  (a) state the name, address, and telephone number of the Person(s) requesting exclusion; (b) identify the Person's purchases (or acquisitions) and sales of Arena common stock made during the Class Period, including the dates of purchase, acquisition or sale, prices paid or received, and the number of shares of common stock purchased and/or sold, and provide documentation reflecting such purchases and sales; (c) include the Person's signature; and (d) state that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

15.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, shall be promptly delivered to Arena's counsel by Lead Counsel.

16.    Any Class Member may move and/or appear at the Final Settlement Approval Hearing to show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the expenses of Lead Plaintiff should or should not be awarded. Any written objections must be delivered by hand or sent by First-Class Mail postmarked, no later than twenty-one (21) days before the Final Settlement Approval Hearing, to the Clerk of the Court, United States District Court, Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101, with copies to Lead Counsel set forth in the Notice.  Any Class Member who does not make his, her or its objection in writing in the manner provided or in person at the Final Settlement Approval Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or

to the award of attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiffs for their expenses shall be filed and served no later than thirty days (30) days before the Final Settlement Approval Hearing.  Replies to any objections shall be filed and served by no later than seven days (7) days before the Final Settlement Approval Hearing.

19.     The Released Persons shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     At or after the Final Settlement Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees or payment of expenses, and any award to Lead Plaintiff shall be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 3.12 or 3.13 of the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission

or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, nor construed as, or deemed to be evidence of, or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

23.    The Court reserves the right to adjourn the date of the Final Settlement Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.    The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

24.    If the Stipulation and the Settlement set forth therein are not approved or consummated or the Effective Date as provided in the Stipulation fails to occur for any reason whatsoever, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

25.    Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED: _____          _____
                                THE HONORABLE CATHY ANN
                                BENCIVENGO
                                UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

EXHIBIT A-1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON,<br><br>Defendants. | Case No. 3:10-cv-01959-CAB (BLM)<br><br><u>CONSOLIDATED CLASS ACTION</u><br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**IF YOU PURCHASED THE COMMON STOCK OF ARENA PHARMACEUTICALS, INC. ("ARENA" OR THE "COMPANY") FROM MARCH 17, 2008 THROUGH JANUARY 27, 2011, INCLUSIVE, YOUR RIGHTS ARE AFFECTED AND YOU COULD RECEIVE A PAYMENT FROM THE PROPOSED CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer. This is <u>not</u> a notice that you have been sued.*

• This settlement (the "Settlement") will provide $12,025,000 in cash, plus interest, and Arena common stock with a value of $11,975,000 ("Settlement Shares") (Arena has the option to pay all or part of the Settlement Shares in cash at the time Arena is to issue the Settlement Shares), for a total settlement value of $24 million, to pay claims from investors who (i) purchased Arena

common stock from March 17, 2008 through January 27, 2011, inclusive (the "Class Period"), and were damaged thereby. Depending on the number of eligible shares purchased by investors who elect to participate in the Settlement, and when those shares were purchased and sold, the average distribution is estimated to be $0.13 per damaged share before deduction of Court-approved fees and expenses described below. A further description of the Plan of Allocation is on pages 18 to 25 below.[1]

- The Settlement, subject to court approval, resolves class action claims alleging that Arena and certain of its former officers and directors violated the federal securities laws by making false or misleading statements and failing to disclose material facts.

- For Lead Plaintiff, the principal reason for the Settlement is the benefit to be provided to the Settlement Class now, while avoiding the costs and risks to you and the Settlement Class from continuing with litigation. Lead Plaintiff conducted a substantial investigation and discovery into the facts of the case prior to reaching the Settlement, and considered the risks of proving liability and damages, in addition to the further risk that a later judgment may not be as large as the Settlement amount. For Defendants, the principal reason for the Settlement is to eliminate the expense, risks, and uncertainty of continued litigation.

- If the Settlement is approved by the Court, the Court-appointed lawyers for Settlement Class Members, Kaplan Fox & Kilsheimer LLP will apply to the Court for an award of attorneys' fees, not to exceed 30% percent of the Settlement Fund, and for reimbursement of expenses not to exceed $350,000.00 incurred in investigating the facts, prosecuting the case, and negotiating the Settlement. In addition, Lead Plaintiff may seek reimbursement in an amount not to exceed $25,000.00 for reasonable costs and expenses in connection with his representation of the Class. These payments, if approved, will come out of the $24 million Settlement Fund, and are estimated to be an average of $0.04 per damaged share.

- Lead Plaintiff and the Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiff were to have prevailed on each claim alleged. The issues on which the parties disagree include: (1) whether the Defendants violated the federal securities laws; (2) whether the alleged federal securities laws' violations actually caused any damage to investors; and (3) whether the allegedly false or misleading statements and omissions caused the price of Arena's common stock to be artificially inflated during the Class Period, and if so, the amount by which Arena's common stock was allegedly artificially inflated (if at all) during the Class Period.

- If you are a Settlement Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act. Read this notice carefully.

---

[1] Capitalized terms that are not defined in this Notice are defined in the Stipulation and Agreement of Settlement dated November 3, 2017, which is available at www.ArenaPharmaceuticalsClassActionSettlement.com.

- If you have questions about the proposed Settlement, or would like further information about the lawsuit, you may contact Lead Counsel at:

> Jeffrey P. Campisi
> KAPLAN FOX & KILSHEIMER LLP
> 850 Third Avenue, 14th Floor
> New York, NY 10022
> (212) 687-1980
> (800 290-1952
> jcampisi@kaplanfox.com
> www.kaplanfox.com

- You can also visit the following website, which has information specifically about the Settlement, including the Stipulation and Agreement of Settlement, forms, and key dates: www.ArenaPharmaceuticalsClassActionSettlement.com.  You can obtain additional documents in person by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM FORM:**  The only way to possibly receive a payment from the Settlement.

> **Deadline: _____, 2018.**

**EXCLUDE YOURSELF:** You get no payment from the Settlement.  This is the only option that might allow you to bring an individual lawsuit against the defendants asserting the legal claims being released in this case, if you have a valid and timely claim.

> **Deadline: _____, 2018.**

**OBJECT:** You may write to the Court if you do not like this Settlement, the Plan of Allocation, the Fee and Expense Award requested by Lead Counsel, and/or the award requested by Lead Plaintiff.

> **Deadline: _____, 2018.**

**GO TO A HEARING:**  You may ask to speak in Court about the fairness of the Settlement.

> **Hearing Date: _____, 2018.**

**DO NOTHING:** You get no payment and give up your rights relating to the claims described in this Notice.

- These rights and options *and the deadlines to exercise them* are explained in this Notice.

- The Court in charge of the lawsuit must decide whether to approve the Settlement.  If approved, payments will be made to claimants from the

Settlement Fund after the Effective Date, *i.e.*, after the Court approves the Settlement and enters judgment, and after all appeals and subsequent proceedings (if any) are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................**Page**

1.   Why did I get this Notice package? .................................................
2.   What is this lawsuit about? ............................................................
3.   What is a class action? ...................................................................
4.   Why is there a Settlement? ............................................................

**WHO IS INCLUDED IN THE SETTLEMENT?** ....................................**Page**

5.   How do I know if I am a Settlement Class Member? ........................
6.   Are there any exceptions to being included as a Settlement Class Member?..
7.   I am still not sure if I'm included. ...................................................

**THE SETTLEMENT BENEFITS** .........................................................**Page**

8.   What does the Settlement provide? .................................................
9.   How much will my payment be? .......................................................
10.  How can I get a payment? ...............................................................
11.  When will I receive my payment? ...................................................
12.  What am I giving up to get a payment or stay in the Class? ............

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................**Page**

13.  How do I exclude myself from the Settlement? ................................
14.  If I don't exclude myself, can I sue defendants for the same things later? ......
15.  If I exclude myself, can I get money from this Settlement? ............

**THE LAWYERS REPRESENTING YOU** ................................................**Page**

16.  Do I have a lawyer in this case? .....................................................
17.  How will the lawyers be paid? .......................................................

**THE COURT'S SETTLEMENT HEARING** ...........................................**Page**

18.  When and where will the Court decide whether to approve the Settlement? ..
19.  Do I have to come to the hearing? ...................................................

**OBJECTING TO THE SETTLEMENT** .................................................**Page**

20.  How do I tell the Court that I do not like the Settlement? ...............
21.  What's the difference between objecting and excluding? ...............

**IF YOU DO NOTHING** ......................................................................**Page**

22.  What happens if I do nothing at all? ...............................................

**OBTAINING MORE INFORMATION** ................................................**Page**

23.  Are there more details about the Settlement? ...............................

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**SPECIAL NOTICE TO NOMINEES** ........................................................**Page**

24.    Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees.......

25.    Understanding Your Payment – The Plan of Allocation ................................

---

### 1.  Why did I get this Notice package?

You or someone in your family may have purchased Arena common stock during the Class Period.

The Court caused this Notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections or appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the lawsuit is the United States District Court for the Southern District of California, and the case is known as *Schueneman v. Arena Pharmaceuticals, Inc., et al.*, Case No. 10-cv-1959-CAB-BLM.  The Honorable Cathy Ann Bencivengo is the Judge in charge of this class action (the "Court").

---

### 2.  What is this lawsuit about?

The lawsuit is a class action that alleges violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j) and Rule 10b-5 promulgated thereunder (17 C.F.R. 240), and a violation of Section 20(a) of the Exchange Act against the Individual Defendants.  15 U.S.C. § 78t(a) against Arena Pharmaceuticals, Inc. ("Arena" or the "Company"); Jack Lief, Arena's former President, CEO and Chairman; Robert E. Hoffman, Arena's former CFO; Dominic P. Behan, Arena's former Senior Vice President and Chief Scientific Officer; William R. Shanahan, Jr., Arena's former Senior Vice President and Chief Medical Officer; and Christen Anderson, Arena's former Vice President of Clinical Development.  Defendants Lief, Hoffman, Behan, Shanahan and Anderson are referred to as the "Individual Defendants."

Lead Plaintiff alleges that Defendants misled Arena investors about Arena's development of a new drug for weight loss, lorcaserin, by failing to disclose that a mandatory long-term animal carcinogenicity study (the "Rat Study") suggested that lorcaserin causes cancer in rats.

This litigation began in September 2010, and on August 8, 2011, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court consolidated seven class actions under the caption *Schueneman v. Arena Pharmaceuticals, Inc., et al.* 10-cv-1959 (S.D. Cal.), appointed Carl Schwartz

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

as Lead Plaintiff ("Lead Plaintiff" or "Plaintiff") for the proposed class, and approved Lead Plaintiff's choice of the law firm Kaplan Fox & Kilsheimer LLP ("Kaplan Fox" or "Lead Counsel") as Lead Counsel for Lead Plaintiff and the proposed class.

On November 1, 2011, Plaintiff filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("FAC").   On December 20, 2011, Defendants moved to dismiss the FAC and Plaintiff opposed Defendants' motion to dismiss.   On March 28, 2013, the Court dismissed, without prejudice, the FAC for failure to adequately allege the scienter element of a Section 10(b) claim.

On May 13, 2013, Plaintiff filed the Second Consolidated Amended Class Action Complaint ("Complaint").   On June 14, 2013, Defendants filed a motion to dismiss the Complaint, arguing that Plaintiff failed to allege particularized facts sufficient to show that any challenged statement was false or misleading when it was made, that Arena's forward-looking statements were protected by the Safe Harbor provisions of the PSLRA, and that the Complaint failed to plead specific facts establishing a strong inference of scienter.   Plaintiff opposed Defendants' motion to dismiss, arguing that the Complaint adequately alleged each element of the claims asserted.   The Court held oral argument on Defendants' motion to dismiss the Complaint on October 25, 2013.

On November 4, 2013, the Court dismissed the Complaint, again finding that it "fail[ed] to meet the Ninth Circuit's pleading requirements for scienter" and essentially holding that the case involved a scientific dispute between Arena and the FDA regarding the safety of lorcaserin.   The Court invited a proposed Third Amended Complaint ("TAC") to give Plaintiff the opportunity to plead facts to "show this case to be about more than a difference of scientific opinion." Plaintiff moved for leave to amend and submitted the TAC.   On March 20, 2014, the Court denied leave to amend, finding that amendment would be futile. Final judgment was entered against Plaintiff on March 20, 2014.

Plaintiff appealed Court's dismissal with prejudice of the Complaint to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit").

On October 26, 2016, the Ninth Circuit reversed the dismissal and remanded the matter to the district court. *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698 (9th Cir. 2016).

After the Ninth Circuit reversed the dismissal of the Complaint, Defendants filed a Petition for Panel Rehearing and a suggestion for Rehearing *En Banc*. *See Schueneman v. Arena Pharms, et al.*, No. 14-55633 (9th Cir.) (filed Nov. 23, 2016).   On January 10, 2017, the Ninth Circuit denied Defendants' motion for rehearing and rehearing en banc. *Schueneman v. Arena Pharms, et al.*, No. 14-55633 (9th Cir.).

After the Action was remanded to the district court, on February 2, 2017, Defendants filed a Renewed Motion to Dismiss the Complaint that asserted that the Complaint failed to adequately allege falsity.   On February 23, 2017, Plaintiff filed an opposition to Defendants' renewed motion to dismiss.   On April 28, 2017, the Court denied Defendants' motion in its entirety.

On May 2, 2017, a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings was entered. On May 12, 2017, Defendants answered the Complaint, asserting 18 affirmative defenses.

Plaintiff served a comprehensive set of requests for production of documents ("RFPs"), and two sets of interrogatories. On May 26, 2017, Defendants responded to Plaintiff's RFPs and on June 7 and 19, 2017, Defendants objected to and answered certain of Plaintiff's interrogatories.

On May 18, 2017, Defendants served their First Set of Requests for Production of Documents and their First Set of Interrogatories on Plaintiff. On June 20, 2017, Plaintiff served Objections and Responses to Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories. On July 14, 2017, Plaintiff produced documents in response to Defendants' First Set of Requests for Production of Documents.

Since May 2017, the parties have engaged in extensive discovery, including the production or review of millions of pages of documents, including Arena's New Drug Application, Investigational New Drug Application, Arena's correspondence file with the U.S. Food and Drug Administration, minutes and materials from the Company's board of director's meetings, as well as Documents and Electronically Stored Information from 16 Arena custodians. Plaintiff also served non-party subpoenas for documents on approximately 40 non-parties who collectively produced thousands of documents.

During the Action, the parties engaged the services of retired U.S. District Judge Layn R. Phillips to assist them in mediation. The parties engaged in a face-to-face mediation session on August 1, 2017. The parties were unable to settle the case. Following further arms-length negotiations by telephone and in writing with the assistance of Judge Phillips, Plaintiff and the Defendants accepted the mediator's proposal and agreed to a settlement (the "Settlement") of the Action.

The proposed Settlement would resolve all claims against Defendants.

### 3.  What is a class action?

In a class action under the federal securities laws, the Lead Plaintiff sues on behalf of numerous persons who have similar claims. The Lead Plaintiff acts as the representative of the class of similarly situated persons. All persons with similar claims constitute a Class, and each one is a Class Member. The Court will resolve the claims of all Settlement Class Members, except for those who properly exclude themselves from the Settlement Class.

### 4.  Why is there a Settlement?

The proposed Settlement is the result of arm's-length negotiations, including a full day mediation on August 1, 2017 under the auspices of an experienced mediator. The Settlement allows Plaintiff and the Settlement Class to avoid the possibility that one or more of their claims would be rejected by the Court or the jury, and also avoids the risks and costs of a trial and possible appeals.

Settlement Class Members who, in accordance with the Plan of Allocation, lost money will get some compensation.

Lead Counsel has investigated and litigated the claims since September 2010. At the time the Settlement was reached, Lead Counsel also had the benefit of a substantial amount of fact discovery provided by Defendants, as well as several non-parties.  Lead Counsel also retained experienced financial experts and experts in toxicology and preclinical or animal studies to assist them.

If Plaintiff proceeded to trial, he faced the risk that the Defendants would prevail on the defenses they asserted and that Plaintiff would not win on any of the claims.  Even if Plaintiff had won at trial, he may not get any more money than the $24 million that Arena has agreed to pay in the Settlement, and the Defendants would also be able to challenge the judgment through appeals.

As a result, and based upon their factual investigation, discovery conducted to date, consultation with experts and evaluation of the claims of the Settlement Class Members and defenses that Defendants asserted, Plaintiff and Lead Counsel believe that the Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement provides an immediate and certain recovery without incurring any additional risk.  By settling, Plaintiff and the Settlement Class avoid the cost, uncertainty, and delay of continued litigation.

The Defendants believe the Settlement is fair because it allows the Defendants to avoid the cost and distraction of continued litigation and the risk of losing at trial or on appeal.

## WHO IS INCLUDED IN THE SETTLEMENT

### 5.  How do I know if I am a Settlement Class Member?

Everyone who fits the following description is a Settlement Class Member:

all Persons who purchased Arena common stock between March 17, 2008 to January 27, 2011, inclusive, and were damaged thereby, excluding anyone named as a defendant in the Action including the Company; members of the immediate family of the Individual Defendants; Arena's directors and officers; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successor, and assigns of such excluded parties. Also excluded are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

### 6.  Are there any exceptions to being included as a Settlement Class Member?

Yes.  As mentioned in the description above, you are not a Settlement Class Member if any of the following applies to you:

You do not meet the definition of the Class above.

- 8 -

You are a Defendant, or members of the immediate family of the Individual Defendants, one of Arena's directors and officers, an any entity in which any Defendant has a controlling interest, or are the legal representatives, heirs, successor, and assigns of such excluded parties.

You timely and validly request exclusion from the Class pursuant to this Notice.

## 7.  I'm still not sure whether I'm included.

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at (877) 981-9683 or you can fill out the claim form described in question 10, to see if you qualify.  You can also contact Lead Counsel at the following address:

Jeffrey P. Campisi
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue; 14th Floor
New York, NY 10022
Phone: (212) 687-1980 or (800) 290-1952
Facsimile: (212) 687-7714
jcampisi@kaplanfox.com
www.kaplanfox.com

### THE SETTLEMENT BENEFITS

## 8.  What does the Settlement provide?

Arena caused $12,025,000 to be paid into an escrow account that is earning interest for the benefit of the Settlement Class, and Arena will issue common stock with a value of $11,075,000 (Arena has the option to pay all or part of the Settlement Shares in cash at the time Arena is to issue the Settlement Shares) upon Final approval of the Settlement, for a total value of $24 million.  The balance of this fund, after payment of Court-approved attorneys' fees and expenses, any award to Plaintiff, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, will be divided among all Settlement Class Members who submit valid claim forms (also called Authorized Claimants).  The amount of money you will receive depends on a number of factors, including the total number of other Settlement Class Members who submit valid Proof of Claim and Release forms.  This is discussed further in the next question below.

## 9.  How much will my payment be?

The Settlement Amount of $24 million, plus interest earned, minus the costs and expenses described in question 8 above, will be distributed on a pro rata basis to Authorized Claimants.  If you are entitled to a payment, you will receive your pro rata share.  The amount of your share of the Settlement Fund will depend on the number of valid and timely Proof of Claim and Release forms that Settlement Class Members send in, how many shares of Arena common

stock you purchased during the Class Period, and when you bought and sold those shares.  You should look at the Plan of Allocation section of this notice that appears on pages 18 to 25 below for a description of the calculations to be made in computing the claims of the Authorized Claimants, that is, those investors who submit valid and timely Proof of Claim and Release forms establishing that they are Settlement Class Members.

Depending on the number of Authorized Claimants, and the number of eligible shares purchased by Authorized Claimants and when those shares were purchased and sold, the average distribution is estimated to be $0.13 per damaged share before deduction of the costs and Court-approved payments described under question 8 above.

Lead Counsel, without further notice to the Settlement Class, will apply to the Court for payment of the Claims Administrator's fees and expenses incurred in sending this Notice, administering the Settlement and distributing the Settlement proceeds to the Authorized Claimants.  These fees and expenses will be paid from the Settlement Fund and will reduce the amount available for distribution to Authorized Claimants.  The same will be true of Court-awarded attorneys' fees and expenses to Lead Counsel, and any Court award to Plaintiff.  Lead Counsel's request for attorneys' fees and costs,  Lead Plaintiff's award are discussed further at question 17 below.

---

### 10. How can I get a payment?

To qualify for payment, you must timely send in a Proof of Claim and Release form that is received by the Claims Administrator.  A Proof of Claim and Release form is attached to this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2018**.  Unless the Court orders otherwise, if you do not timely submit a Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Final Judgment in the case.

---

### 11. When will I receive my payment?

The Court will hold a hearing on _____, 2018, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  If there are any appeals, it is uncertain when these appeals will be resolved, and resolving them can take time, typically more than a year.  The Claims Administrator will also need time to process the submitted claims before any distribution can be made to Authorized Claimants.  The claims administration process is complicated and will take many months, even when there is no delay due to an appeal.  Please be patient.

---

### 12. What am I giving up to get a payment and stay in the Settlement Class?

If you are a member of the Settlement Class, unless you exclude yourself, you will give up and release any claims you might have against the Released

Persons relating to any of the claims brought by Plaintiff, as described more fully below. It also means that all of the Court's orders will apply to you and legally bind you. This will be true even if you do not submit or sign a Proof of Claim and Release form, unless you exclude yourself from the Settlement Class.

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice. The Judgment will dismiss the Released Claims with prejudice as to all Released Persons. The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged all Settlement Class Members and counsel to the Plaintiff from all claims arising out of the prosecution and settlement of the Action or the Released Claims.

"Released Persons" means each and all of the Defendants and each and all of their Related Persons.

"Related Persons" means each of the Released Persons' and their legal affiliates' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Released Person has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

"Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including Unknown Claims as defined in ¶ 1.30 of the Stipulation, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that were asserted or could have been asserted by Lead Plaintiff or any Settlement Class Member against the Released Persons based on, arising from or relating to both: (i) the purchase, acquisition, holding, disposition, or sale of Arena common stock during the Class Period; and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that occurred during the Class Period and that were or could have been alleged by Lead Plaintiff in the Action against the Released Persons based upon the facts alleged in the Complaint. Released Claims does not include claims to enforce the Settlement.

"Unknown Claims" means collectively any Released Claims which Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and

release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, each Settlement Class Member, and Lead Plaintiff expressly, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be bound by the Judgment or recover money from the Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from – or opting out of – the Settlement Class.

Please note that there is a separate confidential supplemental agreement between Plaintiff and Arena (the "Side Letter"). If, as specified in the Side Letter, the number of shares of Arena common stock purchased during the Class Period by Settlement Class Members, but who request exclusion from the Settlement Class, exceeds the threshold(s) specified in the Side Letter, Arena will have the option to terminate this Settlement in accordance with the procedures set forth in the Side Letter.

## 13. How do I exclude myself from the Settlement?

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be received on or before _____, 2018 and must: (a) state the name, address, and telephone number of the Person(s) requesting exclusion; (b) identify the Person's purchases (or acquisitions) and sales of Arena common stock made during the Class Period, including the dates of purchase, acquisition or sale, prices paid or received, and the number of shares of common stock purchased and/or sold, and provide documentation evidencing your purchases of Arena common stock during this time period *such as* account statements, brokerage confirmations, or other similar documentation; (c) include the Person's signature; and (d) state that the Person wishes to be excluded from the Settlement Class. No request will be considered valid unless all of the information described above is included in the request. The request must be addressed as follows:

Schueneman v. Arena Pharmaceuticals, Inc.
Request for Exclusion
c/o GCG
P.O. Box 10526
Dublin, OH 43017-0526

You cannot exclude yourself by phone or by e-mail.

**If you ask to be excluded from the Settlement Class, you will not get any settlement payment.** If you exclude yourself, you will not be legally bound by anything that happens in this lawsuit. You might be able to sue (or continue to sue) Arena and the other Defendants in the future about the claims in this lawsuit, but your claims may not be timely, valid, or you may not prevail on the merits.

## 14. If I don't exclude myself, can I sue Defendants for the same things later?

No. Unless you exclude yourself, you give up any right to sue Defendants about the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue or file any lawsuit alleging the same claims as are alleged herein. Remember, the exclusion deadline is _____, **2018.** *See also Question No. 12:* "What am I giving up to get a payment or stay in the Settlement Class?"

## 15. If I exclude myself, can I get money from this Settlement?

**NO.** If you exclude yourself, you will not be entitled to receive any money from the Settlement Fund. If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money.

# THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court appointed Kaplan Fox to represent Plaintiff and the Settlement Class Members. This law firm is called Lead Counsel. You will not be individually charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

You can send any questions to Lead Counsel (contact information is set forth on page 3) or to the Claims Administrator at:

Schueneman v. Arena Pharmaceuticals, Inc.
c/o GCG
P.O. Box 10526
Dublin, OH 43017-0526

www.ArenaPharmaceuticalsClassActionSettlement.com

## 17. How will the lawyers be paid?

Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount and for reimbursement of their out-of-pocket expenses not to exceed $350,000.00. In addition, Plaintiff may seek reimbursement in an amount not to exceed $25,000.00 for reasonable costs and expenses (including lost wages) in connection with his representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4). These payments, if approved, will reduce the amount to be divided among all Authorized Claimants by approximately $0.04 per damaged share. *Such sums as may be approved by the Court will be paid from the Settlement Fund.* Settlement Class Members are <u>not</u> personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid anything for their services for conducting this litigation on behalf of the Plaintiff and the Settlement Class nor for their substantial out-of-pocket expenses. The Court may, however, award less than this amount in its discretion.

# THE COURT'S SETTLEMENT HEARING

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing at _____ on _____, 2018 before the Honorable Cathy Ann Bencivengo, United States District Judge, at the United States District Court for the Southern District of California, United States Courthouse – Courtroom 4C, 221 West Broadway, San Diego, CA 92101 (the "Final Settlement Approval Hearing"). At this hearing the Court will

consider whether the Settlement, the Plan of Allocation, Lead Counsel's Fee and Expense Application, and Plaintiff's application for an award are fair, reasonable, and adequate. If there are objections, the Court will hear them. Any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class may appear and be heard, to the extent allowed by the Court, to state any objections.

The Court may reschedule the Settlement Hearing at any time, so if you plan to attend or participate, you should check with the Clerk of the Court to know whether there have been any changes of the place, date and time for the hearing.

### 19. Do I have to come to the Settlement Hearing?

No. Lead Counsel will answer questions the Judge may have. But you are welcome to come at your own expense, and the Court will give you the opportunity to be heard. If you send a written objection, the Court will consider it. You don't have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary. Information about sending a written objection is provided below.

If you or your representative intend to appear in person at the Final Settlement Approval Hearing but have not submitted a written objection postmarked by _____, 2018 (as described in Section 20 below), it is recommended that you give advance notice to Lead Counsel and/or counsel for Defendants of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the addresses provided in Section 20 below.

### OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member and do not exclude yourself, you can object to the Settlement at the Final Settlement Approval Hearing if you do not like any part of it, including the terms and conditions of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, the attorneys' fees and expenses to be awarded to Lead Counsel, or the award to Plaintiff. Please note, however, that the Court can only approve or deny the Settlement; it cannot change the terms of the Settlement.

You can object in one of two ways: either (1) file a written objection with the Court, or (2) attend the Final Settlement Approval Hearing to object in person as described in Sections 18 and 19 below. You do not have to do both. If you do not either file a written objection on time, or attend the Final Settlement Approval Hearing to tell the Court about your objections, you **cannot** object to the Settlement later. Any objections you might have will be waived.

All written objections must be postmarked no later than _____, 2018, to the Court at the address listed below. The written objection is a statement saying that you object to the Settlement in *Schueneman v. Arena Pharmaceuticals, Inc., et al.*, 10-cv-1959-CAB (BLM). The objection should include: (a) the full name, address and

telephone number of the objecting Settlement Class Member, (b) the number of shares of Arena common stock the Settlement Class Member purchased from March 18, 2008 through January 27, 2011; (c) documentation evidencing your purchases of Arena common stock during this time period *such as* account statements, brokerage confirmations, or other similar documentation; (d) the reasons for the objection; (e) copies of any papers and briefs upon which your objections are based; and (f) your signature, even if represented by counsel. The objection should also advise the Court if the objecting Settlement Class Member intends to appear at the Settlement Hearing, and if the objecting Settlement Class Member intends to appear at the Settlement Hearing through an attorney, the objection should also state the identity of all attorneys who will appear at the Final Settlement Approval Hearing.

Please send your objections to the Settlement to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

You may also file your objection in person at the United States District Court for the Southern District of California at the address above.

You do not need to go to the Final Settlement Approval Hearing to have your written objection considered by the Court. However, if you intend to appear at the Final Settlement Approval Hearing through an attorney, you will be responsible for paying for your attorney's costs and expenses.

| 21. What's the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you don't like something about the Settlement, the Plan of Allocation, or the Fee and Expense Application, or award to Plaintiff. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

If the Court approves the Settlement despite your objections, you are still bound by the Settlement.

## IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
| --- |

If you do nothing, you will not receive any money from this Settlement, **but the judgment of the Court will still be binding upon you**. You **must file a Proof of Claim and Release** form to be eligible to receive anything from the Settlement. Also, unless you exclude yourself, you will be bound by the judgment and will have released the Released Claims against the Released Persons even if you do not file a Proof of Claim and Release. This means you

will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants relating to the Released Claims.

## OBTAINING MORE INFORMATION

### 23. Are there more details about the Settlement?

This Notice summarizes the most important aspects of the proposed Settlement, but it is not a complete description of the Settlement. You can get a copy of the Stipulation and Agreement of Settlement by writing to Lead Counsel at the addresses stated in item no. 7 above.

You can also call the Claims Administrator at **(877) 981-9683**, or contact it by mail or through its website at the address listed below in item no. 24 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

You can also review a copy of the entire Stipulation and Agreement of Settlement and other documents filed in the Action during normal business hours at the office of the Clerk of the Court, United States District Court, Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101 (refer to Case No. 10-cv-1959).

### PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE ABOUT THIS SETTLEMENT.

### SPECIAL NOTICE TO NOMINEES

### 24. Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees

Nominees who purchased the common stock of Arena for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim and Release by First-Class Mail to each such beneficial owner and, provide the Claim Administrator and Lead Counsel with written confirmation that the Notice and Proof of Claim and Release have been so forwarded. Upon submission of appropriate documentation to the Claims Administrator, reimbursement of your reasonable costs and expenses of complying with this provision will be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of the Court with respect to any dispute concerning such expenses. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

Schueneman v. Arena Pharmaceuticals, Inc.
c/o GCG
P.O. Box 10526
Dublin, OH 43017-0526

www.ArenaPharmaceuticalsClassActionSettlement.com

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

## 25. Understanding Your Payment - The Plan of Allocation

Please note that the approval of the Settlement is separate from and not conditioned on the Court's approval of the Plan of Allocation.

The Settlement Fund will be used to pay the Class Notice and Administration Expenses, the Taxes and Tax Expenses, the Fee and Expense Award to Lead Counsel (as approved by the Court), and any award to Plaintiff (as approved by the Court). The balance (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit valid and timely Proof of Claim and Release forms.

The following proposed Plan of Allocation reflects the contention of the Settlement Class that because of Defendants' alleged misstatements, the price of Arena common stock was inflated artificially during the Class Period, and that the stock price decreases on September 14, 15 and 17, 2010, and January 28, 2011 resulted from disclosures of facts revealing Defendants' alleged prior misstatements and omissions.

The Court has not made any finding that the Defendants are liable to the Settlement Class or that the Settlement Class has suffered any compensable damages, nor has the Court made any finding as to the measure of damages.

### PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Arena common stock purchased during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when Arena common stock was purchased during the Class Period, and in what amounts, and whether such shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Arena common stock was artificially inflated from March 17, 2008 through September 16, 2010, and from December 22, 2010 through January 27, 2011. The calculations made pursuant to the Plan of Allocation are generally based upon the measure of damages set forth in Section 10(b) of the Exchange and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

The estimated alleged artificial inflation in the price of Arena common stock is based on certain misrepresentations alleged by Plaintiff and the stock price

reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff, net of market and industry effects, as well as Company-specific disclosures unrelated to the alleged fraud.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous alleged misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Arena common stock purchased must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiff and Lead Counsel have determined that such price declines occurred on September 14, 15 and 17, 2010, and January 28, 2011 (the "Corrective Disclosures").

The "90-day look back" provision of the PSLRA is incorporated into the calculation of the Recognized Loss for Arena common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Arena common stock purchased from March 17, 2008 through September 16, 2010, and held as of the close of the 90-day period subsequent to September 17, 2010 Corrective Disclosure, or purchased from December 22, 2010 through January 27, 2011 and held as of the close of the 90-day period subsequent to January 28, 2011 Corrective Disclosure (the "90-Day Lookback Periods") cannot exceed the difference between the purchase price paid for such stock and the average price of Arena common stock during the applicable 90-Day Lookback Period. The Recognized Loss on Arena common stock purchased from March 17, 2008 through September 16, 2010 or from December 22, 2010 through January 27, 2011, and sold during the applicable 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Arena common stock during the portion of the applicable 90-Day Lookback Period elapsed as of the date of sale.

**Calculation of Recognized Loss Per Share of Arena Common Stock**

For each share of Arena common stock purchased during the Class Period, the Recognized Loss per share shall be calculated as described in what follows. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

1. **For shares of Arena common stock purchased from March 17, 2008 through September 16, 2010:**

A. For shares sold from March 17, 2008 through September 13, 2010, the Recognized Loss shall be zero.

B. For shares sold from September 14 through 16, 2010, the Recognized Loss shall be that number of shares multiplied by the lesser of:

   (1) the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

(2)    the Out of Pocket Loss.[2]

C.    For shares sold from September 17, 2010 through December 15, 2010[3], the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (1)    the applicable purchase date artificial inflation per share figure, as found in Table A;

    (2)    the purchase price of each such share (excluding all fees, taxes and commissions) less the average closing price from September 17, 2010 and the date of sale, as found in Table B; or

    (3)    the Out of Pocket Loss.

D.    For shares held at the end of trading on December 15, 2010, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (1)    the applicable purchase date artificial inflation per share figure, as found in Table A;

    (2)    the difference between the purchase/acquisition price of each such share excluding all fees, taxes and commissions) and $1.56[4]; or

    (3)    Out of Pocket Loss.

2.    **For shares of common stock purchased from September 17, 2010 through December 21, 2010.**

Purchasers of Arena common stock from September 17, 2010 through December 21, 2010 purchased Arena common stock during a period when

---

[2] "Out of Pocket Loss" means the purchase/acquisition price of each such share (excluding all fees, taxes and commissions) less the sale/disposition price of each such share (excluding all fees, taxes and commissions).

[3] Section 21(D)(e)(2) of the PSLRA provides that "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[4] Section 21(D)(e)(1) of the PSLRA provides that "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of Arena common stock during the 90-day period beginning on September 17, 2010 and ending on December 15, 2010 was $1.56 per share. The mean (average) closing price of Arena common stock during the 90-day period beginning on January 28, 2011 and ending on April 27, 2011 was $1.49 per share.

Arena common stock was not alleged to have been inflated as a result of any of Defendants' alleged misrepresentations. As a result, for shares purchased from September 17 through December 21, 2010, the Recognized Loss shall be zero.

3.   **For shares of common stock purchased from December 22, 2010 through January 27, 2011.**

A.   For shares sold from December 22, 2010 through January 27, 2011, the Recognized Loss shall be zero.

B.   For shares sold from January 28, 2011 through April 27, 2011[3], the Recognized Loss shall be that number of shares multiplied by the lesser of:

   (1)   $0.32 per share;
   (2)   the purchase/acquisition price of each such share (excluding all fees, taxes and commissions) less the average closing price from January 28, 2011 and the date of sale, as found in Table B; or
   (3)   the Out of Pocket Loss.

C.   For shares held as of the close of trading on April 27, 2011, the Recognized Loss shall be that number of shares multiplied by the lesser of:

   (1)   $0.32 per share;
   (2)   the difference between purchase/acquisition price of each such share (excluding all fees, taxes and commissions) and $1.49[4]; or
   (3)   the Out of Pocket Loss.

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 03/17/2008 - 09/13/2010 | $4.85 |
| 09/14/2010 | $2.15 |
| 09/15/2010 – 09/16/2010 | $1.74 |

**Table B**

| Date | Average Closing Price Between 9/17/2010 and Date | Date | Average Closing Price Between 9/17/2010 and Date | Date | Average Closing Price Between 01/28/2011 and Date | Date | Average Closing Price Between 01/28/2011 and Date |
|---|---|---|---|---|---|---|---|
| 09/17/2010 | $1.99 | 11/02/2010 | $1.66 | 01/28/2011 | $1.63 | 03/15/2011 | $1.61 |
| 09/20/2010 | $1.93 | 11/03/2010 | $1.65 | 01/31/2011 | $1.61 | 03/16/2011 | $1.60 |
| 09/21/2010 | $1.88 | 11/04/2010 | $1.65 | 02/01/2011 | $1.63 | 03/17/2011 | $1.60 |
| 09/22/2010 | $1.81 | 11/05/2010 | $1.65 | 02/02/2011 | $1.63 | 03/18/2011 | $1.59 |
| 09/23/2010 | $1.79 | 11/08/2010 | $1.64 | 02/03/2011 | $1.63 | 03/21/2011 | $1.59 |
| 09/24/2010 | $1.76 | 11/09/2010 | $1.64 | 02/04/2011 | $1.63 | 03/22/2011 | $1.59 |
| 09/27/2010 | $1.73 | 11/10/2010 | $1.63 | 02/07/2011 | $1.64 | 03/23/2011 | $1.58 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 09/28/2010 | $1.71 | 11/11/2010 | $1.63 | 02/08/2011 | $1.64 | 03/24/2011 | $1.58 |
| 09/29/2010 | $1.70 | 11/12/2010 | $1.63 | 02/09/2011 | $1.65 | 03/25/2011 | $1.57 |
| 09/30/2010 | $1.69 | 11/15/2010 | $1.62 | 02/10/2011 | $1.65 | 03/28/2011 | $1.57 |
| 10/01/2010 | $1.67 | 11/16/2010 | $1.62 | 02/11/2011 | $1.65 | 03/29/2011 | $1.57 |
| 10/04/2010 | $1.67 | 11/17/2010 | $1.61 | 02/14/2011 | $1.65 | 03/30/2011 | $1.57 |
| 10/05/2010 | $1.68 | 11/18/2010 | $1.60 | 02/15/2011 | $1.65 | 03/31/2011 | $1.56 |
| 10/06/2010 | $1.68 | 11/19/2010 | $1.60 | 02/16/2011 | $1.65 | 04/01/2011 | $1.56 |
| 10/07/2010 | $1.67 | 11/22/2010 | $1.59 | 02/17/2011 | $1.65 | 04/04/2011 | $1.55 |
| 10/08/2010 | $1.67 | 11/23/2010 | $1.59 | 02/18/2011 | $1.65 | 04/05/2011 | $1.55 |
| 10/11/2010 | $1.68 | 11/24/2010 | $1.58 | 02/22/2011 | $1.65 | 04/06/2011 | $1.54 |
| 10/12/2010 | $1.69 | 11/26/2010 | $1.58 | 02/23/2011 | $1.64 | 04/07/2011 | $1.54 |
| 10/13/2010 | $1.69 | 11/29/2010 | $1.58 | 02/24/2011 | $1.64 | 04/08/2011 | $1.54 |
| 10/14/2010 | $1.70 | 11/30/2010 | $1.57 | 02/25/2011 | $1.64 | 04/11/2011 | $1.53 |
| 10/15/2010 | $1.70 | 12/01/2010 | $1.57 | 02/28/2011 | $1.64 | 04/12/2011 | $1.53 |
| 10/18/2010 | $1.70 | 12/02/2010 | $1.57 | 03/01/2011 | $1.64 | 04/13/2011 | $1.52 |
| 10/19/2010 | $1.69 | 12/03/2010 | $1.56 | 03/02/2011 | $1.64 | 04/14/2011 | $1.52 |
| 10/20/2010 | $1.69 | 12/06/2010 | $1.56 | 03/03/2011 | $1.64 | 04/15/2011 | $1.52 |
| 10/21/2010 | $1.68 | 12/07/2010 | $1.56 | 03/04/2011 | $1.63 | 04/18/2011 | $1.51 |
| 10/22/2010 | $1.68 | 12/08/2010 | $1.56 | 03/07/2011 | $1.63 | 04/19/2011 | $1.51 |
| 10/25/2010 | $1.68 | 12/09/2010 | $1.56 | 03/08/2011 | $1.62 | 04/20/2011 | $1.50 |
| 10/26/2010 | $1.67 | 12/10/2010 | $1.56 | 03/09/2011 | $1.62 | 04/21/2011 | $1.50 |
| 10/27/2010 | $1.67 | 12/13/2010 | $1.56 | 03/10/2011 | $1.62 | 04/25/2011 | $1.49 |
| 10/28/2010 | $1.67 | 12/14/2010 | $1.56 | 03/11/2011 | $1.61 | 04/26/2011 | $1.49 |
| 10/29/2010 | $1.66 | 12/15/2010 | $1.56 | 03/14/2011 | $1.61 | 04/27/2011 | $1.49 |
| 11/01/2010 | $1.66 | | | | | | |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible common shares of Arena that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Arena common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Arena common stock was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero.

Notwithstanding any of the above, receipt of Arena common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Arena common stock.

For Class Members who made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Arena common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will

then be matched, in chronological order, against common stock purchased during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Arena common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Arena common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Arena common stock on the date of exercise of the option. Any Recognized Loss arising from purchases of Arena common stock acquired during the Class Period through the exercise of an option on Arena common stock[5] shall be computed as provided for other purchases of Arena common stock in the Plan of Allocation.

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their respective Recognized Claim. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Arena common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Arena common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Arena common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales

---

[5] Including (1) purchases of Arena common stock as the result of the exercise of a call option, and (2) purchases of Arena common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Arena common stock purchased during the Class Period.

Proceeds[7] and Holding Value.[8]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Arena common stock during the Class Period.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  No Person shall have any claim against Plaintiff, Plaintiffs' Counsel, any claims administrator, or other Person designated by Plaintiff's counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable time after the initial distribution, will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if

---

[7] The Claims Administrator shall match any sales of Arena common stock during the Settlement Class Period, first against the Claimant's opening position in Arena common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Arena common stock sold during the Class Period shall be the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a Holding Value of $1.56 per share for Arena common stock purchased between March 17, 2008 and September 16, 2010 and still held as of the close of trading on December 15, 2010, and shall ascribe a Holding Value of $1.49 per share for Arena common stock purchased between December 22, 2010 and January 27, 2011 and still held as of the close of trading on April 27, 2011.

economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be donated to the Legal Aid Society of San Diego, Inc.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2017     BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EXHIBIT A-2

<table>
<tr><td>Must be<br>Postmarked<br>No Later Than<br>_____2018</td></tr>
</table>



**Schueneman v. Arena Pharmaceuticals, Inc.**
c/o GCG
P.O. Box 10526
Dublin, OH 43017-0526

**Toll-Free: (877) 981-9683**
**Settlement Website: www.ArenaPharmaceuticalsClassActionSettlement.com**

Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE

IF YOU PURCHASED COMMON STOCK OF ARENA PHARMACEUTICALS, INC. ("ARENA") FROM MARCH 17, 2008 THROUGH JANUARY 27, 2011, INCLUSIVE, AND SUFFERED LOSSES AS A RESULT OF SUCH PURCHASE, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION IN THE SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN _____, 2018**, TO THE CLAIMS ADMINISTRATOR, AT THE ADDRESS SET FORTH ABOVE.

YOUR FAILURE TO TIMELY SUBMIT A COMPLETED PROOF OF CLAIM WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

IF YOU ARE NOT A SETTLEMENT CLASS MEMBER, OR IF YOU FILED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A PROOF OF CLAIM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER OR IF YOU SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION.

Submission of this Form does not guarantee that you will share in the proceeds of the Settlement. Distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

| TABLE OF CONTENTS | PAGE NO. |
|---|---|
| PART I - CLAIMANT INFORMATION | 3-4 |
| PART II - SCHEDULE OF TRANSACTIONS | 5 |
| PART III - SUBSTITUTE FORM W-9 | 6 |
| PART IV - CERTIFICATION AND RELEASE | 6-8 |

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

## CLAIMANT'S STATEMENT

1.  I (we) purchased or otherwise purchased shares of Arena common stock between March 17, 2008 and January 27, 2011, inclusive, and claim to have suffered losses as a result of such purchase.

2.  By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (Note:  If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim.  I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Arena common stock during the Class Period, and each sale, if any, of such securities.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Arena common stock listed below in support of my (our) claim. (Note: IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.  (Note: The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim.  In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information.

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Release of Claims," as defined in the Notice.

8.  NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at eClaim@choosegcg.com or visit their website at www.ArenaPharmaceuticalsClassActionSettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I - CLAIMANT INFORMATION

**Claimant Contact Information:**

Name:

Address:

City:                                                          State:      Zip Code:

Foreign Province:

Foreign Country:

Daytime Telephone Number:                    Evening Telephone Number:

Social Security Number (for individuals) OR Taxpayer Identification Number (for estates, trusts, corporations, etc.)

**Please complete the appropriate section carefully. Failure to complete it in its entirety will result in the forfeiture of your rights to receive the Securities if any are distributed. You may only complete one.**

**Section A.** Individual / Sole Proprietor. *Use of initials only (e.g. J.G. Doe) is not acceptable.*

☐ Individual.
☐ Sole Proprietor

Name:

**Section B.** Joint Ownership. *Please indicate the type of tenancy.*

☐ Joint Tenants - Jt Ten
    (includes right of survivorship – JTWROS)
☐ Tenants in Common - Ten Com
☐ Tenants by Entireties - Ten Ent

Name(s):

| PART I - CLAIMANT INFORMATION CONTINUED |
|---|

**Section C.** Retirement accounts. *Please indicate the type of retirement account.*

☐ IRA
☐ Roth IRA
☐ Keogh
   (Defined Benefit Plan or Defined Contribution Plan)
☐ Other (please describe)_____
   _____

**Custodian:**
[                                        ]

**Beneficiary:**
[                                        ]

**Date of Plan:**
[         /              /         ]

---

**Section D.** Private or public entity. *Please indicate the entity type and check one box below.*

☐ Corporation
☐ Partnership
☐ Limited Liability Company
☐ Non-Profit Organization
☐ Foundation

---

**Section E.** Custodianships.

☐ UCTA
☐ UGMA
☐ UTMA

**Custodian:**
[                                   ]

**State:**
[              ]

**Minor:**
[                                   ]

**Age:**
[              ]

---

**Section F.**  Under Trust agreements. *Please indicate the name of the trustee(s), the name of the Trust and the date of the Trust agreement in the space provide below)*

**Name of trustee(s):**
[                                                                      ]

**Name of Trust:**
[                                                                      ]

**Date of Trust Agreement:**
[         /              /         ]

---

**Section G.**  Estate. *Please indicate the fiduciary capacity and the name of the person or entity authorized to hold such capacity as follows. (e.g. Include the name of the deceased and the executor)*

☐ Executor (EX)
☐ Personal Representative (Per Rep)
☐ Administrator (Adm)
☐ Conservator (Cons)
☐ Other. Please explain _____

**Fiduciary Name(s):**
[                                        ]

**Estate of:**
[                                        ]

**Date of Agreement:**
[         /              /         ]

## PART II - SCHEDULE OF TRANSACTIONS IN ARENA COMMON STOCK

**A.** **BEGINNING HOLDINGS:**  State the total number of shares of Arena common stock owned at the opening of trading on March 17, 2008, long or short (*must be documented*). If none, write "zero" or "0".

Shares

**B.** **PURCHASES/ACQUISITIONS:**  Separately list each and every purchase of Arena common stock during the period from March 17, 2008 and April 27, 2011, inclusive, and provide the following information (*must be documented*):[1]

| Trade Date (List Chronologically) (Month/Day /Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Cost (excluding taxes, commissions and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.** **SALES:**  For shares purchased separately list each and every sale of Arena common stock during the period March 17, 2008 and April 27, 2011, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day /Year) | Number of Shares Sold | Sale Price Per Share | Amount Received (excluding taxes, commissions and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**D.** **ENDING HOLDINGS:**  State the total number of shares of Arena common stock owned at the close of trading on April 27, 2011, long or  short (*must be documented*).

Shares

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE, PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET AND CHECK THIS BOX:

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.

[1]**Please note:** Information requested with respect to your purchases/acquisitions of Arena common stock from after the close of trading on January 27, 2011 through and including the close of trading on April 27, 2011 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| PART III - SUBSTITUTE FORM W-9 |
|---|

**Request for Taxpayer Identification Number (Required for Receipt of Stock):**
Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

**Social Security Number (for individuals) OR Taxpayer Identification Number (for estates, trusts, corporations, etc.)**

| PART IV - CERTIFICATION AND RELEASE |
|---|

<u>Definitions</u>

All capitalized terms used but not defined herein shall have the same meanings as in the Notice and the Stipulation and Agreement of Settlement dated November 3, 2017 ("the Stipulation"), which is posted on the Claims Administrator's website at www.ArenaPharmaceuticalsClassActionSettlement.com. In addition, the following terms shall have the following meanings:

1. "Defendants" means Arena Pharmaceuticals, Inc., Jack Lief, Robert E. Hoffman, Dominic P. Behan, William R. Shanahan, Jr., and Christen Anderson.

2. "Released Persons" means each and all of the Defendants and each and all of their Related Persons.

3. "Related Persons" means each of the Released Persons' and their legal affiliates' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Released Person has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

4. "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including Unknown Claims as defined in ¶1.30 of the Stipulation, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that were asserted or could have been asserted by Lead Plaintiff or any Settlement Class Member against the Released Persons based on, arising from or relating to both: (i) the purchase, acquisition, holding, disposition, or sale of Arena common stock during the Class Period; and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that occurred during the Class Period and that were or could have been alleged by Lead Plaintiff in the Action against the Released Persons based upon the facts alleged in the Complaint. Released Claims does not include claims to enforce the Settlement.

5. "Unknown Claims" means collectively any Released Claims which Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

## PART IV- CERTIFICATION AND RELEASE CONTINUED

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542.  Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, each Settlement Class Member, and Lead Plaintiff expressly, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

### Submission to Jurisdiction of Court and Acknowledgements and Affirmations

I (we) submit this Proof of Claim and Release Form under the terms of the Stipulation of Settlement described in the Notice.  I (we) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (we) further acknowledge that I am (we are) bound and subject to the terms of any judgment that may be entered in the Action.  I (we) affirm that I (we) purchased Arena common stock between March 17, 2008 and January 27, 2011, inclusive, and claim to have suffered losses as a result of such purchase.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am a (we are) Settlement Class Member(s) as defined in the Notice or am (are) acting for such person; that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement described in the Notice; that I (we) have not filed a request for exclusion; and that I (we) have not submitted any other claim covering the same purchases of Arena common stock between March 17, 2008 and January 27, 2011, inclusive, and know of no other person having done so on my (our) behalf.  I (We) have set forth where requested herein all relevant information with respect to each purchase or acquisition of Arena common stock between March 17, 2008 and January 27, 2011, inclusive.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (we) understand that no discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and in particular that no discovery shall be permitted against any Defendants in connection with any Proof of Claim.

## PART IV- CERTIFICATION AND RELEASE CONTINUED

Release

I (We) hereby acknowledge, on behalf of myself (ourselves) and my (our) heirs, agents, executors, administrators, predecessors, successors, and assigns (or, if submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, on behalf of it, him, her or them and on behalf of its, his, her or their heirs, agents, executors, administrators, predecessors, successors, and assigns), full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Parties, and I (we) shall forever be enjoined from prosecuting any or all Released Claims against any Released Parties.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign, transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Arena common stock that occurred during the Class Period, as well as the number of shares of Arena held by me (us) at the beginning of trading on March 17, 2008 and at the close of trading on January 27, 2011.

I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

_____          _____
Signature                                                                    Date

_____          _____
Print Name                                                                   Email Address

_____          _____
Day Telephone                                                              Evening Telephone

On Behalf of:

_____
(Print name of corporation, partnership, estate, or other entity if you are submitting this form on behalf  of one of them.)

_____          _____
Signature                                                                    Date

_____          _____
Print Name                                                                   Email Address

_____          _____
Day Telephone                                                              Evening Telephone

On Behalf of:

_____
(Print name of corporation, partnership, estate, or other entity if you are submitting this form on behalf  of one of them.)

# EXHIBIT A-3

EXHIBIT A-3

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 TODD SCHUENEMAN, on behalf of himself and all others similarly situated, | Case No. 3:10-cv-01959-CAB (BLM) |
| 12 Plaintiff, | <u>CONSOLIDATED CLASS ACTION</u> |
| 13 | **SUMMARY NOTICE** |
| 14 v. | |
| 15 ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON, | |
| 16 | |
| 17 | |
| 18 Defendants. | |

19

20 TO:    ALL PERSONS WHO PURCHASED THE COMMON STOCK OF ARENA
21       PHARMACEUTICALS, INC. ("ARENA" OR THE "COMPANY") FROM
         MARCH 17, 2008 THROUGH JANUARY 27, 2011, INCLUSIVE, AND
22       WERE DAMAGED THEREBY,

23       YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States

24 District Court for the Southern District of California, that a hearing will be held on

25 _____, 2018, at _____.m., before the Honorable Cathy Ann Bencivengo,

26 United States District Judge, at the United States District Court for the Southern

27 District of California, Courtroom 4C, 221 West Broadway, San Diego, CA 92101,

28 for the purpose of determining: (1) whether the proposed settlement of the claims in

1  the Action for $24,000,000 ($12,025,000.00 in cash, plus interest, and $11,975,000

2  in Arena common stock ("Settlement Shares") (Arena has the option to pay all or

3  part of the Settlement Shares in cash at the time Arena is to issue the Settlement

4  Shares)), should be approved by the Court as fair, just, reasonable, and adequate;

5  (2) whether a Final Judgment and Order of Dismissal with Prejudice should be

6  entered by the Court dismissing the Action with prejudice; (3) whether the Plan of

7  Allocation is fair, reasonable, and adequate and should be approved; and (4) whether

8  the application of Lead Counsel for the payment of attorneys' fees and expenses,

9  and Lead Plaintiff's award in connection with the Action should be approved.

10      IF YOU PURCHASED ARENA COMMON STOCK BETWEEN

11  MARCH 17, 2008 AND JANUARY 27, 2011, INCLUSIVE, YOUR RIGHTS

12  MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.  If you

13  have not received a detailed Notice of Pendency and Proposed Settlement of Class

14  Action ("Notice") and a copy of the Proof of Claim and Release form, you may

15  obtain copies by writing to Schueneman v. Arena Pharmaceuticals, Inc., c/o GCG,

16  P.O. Box 10526, Dublin, OH 43017-0526, or at

17  www.ArenaPharmaceuticalsClassActionSettlement.com.  If you are a Settlement

18  Class Member, in order to share in the distribution of the Net Settlement Fund, you

19  must submit a Proof of Claim and Release by mail (*postmarked no later*

20  *than_____, 2018*) or submitted electronically *no later than_____, 2018*,

21  establishing that you are entitled to recovery.

22      If you are a Settlement Class Member and you desire to be excluded from the

23  Class, you must submit a request for exclusion such that it is *postmarked no later*

24  *than _____, 2018*, in the manner and form explained in the detailed Notice,

25  referred to above.  All Settlement Class Members who do not timely and validly

26  request exclusion from the Settlement Class in response to the Notice will be bound

27  by any judgment entered in the Action pursuant to the Stipulation.

28

1    If you are a Settlement Class Member, you have the right to object to the

2  Settlement, the Plan of Allocation, or the fee and expense applications, or otherwise

3  request to be heard.  To object, you may submit a written objection in accordance

4  with the procedures described in the more detailed Notice, referred to above, and/or

5  you may appear at the hearing described above.  Any written objection must be

6  delivered to the Clerk of the Court, United States District Court, Southern District

7  of California, 333 West Broadway, Suite 420, San Diego, CA 92101, such that it is

8  ***postmarked no later than _____, 2018***.  Note that the Court can only approve

9  or deny the settlement, not change the terms of the settlement.

10    **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**

11  **OFFICE REGARDING THIS NOTICE.**  If you have any questions about the

12  Settlement, you may contact Lead Counsel at the address listed below:

13    Jeffrey P. Campisi
      KAPLAN FOX & KILSHEIMER LLP
14    850 Third Avenue; 14th Floor
      New York, NY 10022
15    (212) 687-1980
      (800) 290-1952
16    jcampisi@kaplanfox.com
      www.kaplanfox.com
17
      Laurence D. King
18    KAPLAN FOX & KILSHEIMER LLP
      350 Sansome Street, Suite 400
19    San Francisco, CA 94104
      (415) 772-4700
20    lking@kaplanfox.com
      www.kaplanfox.com
21

22
   DATED: _____, 2017          BY ORDER OF THE COURT
23                                  UNITED STATES DISTRICT COURT
                                    SOUTHER DISTRICT OF CALIFORNIA
24

25

26

27

28