# EXHIBIT 1

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Robert N. Kaplan (admitted *pro hac vice*)
Jeffrey P. Campisi (admitted *pro hac vice*)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com

*Lead Counsel for Lead Plaintiff Carl Schwartz and the Proposed Settlement Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD SCHUENEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON,<br><br>Defendants. | Case No. 3:10-cv-01959-CAB (BLM)<br><br>**DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF SETTLEMENT** |

[*Additional Captions on Following Pages*]

| | |
|---|---|
| WILLIAM SUTLIFF and JEAN SUTLIFF, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF and WILLIAM SHANAHAN, JR.,<br><br>    Defendants. | Case No. 3:10-cv-01961-CAB (BLM) |
| WILLIAM PRATT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>    Defendants. | Case No. 3:10-cv-01977-CAB (BLM) |
| CRAIG RUBENSTEIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON,<br><br>    Defendants. | Case No. 3:10-cv-01984-CAB (BLM) |

[*Additional Captions on Following Page*]

| | | |
|---|---|---|
| 1<br>2 | RODNEY VELASQUEZ, on behalf of himself and all others similarly situated, | Case No. 3:10-cv-02026-CAB (BLM) |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5<br>6<br>7 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON, | |
| 8 | Defendants. | |
| 9<br>10 | THONG VU, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02086-CAB (BLM) |
| 11 | Plaintiff, | |
| 12 | v. | |
| 13<br>14<br>15 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, and CHRISTY ANDERSON, | |
| 16 | Defendants. | |
| 17<br>18 | ARIC D. JACOBSON, individually and on behalf of all others similarly situated, | Case No. 3:10-cv-02355-CAB (BLM) |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21<br>22<br>23 | ARENA PHARMACEUTICALS, INC., JACK LIEF, ROBERT E. HOFFMAN, DOMINIC P. BEHAN, WILLIAM R. SHANAHAN, JR. and CHRISTY ANDERSON, | |
| 24 | Defendants. | |

I, Layn R. Phillips, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I was selected by the parties to mediate the above-captioned action (the "Action") and did so as an independent mediator. The formal mediation process, followed by continued negotiations with my assistance, ultimately resulted in the Settlement now before the Court for final approval.

2. While the mediation process is confidential, the parties have authorized me to inform the Court of the procedural and substantive matters set forth herein in support of final approval of the Settlement.

3. My statements and those of the parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the parties' part to waive the agreement or the protections of Rule 408. I make this Declaration based on personal knowledge and am competent to so testify.

4. I am a former United States Attorney and former United States District Judge. I also sat by designation on the United States Court of Appeals for the Tenth Circuit in Denver, Colorado. I resigned from the federal bench in 1991. From 1991 until 2014, I was a partner in the Newport Beach office of Irell & Manella LLP, where my practice consisted of complex civil litigation, internal investigations and alternative dispute resolution. I am now the founder and lead mediator at Phillips ADR Enterprises, P.C., formed in November 2014.

5. For over 20 years, I have successfully mediated high-stakes civil disputes for Fortune 500 companies nationwide. I have also mediated hundreds of disputes referred by private parties and courts, and have been appointed a Special Master by various federal courts in complex civil proceedings. I have also served as a Fellow in the American College of Trial Lawyers. In addition, I have been nationally recognized as a mediator by the Center for Public Resources Institute for Dispute Resolution (CPR), serving on CPR's National Panel of Distinguished Neutrals.

6.     Prior to the initial mediation, the parties provided to me, and exchanged amongst themselves, briefs discussing certain aspects of the factual and procedural background of the Action, as well as certain of the key disputed factual and legal issues in the Action, along with substantial factual and expert support.

7.     It was apparent to me from the submissions and presentations made by the parties before and during the mediation process that counsel for all parties had performed a thorough examination of the facts underlying the Action and, with the aid of experts, analyzed it to determine appropriate case valuations. Counsel for all parties were well informed on the current law and provided legal research and analysis of the relevant law. It was also apparent to me that considerable work was done by counsel for all parties to prepare the case for mediation.

8.     On August 1, 2017, the parties participated in an all-day formal mediation session before me in Newport Beach, California. In attendance at the mediation were attorneys from Kaplan Fox & Kilsheimer LLP, counsel for the Lead Plaintiff, attorneys from Cooley LLP, counsel for Arena Pharmaceuticals, Inc. ("Arena") and the individual defendants, and Arena's general counsel. While the mediation was productive, and progress was made, a settlement was not reached at the conclusion of this session.

9.     Following the formal mediation session on August 1, 2017, the parties, with my assistance, continued to negotiate a resolution of the Action during August through October 2017.

10.    After presiding over the mediation process in this case, I am able to report that the parties' settlement is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith. There was no collusion between the parties.

11.    Throughout the mediation process, I developed a complete understanding of the full range of the dispute, the respective positions of the parties,

and the relative strengths and weaknesses of those positions, as well as the risks, rewards and costs of continued litigation and inevitable appeal.

12. Based on my knowledge of the issues in dispute, my review of the substantial factual and legal materials presented before and during the mediation, the rigor of the parties' negotiations, the relative strengths and weaknesses of the parties' positions, and the benefits achieved by the Settlement, I believe the $24,000,000 Settlement ($12,025,000 in cash and $11,975,000 in Arena common stock ("Settlement Shares"[1])) represents a well-reasoned and sound resolution of the highly uncertain litigation and that the result is fair, adequate, reasonable and in the best interests of the Settlement Class. Therefore, I respectfully endorse the final approval of the Settlement by the Court.

13. Furthermore, it is apparent from the submissions and presentations made by Lead Counsel before and during the mediation session, as well as from my numerous discussions with them, that Lead Counsel performed a thorough examination of the merits of the claims in the Action. It is also my opinion that Lead Counsel performed substantial work and efforts in preparing their case for mediation and in presenting their claims in such a way as to produce a valuable settlement for the Settlement Class. Based upon my experience as a former federal judge and as a mediator, it is my opinion that a request by, and award to, Lead Counsel for attorneys' fees in the amount of 30% of the settlement cash, and 30% of the settlement shares, plus reimbursement of actual litigation expenses, would be reasonable and appropriate given the complexity of this matter and the significant relief obtained by Lead Counsel. It is also my opinion that a fee award in that range is in line with amounts approved by other courts as being fair and reasonable in contingent fee class action litigation such as this. Therefore, I respectfully endorse Lead Counsel's fee request.

---

[1] Arena has the option to pay all or part of the Settlement Shares in cash at the time Arena is to issue the Settlement Shares.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of February, 2018, at Newport Beach, California.

/s/ LAYN R. PHILLIPS
Former United States District Court Judge