UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHUENEMAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARENA PHARMACEUTICALS, INC. et al., <br><br> Defendants. | Case No.: 3:10-CV-01959-CAB-(BLM) <br><br> **ORDER RE CLASS REPRESENTATIVE AWARD** |

On April 12, 2018, the Court entered an order of final approval of the class settlement and awards of attorney's fees, costs, and expenses in this lawsuit. [Doc. No. 162.] The order awarded attorney's fees totaling $3,600,000, which was half of the amount sought, and reduced lead plaintiff Carl Schwartz's request for $17,500 in costs and expenses to a $2,000 incentive award. Lead counsel Kaplan, Fox & Kilsheimer LLP and Schwartz appealed the attorney's fee award and class representative award, respectively, to the Ninth Circuit.

The Ninth Circuit affirmed the fee award, but it reversed on the incentive award, holding that the Private Securities Litigation Reform Act (PSLRA) does not allow for incentive awards for class representatives. [Doc. No. 176 at 5.] The PSLRA, however, provides that a class representative may recover "reasonable costs and expenses (including

1

lost wages) directly relating to the representation of the class," 15 U.S.C. § 78u-4(a)(4), and the Ninth Circuit stated that the Court "failed to consider Schwartz' request for lost wages." [Doc. No. 176 at 6.] Thus, the opinion instructed the Court to address Schwartz's request for $17,500 in lost wages to determine whether Schwartz has shown that the lost wages were "directly relat[ed] to the representation of the class." 15 U.S.C. § 78u-4(a)(4).

Following the Ninth Circuit's mandate, the Court has reviewed the record[1] and finds that Schwartz has not shown any lost wages related to his representation of the class. In his declaration supporting his request for reasonable costs and expenses, Schwartz stated that he "spent a total of at least 50 hours on the prosecution of this Action . . . over the course of seven years," and that this "was time that [he] otherwise would have spent on other work." [Doc. No. 160-6 at ¶ 15.] Schwartz goes on to assert that he is "co-managing partner of RRBB Accountants & Advisors and head of the firm's Tax Department," and that his "regular billing rate is $350 per hour." Thus, Schwartz arrives at his request for $17,500 simply by multiplying 50 hours by $350.

Schwartz's declaration does not describe any lost wages. Indeed, Schwartz is "not in fact requesting 'reasonable costs and expenses,' but asking to be paid for [his] estimated time spent on the litigation at unjustified hourly rates." *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *17 (C.D. Cal. June 10, 2005) (holding that "[t]o the extent Lead Plaintiffs request 'reasonable costs and expenses' under the PLSRA, no such award is shown to be appropriate."). Schwartz's generalized statement that he would have spent the time he spent on this case "on other work" fails to provide any basis for determining whether *Schwartz*, as opposed to his company, lost any wages or income as a result of the time spent on this case. *Cf. Swack v. Credit Suisse First Bos., LLC*, No. CIV

---

[1] On December 6, 2019, the Court held a hearing to spread the mandate. At that hearing, the Court noted that Schwartz had submitted a declaration in connection with Plaintiff's motion for final approval of the settlement [Doc. No. 160-6], and asked whether there was anything else Plaintiff would like the Court to consider in connection with its analysis Schwartz' claim for lost wages. Plaintiff's counsel said there was nothing else.

A 02-11943-DPW, 2006 WL 2987053, at *5 (D. Mass. Oct. 4, 2006) (declining to enter a class representative award, noting that "the representative plaintiff should document the value of any lost opportunities—such as lost employer-granted vacation time, lost sales commissions, or missed business opportunities—and costs paid in relation to the litigation"). That Schwartz's accounting firm bills clients at a rate of $350 per hour for Schwartz's time does not mean that Schwartz's income or wages equals $350 per hour. To that end, Schwartz does not declare that his income was actually reduced at all as result of his work on this case or that it would have been higher (and by how much) but for the time he spent on this case. In sum, Schwartz's declaration amounts to a request for compensation for the time he spent on this case, similar to how an expert would be compensated, and not evidence of actual income that Schwartz lost as a result of the time he worked on this case.

In light of the foregoing, the Court finds that Schwartz has not provided evidence of any "reasonable costs and expenses (including lost wages) directly relating to the representation of the class." 15 U.S.C. § 78u-4(a)(4). Accordingly, Schwartz is not entitled to any payment out of the settlement fund beyond his pro rata share of recovery. *See id.*; *see also* 15 U.S.C. § 78u-4(a)(2)(A)(vi).

Because this was the only issue remaining after remand from the Ninth Circuit, the Clerk of Court is instructed to close this case.

It is **SO ORDERED**.

Dated: December 9, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge